IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SUTRA, INC.

        Plaintiff,

v.

ICELAND EXPRESS EHF,

        Defendant.

CIVIL ACTION NO. _____

DEMAND FOR JURY TRIAL

**04 cv 11360 DPW**

## COMPLAINT

Plaintiff, Sutra, Inc. ("Sutra"), for its complaint, alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the laws of Massachusetts and involves damages in excess of $75,000. This Court has jurisdiction under 28 U.S.C. §1332.

2. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(a) and (d).

### THE PARTIES

3. Sutra is a Massachusetts corporation having a principal place of business at 93 High St., Newburyport, Massachusetts.

4. Defendant Iceland Express ehf ("Iceland Express") is a corporation of Iceland having a principal place of business at Sudurlandsbraut 24, IS-108 Reykjavík, Iceland.

5. Iceland Express is an airline based in Iceland. It organizes and operates flights between Iceland and other European countries and advertises throughout the world, including in the United States. Iceland Express entered into a contract with Sutra relating to a computerized reservation system located in Massachusetts.

## COUNT I – BREACH OF CONTRACT

6. Sutra repeats and realleges the allegations of paragraphs 1-5 as set forth above.

7. Sutra is the developer and owner of all rights in a computer software system, called the "Airkiosk System," for the automated processing and management of travel inventory, reservations, check-in, and revenue data. The Airkiosk System is used by airlines to control operations, including making reservations, checking-in passengers at airports, flight control, and revenue collection.

8. The Airkiosk System operates as an application service provider. The data and programs are located in one or more servers. The data and programs can be accessed over the Internet. The Airkiosk System has several different user interfaces. These user interfaces allow access to different parts of the system and data. For security purposes, some user interfaces require an ID and password for access. Furthermore, the Control Agent interface, which accesses the most confidential and sensitive data and parts of the system, must be accessed from specific IP addresses assigned to the Airline.

9. Sutra licenses or grants rights to use the Airkiosk System to airlines. The airlines may control the servers containing the programs and data, or may engage Sutra to host the servers. Sutra's servers are located in Newburyport, Massachusetts.

10. Due to the complexity of the Airkiosk System, licenses of and grants of use rights the Airkiosk System include training, maintenance and support by Sutra. Sutra performs these services in Massachusetts as well as at other locations. The Airkiosk System, including its interfaces, documentation, customer support information, and training information, are protected by limitations in the licenses or grants of use rights with respect to system use, trade secrets protection, and confidentiality.

11. In July 2002, Iceland Express contacted Sutra regarding the Airkiosk System. Public details of the system functionality and operation were provided to Iceland Express at that time. In November 2002, Iceland Express again contacted Sutra to request implementation of the Airkiosk System for Iceland Express by January 3, 2003. The parties executed an Application Service Provider Agreement with respect to the Airkiosk System on December 10, 2002. The Application Service Provider Agreement gave Iceland Express a right to use the Airkiosk System under certain express conditions. A copy of the agreement is attached as Exhibit A.

12. During implementation of the Airkiosk System, Iceland Express was disinterested in training. They sent two staff members to Massachusetts for three days of training on January 10, only after Sutra suggested that Iceland Express would not be able to use the system otherwise.

13. During operation of the Airkiosk System, Iceland Express had a large number of requests to customer support. Many requests related to the portions of the Control Agent interface involving data administration and management. A third party consultant also contacted Sutra seeking information about the structure of the Control Agent interface and the Airkiosk data. Iceland Express also sought accommodation of additional IP addresses for access to the Control Agent interface.

14. On June 26, 2003, Sutra detected activity by an external script, a software program designed to access and interact with core systems and data of the Airkiosk System, through the Reservation Control interface of Iceland Express. The external script accessed the Reservation Control interface using the ID and password assigned to an Iceland Express

employee. Upon information and belief, an external script was used on other occasions to access the Airkiosk System.

15.     The external script corrupted the reservation record data, inventory data, and passenger name lists. Sutra closed Iceland Express' access to the Reservation Control and Control Agent interfaces to prevent further corruption. Sutra employees required six days to repair the Iceland Express databases.

16.     On July 8, 2003, an Iceland Express director wrote to Sutra that Iceland Express planned to use an alternative system in the future. Iceland Express requested concurrent use of the Airkiosk System and alternative system in parallel for several months, while they experimented with the alternative system. Sutra denied the request.

17.     On July 10, 2003, Sutra sent a notice of breach of the Application Service Provider Agreement to Iceland Express. Sutra cooperated with Iceland Express to transfer their data and records to another system. Iceland Express' use of the Airkiosk System terminated on July 24, 2003.

18.     Upon information and belief, the alternative system referred to by the Iceland Express director and which Iceland Express currently uses is ticket.net.

19.     Upon information and belief, in the spring of 2003, ticket.net lacked much of the functionality of the Airkiosk System. In the spring of 2003, ticket.net did not have many of the features of the Reservation Control and Control Agent portions of the Airkiosk System.

20.     Upon information and belief, Iceland Express disclosed confidential, proprietary and trade secret information regarding the Airkiosk System, including information obtained by the external script and by calls to Sutra customer support, to the creators of ticket.net.

21. Pursuant to section 3.4(B) of the Application Service Provider Agreement, Iceland Express was responsible "to ensure that all [Iceland Express] staff and agent authorization and sign-in level security [was] sufficiently maintained." Iceland Express breached this term of the Application Service Provider Agreement in performing the acts set forth above.

22. Pursuant to section 3.4(E) of the Application Service Provider Agreement, Iceland Express guaranteed that the Airkiosk System would be operated only "by properly trained and qualified staff." Iceland Express breached this term of the Application Service Provider Agreement in performing the acts set forth above.

23. Pursuant to section 9.2 of the Application Service Provider Agreement, Iceland Express agreed "to protect and keep confidential the trade secrets of Sutra." Iceland Express breached this term of the Application Service Provider Agreement in performing the acts set forth above.

24. Pursuant to section 9.3 of the Application Service Provider Agreement, Iceland Express agreed not "to use, transmit, modify or reproduce for the benefit of third parties any information which is stored in the documentation, programs or databases of [the Airkiosk System]." Iceland Express further agreed to prevent its employees from doing the same. Iceland Express breached this term of the Application Service Provider Agreement in performing the acts set forth above.

25. As a result of the breaches of the Application Service Provider Agreement by Iceland Express, Sutra has sustained damages in an amount yet to be determined in excess of $75,000.

## COUNT II – MISSAPPROPRIATION OF TRADE SECRETS

26. Sutra repeats and realleges the allegations of paragraphs 1-25 as set forth above.

27. The use and disclosure by Iceland Express of the confidential, proprietary and trade secret information relating to the Airkiosk System is a violation of M.G.L. c. 93, §§ 43 and 43A, and common law.

28. As a result of the acts of Iceland Express, Sutra has sustained damages in an amount yet to be determined in excess of $75,000.

WHEREFORE, Sutra prays that this Court:

A. Preliminarily and permanently enjoin Iceland Express from using or disclosing the confidential, proprietary and trade secret information of Sutra, including using or disposing of the ticket.net system;

B. Award Sutra all damages caused by Iceland Express' breach of contract;

C. Award Sutra all damages caused by Iceland Express' misappropriation of trade secrets;

D. Award Sutra increased damages pursuant to M.G.L. c. 93, §42;

E. Award Sutra its costs of suit; and

F. Grant Sutra such other relief and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues triable of right by jury.

Respectfully submitted,

SUTRA, INC.

By its attorney,

*[signature]*

Brett N. Dorny, BBO#628,977
Law Office of Brett N. Dorny
321 Church Street
Northborough, Massachusetts 01532
508-904-3228
508-519-9185 Fax

Dated: June 15, 2004

7

%JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

SUTRA, INC

(b) County of Residence of First Listed Plaintiff  **Essex**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Brett N. Dorny
Law Office of Brett N. Dorny
321 Church Street
Northborough, MA  01532    508-904-3228

## DEFENDANTS

ICELAND EXPRESS EHF

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

04 11360 DPW

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLT | DEF |  | PLT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ ~~Medicare Act~~ | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Diversity - 28 U.S.C. sec. 1332.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ at least $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: June 15, 2004

SIGNATURE OF ATTORNEY OF RECORD: [signature] Brett N Dorny

FOR OFFICE USE ONLY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Sutra, Inc. v. Iceland Express, ehf__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐   I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    ☒   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ☐   IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    ☐   V.   150, 152, 153.

    **04cv11360DPW**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES ☐   NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☒   NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?

       Eastern Division ☒   Central Division ☐   Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐   NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __Brett N. Dorny   Law Office of Brett N. Dorny__

ADDRESS __321 Church Street, Northborough, MA  01532__

TELEPHONE NO. __508-904-3228__

(Coversheetlocal.wpd - 10/17/02)