UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11360-DPW

SUTRA, INC.,            )
                        )
    Plaintiff,          )
                        )
v.                      )
                        )
ICELAND EXPRESS, EHF,   )
                        )
    Defendant.          )
_____)

## ANSWER

For its first defense, the Defendant Iceland Express, EHF hereby responds to the allegations contained in the Complaint of Plaintiff Sutra, Inc. as follows:

### FIRST DEFENSE

The first paragraph contained in Plaintiff's Complaint is an introductory statement as to which no response is required.

### JURISDICTION AND VENUE

1. The allegations contained in paragraph regarding the laws under which this action arises and regarding the Court's jurisdiction constitute conclusions of law as to which no response is required. To the extent that these allegations constitute assertions of fact, Defendant denies them.

2. Defendant denies the allegations contained in paragraph 2 of the Complaint.

### THE PARTIES

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies them.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits that Defendant is located in Iceland and that Defendant is in the business of organizing and operating passenger flights between Iceland and Denmark, and between Iceland and England. Further answering, Defendant admits that Defendant and Plaintiff entered into an Airkiosk System Application Service Provider Agreement, which agreement speaks for itself. Except as hereinbefore expressly set forth, Defendant denies the remaining allegations set forth in paragraph 5 of Plaintiff's Complaint.

## COUNT I – BREACH OF CONTRACT

6. Defendant incorporates herein by reference its responses to paragraphs 1 through 5 of the Complaint as if fully set forth herein in their entirety.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint and, therefore, denies them.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint and, therefore, denies them.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint and, therefore, denies them.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and, therefore, denies them.

11. Defendant admits that the parties to this action executed an Airkiosk System Application Service Provider Agreement on or about December 10, 2002 and, further answering, states that the agreement speaks for itself. Further answering, the Defendant states that the document attached to the Complaint as Exhibit A appears to be a copy of the agreement. Except as hereinbefore expressly set forth, Defendant denies the remaining allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. In response to the allegations set forth in paragraph 13 of the Complaint, the Defendant states that it made requests to the Plaintiff. for customer service support regarding problems with the Airkiosk System and, in particular, the TSR reports. Except as hereinbefore expressly set forth, Defendant denies the remaining allegations set forth in paragraph 13 of Plaintiff's Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 14 of the Complaint and therefore denies them.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint.

16. Defendant admits the allegations set forth in paragraph 16 of the Complaint.

17. Defendant admits that on or about July 10, 2003, Sutra sent correspondence to Defendant alleging that Defendant was in breach of the parties' agreement and, further answering, Defendant states that such correspondence speaks for itself. Further, Defendant denies that it was in breach of the agreement. Further, Defendant admits that Sutra terminated Defendant's use of the Airkiosk System on or about July 24, 2003. Except as hereinbefore expressly set forth, Defendant denies the remaining allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. Defendant admits the allegations set forth in paragraph 18 of the Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint and, therefore, denies them.

20. Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21. In response to the allegations set forth in paragraph 21 of the Complaint, Defendant states that the provisions of the Agreement speak for themselves, and that the construction and application of the language of the Agreement to the facts of this case present questions of law for the Court. To the extent that any further response is required, Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22. In response to the allegations set forth in paragraph 22 of the Complaint, Defendant states that the provisions of the Agreement speak for themselves, and that the construction and application of the language of the Agreement to the facts of this case present questions of law for the Court. To the extent that any further response is required, Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23. In response to the allegations set forth in paragraph 23 of the Complaint, Defendant states that the provisions of the Agreement speak for themselves, and that the construction and application of the language of the Agreement to the facts of this case present questions of law for the Court. To the extent that any further response is required, Defendant denies the allegations set forth in paragraph 23 of the Complaint.

24. In response to the allegations set forth in paragraph 24 of the Complaint, Defendant states that the provisions of the Agreement speak for themselves, and that the construction and application of the language of the Agreement to the facts of this case present questions of law for the Court. To the extent that any further response is required, Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

WHEREFORE, the Defendant denies that the Plaintiff is entitled to any relief pursuant to Count I of the Complaint.

### COUNT II – MISAPPROPRIATION OF TRADE SECRETS

26. Defendant incorporates herein by reference its responses to paragraphs 1 through 25 of the Complaint as if fully set forth herein in their entirety.

27. Defendant denies the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Plaintiff's Complaint.

WHEREFORE, the Defendant denies that the Plaintiff is entitled to any relief pursuant to Count II of the Complaint.

## SECOND DEFENSE

For a second and separate defense, the Defendant states that the Complaint, and each Count thereof, fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

For a third and separate defense, the Defendant states that this Court lacks jurisdiction over the person of the Defendant.

## FOURTH DEFENSE

For a fourth and separate defense, the Defendant states that this Court lacks subject matter jurisdiction over this action.

## FIFTH DEFENSE

For a fifth and separate defense, the Defendant states that this action is barred by reason of improper venue.

## SIXTH DEFENSE

For a sixth and separate defense, the Defendant states that this action is barred by reason of accord and satisfaction.

## SEVENTH DEFENSE

For a seventh and separate defense, the Defendant states that this action is time-barred by the applicable statute or statutes of limitations.

## EIGHTH DEFENSE

For an eighth and separate defense, the Defendant states the amount in controversy does not exceed $75,000.

## NINTH DEFENSE

For a ninth and separate defense, the Defendant states that its performance under the parties' agreement was excused due to Plaintiff's prior material breaches thereof and/or breaches of warranty.

## TENTH DEFENSE

For a tenth and separate defense, the Defendant states that if the Plaintiff suffered any damages, which the Defendant expressly denies, such damages were caused by the Plaintiff's breaches of contract and/or warranty, and/or by the conduct of persons for whom the Plaintiff is legally responsible.

## ELEVENTH DEFENSE

For an eleventh and separate defense, the Defendant states that if the Plaintiff suffered any damages, which the Defendant expressly denies, such damages were caused by the negligence of the Plaintiff and/or by the negligence of persons for whose conduct the Defendant is not responsible.

## TWELFTH DEFENSE

For a twelfth and separate defense, the Defendant states that if the Plaintiff suffered any damages, which the Defendant expressly denies, such damages were not

proximately caused by any breach of contract, misappropriation of trade secrets, or otherwise actionable conduct on the part of the Defendant.

### THIRTEENTH DEFENSE

For a thirteenth and separate defense, the Defendant states that the Plaintiff has unclean hands.

### FOURTEENTH DEFENSE

For a fourteenth and separate defense, the Defendant states that the Plaintiff's claims are barred by the doctrine of waiver.

### FIFTEENTH DEFENSE

For a fifteenth and separate defense, the Defendant states that the Plaintiff is estopped from asserting the claims set forth in its Complaint.

### SIXTEENTH DEFENSE

For a sixteenth and separate defense, the Defendant states that the Plaintiff's claims are barred by the doctrine of laches.

### SEVENTEENTH DEFENSE

For a seventeenth and separate defense, the Defendant states that the Plaintiff's claims are barred by Statute of Frauds.

### EIGHTEENTH DEFENSE

For an eighteenth and separate defense, the Defendant states that the Plaintiff's claims are barred under the doctrine of novation.

## NINETEENTH DEFENSE

For a nineteenth and separate defense, the Defendant states that the Plaintiff's Complaint is wholly insubstantial, frivolous and not advanced in good faith under Mass. Gen L. ch. 231, § 6F.

## TWENTIETH DEFENSE

For a twentieth and separate defense, the Defendant states that this action is barred for failure of consideration.

WHEREFORE, the Defendant prays that this Honorable Court dismiss the Plaintiff's Complaint, denying the Plaintiff the relief sought, and grant the Defendant its reasonable attorney's fees and costs and such other and further relief as this Honorable Court may deem just and proper.

THE DEFENDANT HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

ICELAND EXPRESS, EHF
By its attorneys,

*/s/ Matthew P. Zayotti*
Richard B. Kirby, BBO #273600
Matthew P. Zayotti, BBO# 638265
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: February 3, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document(s) was served upon the attorney of record for each other party by ~~hand delivery~~ - US Mail on February 3, 2005.

*/s/ Matthew P. Zayotti*