# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO. 04-11360-DPW.

| | |
|---|---|
| SUTRA, INC. | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| ICELAND EXPRESS, EHF, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DECLARATION OF GUNNAR NIELSSON

I, Gunnar Karl Níelsson, upon oath, do hereby declare and state that the following facts are true and accurate to the best of my knowledge and belief:

1.    I am the Manager of Internet sales of Iceland express, the defendant in the above captioned matter.

2.    I have reviewed the records of Iceland Express regarding the present dispute with Sutra, Inc., and I have personal knowledge of the facts set forth in this affidavit.

3.    Iceland Express, ehf is a company incorporated in the Republic of Iceland with its only offices of operation in Iceland.

4.    The shareholders of Iceland Express ehf are all either of Icelandic nationality or companies of Luxembourg nationality controlled by Icelandic nationals.

5.    Iceland Express ehf is engaged in the aviation industry and operates three flight routes, all originating in Iceland, flying to Copenhagen Denmark, London England and Hahn Germany.  It has no operations outside of Europe.

6.      Iceland Express has never had any operations in Massachusetts.

7.      Iceland Express ehf has never advertised its operations or services in Massachusetts.

8.      Iceland Express ehf derives no revenue from activities in Massachusetts.

9.      Iceland Express ehf has no real property in Massachusetts, uses no real property in Massachusetts and no interest in using or possessing real property in Massachusetts.

10.     I am not familiar with how Iceland Express ehf and the Plaintiff made initial contact.

11.     The negotiations for the contract took place by written correspondence, e-mails, faxes etc. No meetings took place through the negotiation phase.  The Plaintiff sent a signed copy of the contract to Iceland Express ehf by mail and the parties subsequently started cooperation under the terms of the contract.

12.     Iceland Express ehf sent two employees to train at the Plaintiffs premises for 3-4 days.  To my knowledge, no other Iceland Express ehf employees traveled to Massachusetts for matters related to or arising from the contract with the Plaintiff.

13.     For functional and or technical support, Iceland Express sent questions regarding issues that did not require immediate attention to a specific e-mail address provided for that purpose. For more urgent problems, Iceland Express ehf was given a hotline telephone number.

14.     No representatives of the Plaintiff ever visited Iceland Express ehf in Iceland.

15.     Unfortunately, the Airkiosk System never functioned properly.  As a result, Iceland Express ehf was required to find an alternative to the Airkiosk System resulting in a substantial cost and revenue loss.

16.     Other employees or former employees of Iceland Express ehf that might have information about matters relating to the contract between the Plaintiff and Iceland Express ehf are:

Johannes Georgsson, former CEO of Iceland Express
Kirkjustett 15
IS-113 Reykjavik
Iceland
Tel. +354 5626756
Mobile+354 8933234; and

Sigurður I. Halldórsson, director of Iceland Express, former in-house counsel
Langagerdi 62
IS-108 Reykjavik
Iceland
Tel +354 553 7425
Mobile +354 8 400 311.

Signed this 12 day of May, 2005.

_____

I hereby certify that a true copy of the above document was served upon the attorney of record for each party on 5/13/05 by mail.

3