IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUTRA, INC.<br><br>             Plaintiff,<br>v.<br><br>ICELAND EXPRESS EHF,<br><br>             Defendant. | CIVIL ACTION NO. 04 CV 11360 DPW |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION OF DEFENDANT ICELAND EXPRESS**

Plaintiff, Sutra, Inc. ("Sutra"), hereby opposes the motion of Defendant, Iceland Express, ehf ("Iceland Express"), to dismiss the complaint for lack of personal jurisdiction. Through negotiation of the contract between the parties at issue in this case and the acts underlying the alleged breach of contract and misappropriation of trade secrets, Iceland Express has transacted business in Massachusetts and established the minimum contacts sufficient to subject it to the personal jurisdiction of the Court. In response to questioning by the Court at the scheduling conference on April 7, 2005, counsel for Iceland Express indicated that he was aware of *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138 (1st Cir. 1995), relating to personal jurisdiction with facts similar to those in the present case. Nevertheless, Iceland Express has failed to mention or address that significant case with respect to its motion. As set forth below, Sutra has met the *prima facie* standard for personal jurisdiction over Iceland Express, and defendant's motion should be denied.

## **BACKGROUND**

Sutra is an application service provider (ASP) software company incorporated and located in Massachusetts.  Declaration of Stephanie Niketic ("Niketic Decl. ¶2).  An ASP licenses the use of software and corresponding data hosted on server computers of the ASP to its customers.  Those customers access the software and data through the Internet.  Niketic Decl. ¶3.  Sutra's software, called Airkiosk, is used by airlines to control operations, including making reservations, checking-in passengers at airports, flight control, and revenue collection. Niketic Decl. ¶ 3.  Sutra's server computer for hosting the Airkiosk system are located in Massachusetts.  Niketic Decl. ¶4.

In early July 2002, representatives of Iceland Express contacted Sutra, by telephone, at its offices in Massachusetts regarding possible use of the Airkiosk system for flight operations of a new airline in Iceland.  Niketic Decl. ¶5.  Several telephone calls and emails were exchanged in July 2002 negotiating an agreement between the parties.  Niketic Decl. ¶5, Ex. A-H.  Following an hiatus in communications, representatives of Iceland Express again contacted Sutra by telephone in November 2002 to proceed with negotiation of a contract.  Niketic Decl. ¶6.  Again, the negotiations for a contract occurred through emails and telephone calls between Massachusetts and Iceland.  Declaration of Gunnar Nielsson ("Nielsson Decl.") ¶11; Niketic Decl. ¶6, Ex. I-M.  An ASP contract was executed by the parties on December 10, 2002.  Niketic Decl. ¶7; Complaint, Ex. A.  The ASP contract provides that it is governed by the laws of Massachusetts.  Complaint, Ex. A, Article 19.

Pursuant to the contract, Sutra loaded data for Iceland Express on its server computers in Massachusetts and Iceland Express began using the Airkiosk system for its flight operations. Initialization and commencement of the Airkiosk system for Iceland Express required numerous communications by telephone and email between the parties.  Niketic Decl. ¶8.  In Jaury 2003, Iceland Express sent two of its representatives to Massachusetts for four days of training on the Airkiosk

system.  Nielsson Decl. ¶12; Niketic Decl. ¶9, Ex. N-S.  Representatives continued to contact Sutra in Massachusetts, by email and/or telephone, regarding operation of the Airkiosk system.  Niketic Decl. ¶11.  In June, 2003, Iceland Express further executed an external script for automated accessing of portions of the Airkiosk system on the server computers in Massachusetts in order to improperly obtain Sutra's trade secret information.  Niketic Decl. ¶12.

## ARGUMENT

I.     Standards for Personal Jurisdiction.

Defendant's memorandum properly set forth the standards for determining whether personal jurisdiction exists, but fails to properly apply those standards.  "The plaintiff ultimately bears the burden of persuading the court that jurisdiction exists."  *Workgroup Technology Corp. v. MGM Grand Hotel, LLC*, 246 F.Supp.2d 102, 108 (D. Mass. 2003) (quoting *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998));  *Champion Exposition Services, Inc. v. Hi-Tech Electric, LLC*, 273 F.Supp.2d 172, 174 (D.Mass. 2003); *Foster-Miller*, 46 F.3d at 145.  However, the plaintiff need only meet a *prima facie* standard in which all facts alleged by plaintiff are taken as true and construed in the light most favorable to the claim for jurisdiction.  *Workgroup Technology*, 246 F.Supp.2d at 108;  *Merced v. JLG Industries, Inc.*, 170 F.Supp.2d 65, 69 (D.Mass. 2001) (quoting *Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 675 (1st Cir. 1992)).  In applying the *prima facie* standard, the court must determine whether plaintiff has met the "twofold burden of demonstrating that the Massachusetts Long Arm Statute, G.L. c. 223A, authorizes jurisdiction over [the defendant], and that such exercise comports with the constraints of imposed by the United States Constitution."  *Workgroup Technology*, 246 F.Supp.2d at 108 (quoting *Noonan v. Winston Co.*, 902 F.Supp. 298, 302 (D. Mass. 1995), *aff'd* 135 F.3d 85 (1st Cir. 1998));  *United Electric, Radio and Machine Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1086 (1st Cir. 1992).  In this case, the burden is met.

II.  Iceland Express Has Transacted Business In Massachusetts
     As Required By The Long Arm Statute.

The Massachusetts Long Arm Statute is satisfied if the plaintiff shows that (1) the defendant transacted business in Massachusetts and (2) plaintiff's claim arose from the transaction of business by the defendant. *Tatro v. Manor Care, Inc.* 416 Mass. 763, 767, 625 N.E.2d 549, 551 (1994). The "transacting business" requirement is construed broadly. *Bond Leather Co. Inc. v. Q.T. Shoe Mfg. Co.*, 764 F.2d 928, 931 (1st Cir. 1985); *United Elec. Workers*, 960 F.2d at 1087; *Boudreau v. Scitex Corp.*, 1992 WL 159667 *2 ("section 3(a) is broadly interpreted and easily satisfied."). Defendant need not be physically present in the state to transact business and "even just a few acts on a defendant's part can often suffice to satisfy the long-arm statute's threshold." *Woodgroup Technology*, 246 F.Supp.2d at 110; *Bond Leather*, 764 F.2d at 931; *Energy Capital and Services LP, II v. Hill Refrigeration, Inc.*, 989 F.Supp. 353, 355 (D. Mass. 1997). A defendant need only reach into Massachusetts once or twice by way of telephone, facsimile, or email to satisfy the transacting of business requirement. *Woodgroup Technology*, 246 F.Supp.2d at 111.

In the present case, although Iceland Express is located in Iceland, its relationship with Sutra constitutes transacting business in Massachusetts. Iceland Express made initial contact with Sutra in Massachusetts, by telephone, seeking use of the Airkiosk system. The parties negotiated the contract at issue in this case by email and telephone. Two representatives of Iceland Express visited Massachusetts for training on the Airkiosk system pursuant to the contract. The contract is governed by Massachusetts law. Iceland Express further communicated and interacted with Sutra in Massachusetts during performance of the contract. Iceland Express also accessed the software and data from the server computers in Massachusetts, including the alleged improper access using the external script.

These activities are similar to those found to constitute "transacting business" under the

Massachusetts Long Arm Statute in other cases. In *Foster-Miller*, referenced by the Court, attendance at a meeting in Massachusetts and faxing of an executed agreement to Massachusetts were found sufficient for transacting business. 46, F.3d at 145; *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 975 F.Supp. 30, 37-38 (D.Mass. 1997). In *Boudreau v. Scitex Corp.*, negotiation of a contract by electronic mail, fax and telephone calls was found to constitute transacting business. 1992 WL 159667 at 2. In *Workgroup Technology*, defendant transacted business in Massachusetts by sending telephone calls, emails and faxes to plaintiff in Massachusetts for purposes of negotiating terms of a contract after initial contact by plaintiff, even though defendant never visited Massachusetts and contract was to be performed outside of Massachusetts. 246 F.Supp.2d at 110. In *Champion Exposition* Services, a single visit to Massachusetts, sending of a term sheet and a Letter Agreement, and Massachusetts choice of law were found to be sufficient for transacting busines.273 F.Supp.2d at 176.

  Furthermore, the claims in this matter arise from Iceland Express' transaction of business in Massachusetts. Sutra asserts breach of the contract negotiated through communications to Massachusetts. *Boudreau*, 1992 WL 159667 at 2 ("'arising from' requirement met if (1) the cause of action is for breach of contract and (2) the business transacted in the Commonwealth was instrumental in the formation of the contract."); *Hahn v. Vermont School of Law*, 698 F.2d 48, 51 (1st Cir. 1983). Sutra also has alleged misappropriation of trade secrets. Those trade secrets were obtained through visits to and communications with Sutra in Massachusetts. They were also obtained by improperly accessing the software and data in Massachusetts using the external script.

  Therefore, the activities of Iceland Express satisfy the long arm statute. It transacted business in Massachusetts in connection with the formation of the contract at issue and the claims arise from that transaction.

II. Iceland Express Meets The Minimum Contacts Standard For Due Process.

Once the state long arm statute is determined to have been satisfied, the court must determine whether the assertion of personal jurisdiction comports with the mandates of the Due Process clause of the Fourteenth Amendment. For this analysis, defendant must have purposely established minimum contacts within the forum state and the exercise of jurisdiction must be reasonable and comport with traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Inquiries into exercise of personal jurisdiction "are sensitive to the facts in each case." *Good Hope Indus., Inc. v. Ryder Scott Co.*, 378 Mass. 1, 6 (1979). While the mere existence of a contractual relationship is not sufficient for due process, "prior negotiations and contemplated future consequences, along with the parties actual course of dealing" are to be considered. *Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 290 (1st Cir. 1999) (quoting *Burger King*, 471 U.S. at 479); *Champion Exposition Services*, 273 F.Supp.2d at 177.

The First Circuit follows a triparte analysis for determining whether the exercise of personal jurisdiction comports with due process. First, the claim underlying the litigation must directly arise from the defendant's forum related activities. Second, defendant's forum related contacts must represent a purposeful availment of the privilege of conducting activities in the forum state. Third, the exercise of jurisdiction must be reasonable in light of certain Gestalt factors. *Pritzker v. Yari*, 42 F.3d 53, 60 (1st Cir. 1994), *cert. denied*, 514 U.S. 1108 (1995). Iceland Express meets all parts of the analysis.

Sutra has raised a breach of contract claim. Negotiation of the terms of a contract thorough telephone calls and electronic mail, as was done by Iceland Express, provide the relatedness for a breach of contract claim. *Workgroup Technology*, 246 F.Supp.2d at 113. Furthermore, the direction of telephone calls and emails to the forum state are sufficient for the purposeful availment requirement. *Id*. at 114; *Foster-Miller*, 46 F.3d at 145 (single visit and faxing an agreement to the forum state

6

sufficient to meet minimum contacts requirement). The contract also specifically states that it is to be governed by Massachusetts law. *Ganis Corp. of California v. Jackson*, 635 F.Supp. 311, 315 (D.Mass. 1986) (choice of law provision is evidence of purposeful availment).

Finally, application of the Gestalt factors supports the exercise of personal jurisdiction. The factors are:

> (1) the defendant's burden on appearing; (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interest of all sovereigns in promoting substantive social policies.

*Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 717 (1st Cir. 1996); *United Electical Workers*, 960 F.2d at 1088. With respect to the first factor, a defendant must show a special or unusual burden from being subject to jurisdiction in the forum. *Champion Exposition Services*, 273 F.Supp.2d at 178 (citing *Nowak*, 94 F.3d at 718). Iceland Express has not shown any burden other than the standard burden of any non-resident defendant. With respect to the second factor, "Massachusetts has a significant interest in ensuring the contracts entered into by Massachusetts residents are given full effect." *Id.*, *Workgroup Technology*, 246 F.Supp.2d at 115 (Massachusetts has an interest in adjudicating violations of its laws). With respect to the third factor, plainitff's choice of forum is to be accorded deference. *Id.* (citing *Sawtelle v. Farrell,* 70 F.3d 1381, 1395 (1st Cir. 1995)). Finally, with respect to the last two factors, there are no other interest nor social policies which favor another jurisdiction.

Therefore, Iceland Express has sufficient minimum contacts to support the Constitutional exercise of jurisdiction in this case. The cases cited by Iceland Express are not analogous to the present facts. They do not involve a defendant who transacted business in Massachusetts through telephone calls and emails to the Commonwealth in negotiation of the contract which is the subject of the claim.

## CONCLUSION

8

Iceland Express purposely directed its activities to Sutra in Massachusetts. It initiated contact with Sutra and directed communications into Massachusetts in negotiating the contract at issue in this case. These activities meet the requirements of the Massachusetts Long Arm Statute and comport with minimum contacts under the due process clause of the Constitution. Accoringly, Iceland Express' motion to dismiss for lack of personal jurisdiction should be denied.

Respectfully submitted,

Dated: May 27, 2005

Brett N. Dorny, BBO #628977
Law Office of Brett N. Dorny
321 Church Street
Northborough, Massachusetts 01532
508-904-3228

Attorney for Plaintiff

Certificate of Service

I hereby certify that true and correct copies of the foregoing Plaintiff's Memorandu in Opposition to The Motion to Dismiss For Lack of Personal Jurisdiction of Defendant Iceland Express were service upon counsel for defendant by first class mail, postage prepaid, on May 27, 2005.

Dated: May 27, 2005

Brett N. Dorny