UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUTRA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ICELAND EXPRESS, EHF, )<br>)<br>Defendant. **)**<br>**)** | CIVIL ACTION NO. 04-11360-DPW |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
TO COMPEL INITIAL DISCLOSURES, ANSWERS TO INTERROGATORIES
AND PRODUCTION OF DOCUMENTS AND MOTION FOR SANCTIONS

Plaintiff, Sutra, Inc. ("Sutra") submits this memorandum in support of its motion to compel Defendant, Iceland Express, ehf ("Iceland Express") to comply with its discovery obligations. Sutra has further submitted that accompanying Declaration of Brett N. Dorny in support of its motion. Iceland Express has failed to comply with discovery. It has not provided initial disclosures required by Rule 26(1)(a). It has not responded to Interrogatories nor Requests for Production of Documents. Therefore, Sutra's motion should be granted and Iceland Express should be compelled to comply with its discovery obligations, provide the initial disclosures, answer the Interrogatories, and produce the requested documents.

I.      ICELAND EXPRESS MUST PROVIDE ITS INITIAL DISCLOSURES

Rule 26(a)(1), Fed. R. Civ. P., provides that a party must disclose, without a discovery request, (1) the name, address, and telephone number of persons likely to have discoverable information which may be used to support its claims or defenses, (2) copies of, or a description by category, of documents that may be used to support its claims or defenses, and (3) a copy of

1

any insurance agreement which may cover any liability. Pursuant to the Rule, these disclosures are to be made within fourteen days of the conference required by Rule 26(f). The parties conducted the 26(f) conference on March 17, 2005. At that conference, the parties agreed to a proposed discovery schedule to be submitted to the court. As agreed by the parties, the Rule 26(a)(1) disclosures were to be provided by April 21, 2005. Despite periodic requests from Counsel for Plaintiff, Iceland Express has not provided any of the disclosures required by Rule 26(a)(1). Accordingly, Iceland Express should be compelled to comply with the rules governing this case and to make the necessary disclosures.

II.     ICELAND EXPRESS MUST ANSWER THE OUTSTANDING INTERROGATORIES.

Sutra served a First Set of Interrogatories on February 2, 2006. Pursuant to Rule 33(b)(3), Fed. R. Civ. P., Iceland Express was to serve answers, under oath, and objections within thirty days of service. Thus, Iceland Express' answers were due on March 7, 2006. On March 7, 2006, Matthew Zayotti, counsel for Iceland Express, contacted counsel for Sutra and requested an additional three weeks to respond to the Interrogatories. Mr. Zayotti indicated that the additional time was necessary because he was going on vacation the following day for approximately twelve days. Counsel for Sutra indicated that he would not agree to the extension since Iceland Express had yet to provide its initial disclosures despite repeated requests, the answers were already due that day, another attorney had also entered an appearance for Iceland Express, and the remaining time for discovery was short. Iceland Express did not request an extension from the Court and did not provide answers to the Interrogatories.

Pursuant to Rule 37, Fed. R. Civ. P., Iceland Express should be compelled to answer the Interrogatories. Furthermore, Iceland Express has waived all objections to the Interrogatories by

failing to serve objections within the require time period. Local Rule 33.1(c); *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988) (objections are waived in not timely made).

III.     ICELAND EXPRESS MUST PRODUCE RESPONSIVE DOCUMENTS.

Similarly, Sutra served a First Set of Requests for Production of Documents on February 2, 2006. A response was due on March 7, 2006. To date, Iceland Express has not produced the requested documents nor served any response. Accordingly, Iceland Express should be compelled to produce the requested documents and all objections are deemed waived. Local Rule 34.1(c); *Krewson*, at 7.

IV.     ICELAND EXPRESS SHOULD PAY SUTRA'S EXPENSES IN BRINGING THIS MOTION.

Rule 37(4)(a), Fed. R. Civ. P., provides that a party who fails to properly respond to discovery shall be ordered to pay the costs incurred in connection with a motion. Iceland Express' failure to provide its disclosures and to respond to discovery necessitated the present motion to compel. Accordingly, Iceland Express should be required to pay Sutra's costs of this motion, including attorneys fees.

V.     LOCAL RULE 37.1(b) CERTIFICATION

Counsel for Sutra sent a letter to Richard Kirby, counsel for Iceland Express on March 14, 2006 requesting a discovery conference. Mr. Kirby was out of the office until March 20. However, he has failed to contact Sutra's counsel. Calls to Matthew Zayotti, also counsel for Iceland Express, have gone unanswered and unreturned. Therefore, Iceland Express has failed to respond to a request for conference within the seven days set forth in Local Rule 37.1.

CONCLUSION

For the foregoing reasons, Sutra's Motion to Compel should be granted.

Respectfully submitted,

/s/  Brett N. Dorny_____
Brett N. Dorny,  BBO# 628977
Law Office of Brett N. Dorny
386 West Main Street, Suite 12A
Northborough, Massachusetts  01532
Tel.  508-709-0501
Fax.  508-519-9185
bndorny@dornylaw.com

Attorney for Plaintiff

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 23, 2006.

/s/  Brett N. Dorny_____
Brett N. Dorny