UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUTRA, INC., )<br>)<br>Plaintiff, )<br>) CIVIL ACTION NO. 04-11360-DPW<br>v. )<br>)<br>ICELAND EXPRESS, EHF, )<br>)<br>Defendant. **)** | |

DECLARATION OF BRETT N. DORNY IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL DISCOVERY

I, Brett N. Dorny, hereby declare as follows:

1. I am an attorney for Plaintiff, Sutra, Inc. ("Sutra") in this case. I submit this declaration is support of Plaintiff's Motion To Compel Initial Disclosures, Answers To Interrogatories And Production Of Documents And Motion For Sanctions. All statements are made of my own knowledge.

2. A scheduling conference was held on April 7, 2005 before the Honorable Judge Douglas P. Woodlock.

3. Prior to the scheduling conference, Counsel for the parties conferred regarding discovery as required by Rule 26.1(f), F. R. Civ. P.. Following the conference between counsel, they submitted a Joint Statement pursuant to Local Rule 16.1. As part of the proposed discovery plan submitted in the Joint Statement, the parties agreed that the Initial Disclosures required by Rule 26.1(a), F. R. Civ. P. would be completed on or before April 21, 2005. The scheduling

1

order issued by the Court, however, did not include a date for the parties to provide the initial disclosures.

4. I submitted Sutra's initial disclosures to counsel for Iceland Express on April 21, 2005, per the agreed schedule. I did not receive initial disclosures from Iceland Express.

5. On November 1, 2005, following denial of Iceland Express' Motion to Dismiss and subsequent Motions to Appeal that denial, I contacted Matthew Zayotti, counsel for Iceland Express, by letter and telephone, regarding the outstanding initial disclosures for Iceland Express. He indicated that he knew they were past due, but that he was unable to provide the required information at that time.

6. In the months which followed, I contacted Mr. Zayotti on several occasions regarding the outstanding initial disclosures. To date, I have not received the initial disclosures from Iceland Express.

7. On February 2, 2006, I served Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production of Documents on counsel for Iceland Express. Responses were due on March 7, 2006.

8. On the afternoon of March 7, 2006, I received a telephone call from Mr. Zayotti. He stated that he had some responsive materials from his client but would be unable to review them and provide responses before leaving on vacation the following afternoon. He requested an extension until the end of March to provide responses.

9. I told Mr. Zayotti that: fact discovery is set to close on April 28, 2006 and Sutra could not afford to wait another three weeks to receive any discovery from Iceland Express; that he was not the only attorney who had entered an appearance for Iceland Express; that Iceland Express had been given plenty of time to provide discovery responses; that the discovery

responses were due that day, before he would be leaving on vacation; and Sutra would not agree to an delay in discovery responses from Iceland Express.

10. To date, I have not received any discovery responses from Iceland Express.

11. On March 14, 2006, I sent a letter to Richard B. Kirby, counsel for Iceland Express requesting a discovery conference as required by Local Rule 37.1. I was informed by Mr. Kirby's secretary that he was out of the office until March 20, 2006 and would return contact me then. I have not heard from Mr. Kirby regarding the requested discovery conference.

12. On March 20, 2006, I tried calling Mr. Zayotti, who had returned from his vacation. He was unavailable. I left a voicemail message regarding the need for the discovery conference, but have not heard back from Mr. Zayotti.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on:  March 23, 2006        /s/ Brett N. Dorny
                                    Brett N. Dorny