UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUTRA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 04-11360-DPW |
| v. ) | |
| ) | |
| ICELAND EXPRESS, EHF, ) | |
| ) | |
| Defendant. ) | |

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
TO COMPEL INITIAL DISCLOSURES, ANSWERS TO INTERROGATORIES
AND PRODUCTION OF DOCUMENTS AND MOTION FOR SANCTIONS

Plaintiff, Sutra, Inc. ("Sutra") submits this reply memorandum in support of its motion to compel Defendant, Iceland Express, ehf ("Iceland Express") to comply with its discovery obligations. After Sutra filed its Motion to Compel, Iceland Express produced initial disclosures and responded to discovery. In opposing Plaintiff's Motion to Compel, Iceland Express merely suggested that the Motion was moot, since it had responded. However, its responses are not complete. Thus, the motion is not moot.

I.   THE INITIAL DISCLOSURES ARE INSUFFICIENT.

On March 23, 2006, after filing of Plaintiff's Motion to Compel, Iceland Express served the Initial Disclosures required by Rule 26(a)(1), Fed. R. Civ. P. A copy of the Initial Disclosures is attached as Exhibit A. However, Iceland Express has failed to comply with the rule. Specifically, Rule 26(a)(1)(A) provides that a party is to disclose "the name and, if known, the address and telephone number of each individual …" In its disclosure, Iceland Express provided a list of names of current or former employees of Iceland Express. It failed to provide

1

any address or telephone numbers for any of these persons. Furthermore, it failed to distinguish between current employees, who presumably could be contacted through Iceland Express and/or its attorneys, and former employees. Furthermore, in its Opposition to the Motion to Compel, Iceland Express states that it had difficulty responding because "most, if not all, of the individuals with knowledge of the facts and circumstances that give rise to this litigation are no longer employed by Iceland Express." Defendant's Opposition to Plaintiff's Motion to Compel, 2. Mere names of former employees having knowledge of the relevant facts are not sufficient disclosure. Sutra's Motion to Compel is not moot, and Iceland Express should be ordered to provide complete Initial Disclosures as required by Rule 26(a)(1).

II.     ICELAND EXPRESS HAS IMPROPERLY OBJECTED TO DISCOVERY.

Iceland Express further asserts that the Sutra's Motion to Compel should be denied as moot because it responded to the Interrogatories and Document Requests on April 7, 2006 and would produce additional documents during the week of April 10, 2006. However, as noted in the Memorandum in Support of the Motion to Compel, Local Rules 33.1(c) and 34.1(c) provide that all objections to interrogatories and document requests which are not made within the time limits provided for in the Federal Rules of Civil Procedure are deemed waived. *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988) (objections are waived in not timely made). In it responses, Iceland Express failed to answer interrogatories and withheld documents based upon untimely objections. Copies of the discovery responses are attached as Exhibits B and C. Accordingly, Iceland Express has not fully complied with its obligations and the Motion to Compel is not moot. Iceland Express should be ordered to fully respond to the interrogatories and to produce all requested documents.

III.    SUTRA'S REQUEST FOR SANCTIONS IS NOT MOOT.

Iceland Express suggests that Sutra's request for sanctions should be denied since Iceland Express did not act in bad faith or intentionally delay its responses. However, these are not the standards for determining when sanctions are appropriate. Rule 37(4)(A) provides that

> if the disclosure or requested discovery is provided after the motion was filed, the court shall … require the party … whose conduct necessitated the motion … to pay to the moving party the reasonable expenses incurred in making the motion, including attorneys fees, unless … the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified.

Sutra made a good faith effort to obtain the disclosures and discovery. Iceland Express, on the other hand, unreasonably failed to respond. Accordingly, Sutra should be awarded its costs in making the motion.

## CONCLUSION

For the foregoing reasons, Sutra's Motion to Compel should be granted.

Respectfully submitted,

s/ Brett N. Dorny
Brett N. Dorny, BBO# 628977
Law Office of Brett N. Dorny
386 West Main Street, Suite 12A
Northborough, Massachusetts 01532
Tel. 508-709-0501
Fax. 508-519-9185
bndorny@dornylaw.com

Attorney for Plaintiff

Dated: April 18, 2006

3

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 18, 2006.

s/ Brett N. Dorny
Brett N. Dorny