**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11360-DPW

SUTRA, INC.,

      Plaintiff,     )
                  )
v.                  )
                  )
ICELAND EXPRESS, EHF, )
                  )
      Defendant.    )

## DEFENDANT ICELAND EXPRESS, EHF'S
## INITIAL DISCLOSURE STATEMENT

Pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A), the Defendant

Iceland Express, ehf hereby makes its initial disclosures as follows:

**A.**    **Individuals Likely To Have Discoverable Information**

The Defendant states that the below-listed individuals are current or former

employees of Iceland Express, ehf that are likely to have discoverable information that

the Defendant may use to support its claims or defenses:

1.    Gunnar Karl Nielsson
2.    Bryndis Jonsdottir
3.    Einar S. Valdimarsson
4.    Johannes Georgson
5.    Nadine Thorlacius
6.    Adalsteinn J. Magnusson
7.    Sigurdur I. Halldorsson
8.    Johannes Georgsson
9.    Nadine G. Thorlacius
10.    Gadmundur P. Gadmundsson

The following individuals are current or former employees of Plaintiff Sutra, Inc. that are likely to have discoverable information that the Defendant may use to support its claims or defenses:

    11.    Stephanie Niketic
    12.    Novak Niketic
    13.    Pedja Kos
    14.    Ray Pete
    15.    Jeremy Mason

The foregoing individuals are believed to have knowledge regarding the Airkiosk System Application Service Provider Agreement between Sutra, Inc. and Iceland Express, ehf, negotiations relating to the contract, performance of the parties under the contract, the failure of the Airkiosk System to function properly, Plaintiff sutra's failure to remedy the problems Iceland Express experienced with the Airkiosk System and the termination of the contract.

**B.**    **Documents**

The following is a description by category of documents, data compilations, and tangible things that are in the possession, custody or control of Defendant Iceland Express, ehf that Defendant may use to support its claims or defenses:

1.    The Airkiosk System Application Service Provider Agreement between Sutra, Inc. and Iceland Express, ehf
2.    Correspondence between the parties regarding the Airkiosk System Application Service Provider Agreement between Sutra, Inc. and Iceland Express, ehf, the failure of the Airkiosk System to function properly, and the termination of the contract.

The Defendant reserves the right to supplement this disclosure as new or additional documents or information become available

**C.**    **Insurance**

The Defendant is unaware of any applicable insurance coverage.

2

DEFENDANT ICELAND EXPRESS, EHF

By its attorneys

Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts  02110-3113
(617) 951-1400

Dated:  March 23, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document(s)
was served upon the attorney of record for each other party by hand-
delivery - US Mail on and fax
March 23, 2006

3

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  04-11360-DPW

_____

SUTRA, INC.,

     Plaintiff,

v.

ICELAND EXPRESS EHF,

_____Defendant._____)

### DEFENDANT ICELAND EXPRESS EHF'S ANSWERS TO PLAINTIFF SUTRA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, the Defendant, Iceland Express, ehf, hereby

responds to the Plaintiff's First Request for Production of Documents.

### GENERAL OBJECTIONS

The Defendant objects generally to the requests for production in each and

every instance in which they request information protected by the attorney-client privilege,

work product doctrine or which is otherwise protected from discovery.

2     The Defendant objects generally to the requests for production in each and

every instance in which they are beyond the permissible scope of discovery as provided by

Rule 26(b) of the Federal Rules of Civil Procedure or are an annoyance, embarrassing,

oppressive, or unduly burdensome or expense.

3.     Where a response to any request for production may be derived or

ascertained only from a detailed examination, audit or inspection of such records, including

a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the

responsiveness of each document or thing is substantially the same for all parties, the

Defendant reserves the right to produce generally the documents and to afford the

requesting party reasonable opportunity to examine, audit or inspect such records, and to make copies, compilations, abstracts or summaries thereof at the requester's expense.

4.      Defendant objects generally to each request to the extent and degree to which it calls for the production of documents or things not within the custody or control of the Defendant.

5.      Defendant objects generally to each request that identifies a document by use of the terms "relating to" or "referring to" on the grounds that such terms fail to describe the document or thing sought to be produced with reasonable particularity required as by Rule 34(b).

6.      Defendant objects generally to each request which fails to specify a relevant time period to which it pertains on the grounds that such request is overbroad, unduly burdensome and insufficient to satisfy the requirements that the documents be specified with reasonable particularity in conformity with Rule 34(b). Defendant further objects to any request to the extent that it calls for the production of documents which post date the filing of the Complaint in this action or which were prepared in contemplation of or in response to the instant litigation, or otherwise constitutes or represents the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of the Defendant concerning the litigation.

7.      Defendant objects generally to making production by copying documents and transmitting them to counsel for the requesting party on the grounds that the Defendant is not required to do so under Rule 34 of the Federal Rules of Civil Procedure.

8.      The Defendant generally objects to the "Definitions and Instructions" to the extent the requesting party seeks information beyond the scope of discovery under Rules 26 and 34 of the Federal Rules of Civil Procedure. Such "Definitions and Instructions" are

2

overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

## SPECIFIC RESPONSES AND OBJECTIONS

The foregoing General Objections are hereby made a part of and incorporated by this reference in each and every specific response hereinafter made to the respective numbered paragraphs of Plaintiffs' First Set of Requests for Production of Documents. Subject to such General Objections, the Defendant responds to the respective numbered paragraphs of the Plaintiffs' request for documents as follows:

### Request No. 1

All documents required to be produced or identified by Rule 26(a)(l), Fed. R. Civ. P.

### Response No. 1

In response to this request, the Defendant hereby produces documents labeled KW00001 through KW00191   In further response to this request, the Defendant states that it is in the process of assembling additional documents responsive to this request that are expected to be produced early next week

### Request No. 2

All communications between Iceland Express and Sutra.

### Response No. 2

See Response No. 1 above

### Request No. 3

All communications between Iceland Express and any third party referring or relating to the AirKiosk system.

### Response No. 3

3

The Defendant objects to this request to the extent that it seeks information protected by the attorney-client privilege and or attorney-work product doctrine. Without waiving and subject to the foregoing objection, see Response No. 1 above.

### Request No. 4

All communications between Iceland Express and any third party referring or relating to any airline reservation software program.

### Response No. 4

The Defendant objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this request to the extent that it seeks information protected by the attorney-client privilege and or attorney-work product doctrine. Without waiving and subject to the foregoing objection, see Response No. 1 above.

### Request No. 5

All communications between Iceland Express and Tommy Wiberg or any entity employing, owned by, or operated by Tommy Wiberg.

### Response No. 5

The Defendant objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this request to the extent, if any, that it seeks confidential employment and or personnel records relating to Tommy Wiberg. Without waiving and subject to the foregoing objection, see Response No. 1 above.

4

## Request No. 6

All communications referring to relating to the creation, development, functionality and/or operation of ticket net.

## Response No. 6

Iceland Express does not have any documents in its possession, custody or control

responsive to this request.

## Request No. 7

All communications referring to relating to the creation, development, functionality and/or operation of GoodJet.

## Response No. 7

Iceland Express does not have any documents in its possession, custody or control

responsive to this request.

## Request No. 8

All contracts and agreements referring or relating to each airline reservation software program identified in response to Interrogatory No.2.

## Response No. 8

The Defendant is in the process of assembling documents responsive to this request

that are expected to be produced early next week.

## Request No. 9

A copy of the source code for each version of each airline reservation software program identified in response to Interrogatory No.2.

## Response No. 9

Iceland Express does not have any documents in its possession, custody or control

responsive to this request.

## Request No. 10

A copy of the each script or program created by or on behalf of Iceland Express which was utilized to access any portion of the AirKiosk system, including but not limited to the script executed on or about June 26, 2003.

Response No. 10

Iceland Express does not have any documents in its possession, custody or control responsive to this request

Request No. 11

All documents referring or relating to any claim or dispute between Iceland Express and any other entity relating to an airline reservation software program, including, but not limited to all pleadings and documents produced in any court or administrative proceeding.

Response No. 11

Iceland Express objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this interrogatory to the extent that it calls for confidential and/or proprietary business and/or financial information. The Defendant further objects to this interrogatory on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

Request No. 12

Documents sufficient to identify all amounts paid by Iceland Express for any airline reservation software program.

Response No. 12

Iceland Express objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to the foregoing objections, the Defendant states that it has no documents in its possession, custody or control responsive to this request.

6

Request No. 13

All financial statements of Iceland Express.

Response No. 13

Iceland Express objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this request on the grounds that it calls for confidential and/or proprietary business and/or financial information. The Defendant further objects to this request on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

Request No. 14

Documents sufficient to identify the revenues, expenses, profits (gross and net) of Iceland Express, by year.

Response No. 14

Iceland Express objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this request on the grounds that it calls for confidential and/or proprietary business and/or financial information. The Defendant further objects to this request on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

Request No. 15

Documents sufficient to identify the numbers of passenger reservations booked and the numbers of passengers boarded by Iceland Express, by month.

Response No. 15

Iceland Express objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence  The Defendant further objects to this request on the grounds that it calls for confidential and/or proprietary business and/or financial information  The Defendant further objects to this request on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

Request No. 16

All documents referring or related to the AirKiosk system

Response No. 16

See Response No. 1 above.

Request No. 17

All documents referring or relating to the creation, development, implementation, operation, functionality and performance of each airline reservation software program identified in response to Interrogatory No.2.

Response No. 17

Iceland Express objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence  The Defendant further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and or attorney work-product doctrine  Without waiving and subject to the foregoing objections, the Defendant states that it has no documents in its possession, custody or control responsive to this request

8

Request No. 18

All documents referring or relating to the AirKiosk system.

Response No. 18

See Response No. 1 above.

Request No. 19

All manuals and other documentation referring or relating to each airline reservation software program identified in response to Interrogatory No.2.

Response No. 19

Iceland Express objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to the foregoing objections, the Defendant states that it has no documents in its possession, custody or control responsive to this request.

Request No. 20

All written policies and procedures of Iceland Express for preserving confidential information and trade secrets.

Response No. 20

Iceland Express does not have any documents in its possession, custody or control responsive to this request.

Request No. 21

All documents reviewed, relied upon and/or consulted in responding to any of Plaintiffs First Set of Interrogatories.

Response No. 21

See Response No.

DEFENDANT ICELAND EXPRESS EHF.

By its attorneys,

Richard B. Kirby, BBO #273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, MA 02110-3113
(617) 951-1400

Dated: April 2, 2006

---

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document(s)
was served upon the attorney of record for each other party by hand-
delivery - US Mail on _april 2, 2006_ .

_____ .

---

10

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11360-DPW

|  |  |
|---|---|
| SUTRA, INC. | ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ICELAND EXPRESS, EHF, | ) |
| Defendant. | ) ) |

### DEFENDANT ICELAND EXPRESS, EHF'S RESPONSES
### TO PLAINTIFF SUTRA, INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Iceland Express, ehf hereby responds to Plaintiff's First Set of Interrogatories as follows.

### GENERAL OBJECTIONS

1.      Defendant objects generally to the interrogatories to the extent that they seek information described as "relating to" or "referring to" on the grounds that such interrogatories do not describe with particularity the information sought.

2.      Defendant objects generally to the interrogatories insofar as they purport to seek information or documents protected by the attorney-client privilege, the work-product or trial preparation doctrines, or any other applicable privilege or protective doctrine.

3.      Defendant objects generally to the interrogatories to the extent they request information or documents already in the possession, control and/or custody of Plaintiff.

4.      Defendant objects generally to the interrogatories to the extent that they are overly broad, unduly vague, burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

5.    Defendant objects generally to the interrogatories to the extent that they seek information that is not relevant to the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence.

6.    Where a response to any interrogatory may be derived or ascertained from the business records of the Defendant, or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for all parties, the Defendant reserves the right to produce generally the documents and to afford the requesting party reasonable opportunity to examine, audit or inspect such records, and to make copies, compilations, abstracts or summaries thereof at the requester's expense.

## RESPONSES AND SPECIFIC OBJECTIONS

The foregoing general objections are hereby made a part of and incorporated by this reference in each and every specific response hereinafter made to the respective numbered paragraphs of the Plaintiff's' First Set of Interrogatories. Subject to such general objections, the Defendant responds to the respective numbered paragraphs of the Plaintiff's First Set of Interrogatories as follows:

Interrogatory No. 1

Identify all individuals likely to have discoverable information as required by Rule 26(a)(l)(A).

Response No. 1

See Defendant Iceland Express, ehf's Initial Disclosure Statement.

Interrogatory No. 2

Identify each and every airline reservation software program used or tested by Iceland Express, including all versions, and the corresponding dates when such use or testing commenced and ended.

Response No. 2

2

Iceland Express has only used two systems: Airkiosk and ticket.net.

Interrogatory No. 3

Separately for each airline reservation software program identified in response to Interrogatory No. 2, identify the entity from whom it was obtained.

Response No. 3

Ticket.net was obtained from Tommy Wiberg. Airkiosk was obtained from Sutra,

Inc.

Interrogatory No. 4

Identify all contracts and agreements referring to relating to each airline reservation software program identified in response to Interrogatory No. 2.

Response No. 4

Airkiosk System Application Service Provider Agreement between Sutra, Inc. and

Iceland Express ehf.

Interrogatory No. 5

Identify all communications between Iceland Express and any other entity referring or relating to any reservation software program including but not limited to the date of the communication, the participants in the communication, the reservation software program involved, and the nature of the communication.

Response No. 5

The Defendant has made reasonable inquiry and the information known or readily

obtainable by the Defendant is insufficient to enable the Defendant to respond to this

interrogatory. Further responding, the Defendant states that the individuals with

knowledge or information responsive to this interrogatory are no longer employed by the

Defendant. The Defendant reserves the right to supplement this response if information

responsive to this interrogatory becomes available. Further, to the extent that a response to

this interrogatory may be derived or ascertained from the business records of the

Defendant, or from an examination, audit or inspection of such business records, including

3

a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the

answer is substantially the same for all parties, the Defendant reserves the right to produce

generally the documents and to afford the Plaintiff reasonable opportunity to examine.

audit or inspect such records, and to make copies, compilations, abstracts or summaries

thereof

## Interrogatory No. 6

Identify, separately for each airline reservation software program identified in
response to Interrogatory No.2, all persons involved in the evaluation and/or selection of
such Airline reservation software program for use or testing.

## Response No. 6

Sigurður Ingi Halldórsson

Aðalsteinn Magnússon

Jóhannes Georgsson

Einar Valdimarsson

## Interrogatory No. 7

Identify, separately for each airline reservation software program identified in
response to Interrogatory No.2, all persons involved in the creation or development of such
airline reservation software program.

## Response No

See response to interrogatory number 2

## Interrogatory No. 8

Identify all consultants and independent contractors engaged by Iceland Express
with respect to any airline reservation software program, including but not limited to the
identity of the consultants or independent contractors, the dates of engagement, and the
services rendered.

## Response No. 8

The Defendant has made reasonable inquiry and the information known or readily

obtainable by the Defendant is insufficient to enable the Defendant to respond to this

4

interrogatory. Further responding, the Defendant states that the individuals with

knowledge or information responsive to this interrogatory are no longer employed by the

Defendant. The Defendant reserves the right to supplement this response if information

responsive to this interrogatory becomes available.

<u>Interrogatory No. 9</u>

For each software program created by or on behalf of Iceland Express which was used to access any information from the AirKiosk system, identify the nature of the software program. The persons who created it, the purpose for which it was created, and the dates it was used.

<u>Response No. 9</u>

Gunnar K. Níelsson

Tommy Wiberg

<u>Interrogatory No. 10</u>

Identify all persons employed or engaged by Iceland Express who were authorized to access the AirKiosk system including the dates of such authorization and the position of such person.

<u>Response No. 10</u>

The Defendant has made reasonable inquiry and the information known or readily

obtainable by the Defendant is insufficient to enable the Defendant to respond to this

interrogatory. Further responding, the Defendant states that the individuals with

knowledge or information responsive to this interrogatory are no longer employed by the

Defendant. The Defendant reserves the right to supplement this response if information

responsive to this interrogatory becomes available.

<u>Interrogatory No. 11</u>

Identify the policies and procedures of Iceland Express for protecting confidential information and trade secrets, including but not limited to all steps taken with respect to the AirKiosk system.

<u>Response No. 11</u>

5

The Defendant has made reasonable inquiry and the information known or readily obtainable by the Defendant is insufficient to enable the Defendant to respond to this interrogatory  Further responding, the Defendant states that the individuals with knowledge or information responsive to this interrogatory are no longer employed by the Defendant.  The Defendant reserves the right to supplement this response if information responsive to this interrogatory becomes available.

Interrogatory No. 12

Identify all revenues, expenses and profits of Iceland Express by year.

Response No. 12

Iceland Express objects to this interrogatory on the grounds that it is overly broad, unduly vague and burdensome.  The Defendant further objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.
Defendant further objects to this interrogatory on the grounds that it calls for confidential and/or proprietary business and/or financial information  The Defendant further objects to this interrogatory on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

Interrogatory No. 13

Identify all amounts paid by Iceland Express by month in connection with each airline reservation software program identified in response to Interrogatory No.2.

Response No. 13

Iceland Express objects to this interrogatory on the grounds that it is overly broad, unduly vague and burdensome.  The Defendant further objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

6

Defendant further objects to this interrogatory on the grounds that it calls for confidential and/or proprietary business and/or financial information. The Defendant further objects to this interrogatory on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

### Interrogatory No. 14

Identify by month, the number of passenger reservations booked and passengers boarded by Iceland Express.

### Response No. 14

Iceland Express objects to this interrogatory on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this interrogatory on the grounds that it calls for confidential and/or proprietary business and/or financial information. The Defendant further objects to this interrogatory on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

### Interrogatory No. 15

Identify all accusations, claims, suits, and causes of action made against Iceland Express with respect to any airline reservation software system, including but not limited to the dates thereof, entities involved court or administrative body involved (if any), and current status.

### Response No. 15

Iceland Express objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this interrogatory on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested. Without waiving and subject to the

7

foregoing objections, the Defendant states that it was involved in a dispute arising from its prospect use of an airline reservation system designed by Quest. When Iceland Express decided not to use Quest's program, the parties entered into a settlement pursuant to which Iceland Express paid Quest 25,000 Euros.

## Interrogatory No. 16

Identify all persons who provided information or were consulted in connection with responding to these Interrogatories or providing documents in response to Plaintiff's First Set of Requests for Production of Documents.

## Response No. 16

Birgir Jonsson

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ___7.04___ DAY OF APRIL, 2006.

As to objections,

Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: April 7, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document(s) was served upon the attorney of record for each other party by hand-delivery - US Mail on _April 7, 2006_.

8