UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SUTRA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ICELAND EXPRESS, EHF, )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. 04-11360-DPW |

## JOINT MOTION TO AMEND SCHEDULING ORDER

The parties jointly move to amend the scheduling order to extend the time for discovery. A scheduling order was issued by the court in this case on April 15, 2005. On January 19, 2006, the parties jointly moved to amend the scheduling order in order to extend discovery for an additional six months. On January 30, 2006, the court amended the scheduling order but limited the extension to three months.

Pursuant to the current scheduling order, discovery is to close on April 28, 2006. The parties have been working to complete discovery, however, discovery in this case has been delayed, in part, due to language and other issues relating to a foreign defendant. As a result, various discovery remains outstanding.

First, the Plaintiff filed a motion to compel Defendant's Initial Disclosures, Answers to Interrogatories and Production of Documents on March 23, 2006. That motion is still pending and was recently referred to the Magistrate Judge for decision. Although the Defendant has served its initial disclosures, responses to interrogatories, responses to document requests and has produced more than 1,100 pages of documents, the Plaintiff maintains in its proposed Reply to

1

Defendant's Opposition to Plaintiff's Motion to Compel that Defendant's initial disclosures are incomplete because the Defendant did not include the addresses and telephone numbers of the individuals identified as having discoverable information, and that the Defendant's responses to interrogatories and document requests is incomplete because Defendant waived all objections to discovery by having failed to timely respond.  Although the Defendant has agreed to provide the relevant addresses and telephone numbers to the extent that Defendant is able to do so, the Defendant contends that its objections, where asserted, are appropriate.  The Defendant intends to timely file a Surreply in which it will address this issue.

Additionally, the Plaintiff noticed the depositions of Defendant and three employees of defendant for April 11-14, 2006 to be taken in Northborough, Massachusetts.  Counsel for the Defendant responded that under the general rule governing depositions of corporate defendants, the appropriate location for the depositions of Defendant was at its corporate headquarters in Iceland.  Further, Defendant's counsel advised Plaintiff's counsel that at least one of the individual deponents and both Icelandic counsel would be traveling abroad on Holiday during the week before Easter and, therefore, could not be available for depositions on the dates scheduled.  Finally, counsel for the Defendant advised Plaintiff's counsel that he was unsure whether the other two individual deponents were still employed by Defendant.  Plaintiff's counsel proposed to reimburse Defendant's travel expenses if it chose to come to the United States for depositions, otherwise, Plaintiff's counsel would be willing to travel to Iceland.  In the latter event, however, Plaintiff's counsel indicated that he would need to make arrangements for an Icelandic stenographer, and he queried whether an interpreter would be necessary.  The parties are still in the process of working through these issues.

Finally, in the meantime the Defendant has served interrogatories and document requests on the Plaintiff, responses to which are due on May 24, 2006, and has noticed the depositions of Plaintiff pursuant to Rule 30(b)(6) and Stephanie Niketic, a director and employee of Sutra on April 28, 2006.  The Defendant would prefer to have the benefit of Plaintiff's written responses to discovery and document before deposing Plaintiff.

The parties assert that the outstanding discovery, including the depositions, is necessary for completion of expert reports.

In view of the outstanding discovery to be completed, the parties respectfully request that the scheduling order be further amended as follows:

1. All discovery shall be completed by June 30, 2006;

2. Expert designations and reports due by July 28, 2006 for plaintiffs and August 25, 2006 for defendant, and expert depositions completed by September 29, 2006; and

3 Dispositive Motions due by October 27, 2006, with responses due by November 27, 2006.


Respectfully submitted.

PLAINTIFF SUTRA, INC.

By its attorney,


s/  Brett N. Dorny_____
Brett N. Dorny, BBO #628977
Law Office of Brett N. Dorny
386 West Main Street, Suite 12A
Northborough, Massachusetts 01532
(508) 709-0501

                    DEFENDANT ICELAND EXPRESS, EHF

                    By its attorneys,

                    s/ Matthew P. Zayotti_____
                    Richard B. Kirby, BBO #273600
                    Matthew P. Zayotti, BBO# 638265
                    Keegan, Werlin & Pabian, LLP
                    265 Franklin Street
                    Boston, Massachusetts 02110-3113
                    (617) 951-1400

Dated: April 25, 2006

4