UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11360-DPW

| | |
|---|---|
| SUTRA, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| ICELAND EXPRESS, EHF, | ) ) |
| Defendant. | ) ) |

**DEFENDANT ICELAND EXPRESS, EHF'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL INITIAL DISCLOSURES, ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS AND MOTION FOR SANCTIONS**

The Defendant Iceland Express, ehf hereby opposes Sutra, Inc.'s Motion to File Reply to Defendant's Opposition to Plaintiff's Motion to Compel Initial Disclosures, Answers to Interrogatories and Production of Documents and Motion for Sanctions. In support of this opposition, the Defendant states as follows:

1.  The Defendant opposed the Plaintiff's Motion to Compel Defendant's Initial Disclosures as moot on the grounds that the Defendant served its Initial Disclosure Statement on March 23, 2006, responses to interrogatories, responses to document requests and nearly two hundred pages of responsive documents on April 7, 2006. Opposition to Plaintiff's Motion to Compel, at 1.

2.  The Defendant opposed the Plaintiff's Motion for Sanctions on the grounds that the Defendant had neither acted in bad faith nor intentionally delayed responding to Plaintiff's discovery requests. On the contrary, the Defendant has been hampered in its ability to respond to Plaintiff's discovery requests by reason of the

language barrier and, perhaps more significantly, by virtue of the fact that most, if not all, of the individuals with knowledge of the facts and circumstances that give rise to this litigation are no longer employed by Iceland Express. Id. at 2.

3. The Plaintiff has sought leave to file a reply, arguing that the Defendant's initial disclosures were insufficient because the Defendant had provided a list of current and or former employees of Iceland Express but did not include any addresses or telephone numbers for these individuals, and because many of the most knowledgeable individuals regarding the facts of this case are no longer employed by Iceland Express. Plaintiff's Proposed Reply, at 1-2. In that regard, Plaintiff's argument is moot because the Defendant has agreed to provide such information to the extent that Defendant is in possession, custody and control of responsive information and, therefore, able to do so. See Joint Motion to Amend Scheduling Order, at 2.

4. In its proposed Reply, the Plaintiff does not argue that any of the objections asserted by Defendant in response to Plaintiff's interrogatories and document requests were *substantively* improper. On the contrary, the Plaintiff argues merely that the Defendant has waived any and all such objections by failing to timely respond to Plaintiff's discovery requests. Plaintiff's Proposed Reply, at 2.

5. The question whether a party has waived otherwise proper objections by failing to timely respond to interrogatories and document requests is a matter within the sound discretion of the court. Williams v. Krieger, 61 F.R.D. 142, 145 (S.D.N.Y. 1973), citing, Dann v. Compagnie Generale Trans-Atlantique, Ltd., 29 F.Supp. 330 (E.D.N.Y.1939). Where, as here, discovery requests are plainly objectionable and no real prejudice has resulted from the delay, the objections thereto "need not be deemed

2

waived" and "substantial justice" would be best achieved by ordering the defendant to respond to the proper request forthwith. Id.  See also, Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D.Mass. 1988) (court was not without discretion to decline to compel production of requested documents even though timely objection had not been made when request far exceeded bounds of fair discovery); Shenker v. Sportelli, 83 F.R.D. 365, 367 (D.Pa. 1979) (although defendant failed to provide any response whatsoever to discovery requests, court declined to compel discovery as to matters that had no relevance to subject matter of suit); Bohlin v. Brass Rail, Inc., 20 F.R.D. 224 (1957), 225-226 (S.D.N.Y. 1957) (failure to timely respond to discovery did not result in waiver of objections thereto based on patient-physician privilege or attorney work product doctrine); Mike v. Dymon, Inc., 1996 WL 674007, *1 (D.Kan. 1996) (it is within the court's discretion to uphold facially valid objections despite untimely objection); First Sav. Bank, F.S.B. v. First Bank Sys., Inc., 902 F. Supp. 1356, 1361 (D.Kan. 1995) (when objection of privilege is at issue, courts are circumspect in finding waiver); Northfleet Corp. v. Consolidated Rail Corp., 1984 WL 2615, *3 (E.D.Pa. 1984) (court declined to compel production of confidential information notwithstanding that objection was untimely).

6. The Plaintiff does not challenge the *substantive* validity of Defendant's objections to discovery

7. The Defendant asserted valid objections to Plaintiff's interrogatory number 12 (seeking information regarding "all revenues, expenses and profits of Iceland Express by year"), number 13 (seeking "all amounts paid by Iceland Express by month" in connection with any airline reservation system used by Defendant other than Plaintiff's

system); and number 14 (seeking "by month, [regarding] the number of passenger reservations booked and passengers boarded by Iceland Express"). Each of these interrogatories is patently overly broad, unduly vague and burdensome; seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence; calls for confidential and/or proprietary business and/or financial information and is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

8.   Similarly, the Defendant asserted valid objections to Plaintiff's document request number 11 (seeking all documents referring or relating to any claim or dispute between Iceland Express and any other entity relating to an airline reservation software program, including, but not limited to, all pleadings and documents produced in any court or administrative proceeding), number 13 (seeking all financial statements of Iceland Express), number 14 (seeking documents sufficient to identify the revenues, expenses, profits (gross and net) of Iceland Express, by year), number 15 (seeking documents sufficient to identify the numbers of passenger reservations booked, and the numbers of passengers boarded, by Iceland Express, by month), on the grounds that such requests are overly broad, unduly vague and burdensome; seek information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence; to the extent that it calls for confidential and/or proprietary business and/or financial information; and is designed to annoy, embarrass and oppress the Defendant.[1]

---

[1] Although the Defendant also asserted objections to document request numbers 3, 4, 5, 12, 17 and 19, the Defendant either produced responsive documents subject to and without waiving its objections or has no responsive documents in its possession, custody or control.

4

9. The deadline for completing discovery in this action has been extended until June 30, 2006 and, therefore, the Plaintiff has not been prejudiced by Defendant's delay in responding to discovery.

10. As the Defendant previously asserted, the Defendant has been hampered in its ability to respond to Plaintiff's discovery requests by reason of the language barrier and, perhaps more significantly, by virtue of the fact that many, if not all, of the individuals most knowledgeable of the facts and circumstances that give rise to this litigation are no longer employed by Iceland Express. Indeed, even the Plaintiff concedes that "discovery in this case has been delayed, in part, due to language and other issues relating to a foreign defendant." Joint Motion to Amend Scheduling Order, at 1.

12. Finally, the Plaintiff's motion for sanctions pursuant to Fed. R. Civ. P. 37 must be denied because there has been no discovery order of this Court with which the Defendant has refused to comply. Williams v. Krieger, 61 F.R.D. 142, 145 (S.D.N.Y.1973) (citing, Balistrieri v. Holtzman, 55 F.R.D. 470, 472 (E.D.Wis. 1972) ("[T]he failure to respond does not warrant the imposition of the sanction of dismissal of the action since there has been no refusal to comply with an order of the court. The sanctions of Rule 37(b) are appropriate when a party has refused to obey an express court order to provide or permit discovery, but that is not this case.")).

WHEREFORE, based on the foregoing additional points and authorities the Defendant respectfully requests that this Honorable Court enter an order:

1.  Denying Plaintiff's Motion to Compel Initial Disclosures, Answers to Interrogatories and Production of Documents and Motion for Sanctions;[2] and

2.  Denying Plaintiff's Motion for Leave to File Reply Memorandum.

DEFENDANT ICELAND EXPRESS, EHF

By its attorneys,

_____
Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: May 5, 2006

---

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on _May 5, 2006_.

_____

---

[2] To the extent, if any, that the Court determines that Defendant must produce any confidential and/or proprietary business and/or financial information, this Court should further order that such production be made subject to a mutually acceptable confidentiality agreement.