UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SUTRA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 04-11360-DPW |
| v. | ) | |
| | ) | |
| ICELAND EXPRESS, EHF, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT MOTION TO AMEND SCHEDULING ORDER

The parties jointly move to amend the scheduling order to extend the time for discovery. In support of this motion, the parties state as follows.

A scheduling order was issued by the court in this case on April 15, 2005. On January 19, 2006, the parties jointly moved to amend the scheduling order in order to extend discovery for an additional six months. On January 30, 2006, the court amended the scheduling order but limited the extension to three months. On April 24, 2006, the parties again moved to extend discovery. At that time, Plaintiff's Motion to Compel Initial Disclosures, Answers to Interrogatories and Production of Documents was pending. On May 1, 2006, the Court extended fact discovery until June 30, 2006.

Despite Plaintiff's assertions that Defendant's discovery responses, served after the Motion to Compel was filed, were insufficient, the Magistrate Judge denied Plaintiff's Motion to Compel as being moot since Defendant had responded. The Motion was denied without prejudice to being brought again with respect to the alleged deficiencies in the discovery responses. The parties have continued to work towards resolution of the

discovery issues and for completion of discovery without the need for further intervention of the Court, including completion of depositions noticed in April, but not yet taken.

Defendant has agreed to supplement its discovery responses and to produce various persons for deposition. Discovery in this case has been delayed, in part, due to language and other issues relating to a foreign defendant and as the result of certain knowledgeable personnel no longer being employed by Iceland Express. Nevertheless, Defendant believes that all deponents, both current and former employees, can be deposed. However, the depositions will need to be in Iceland. Because of vacation periods in Iceland, which are similar to those in the rest of Europe, and in light of the difficulties inherent in coordinating the schedules of counsel here in the United States, counsel in Iceland, and at least a half dozen witnesses, most of whom are former employees of Iceland Express, it is virtually impossible that the depositions can be taken before September.

In the meantime, the parties have exchanged thousands of pages of documents, and are working to resolve issues relating to protection of their confidential information. Once resolved, additional documents will need to be produced by both parties. Defendant has also noticed the depositions of Plaintiff and one of Plaintiff's employees, which was postponed pending resolution of the confidentiality issues.

In view of the outstanding discovery to be completed, the parties respectfully request that the scheduling order be amended as follows:

1. Fact discovery shall be completed by October 27, 2006

2.	Expert designations and reports shall be due by November 24, 2006 for plaintiffs and December 22, 2006 for defendant, and expert depositions completed by January 26, 2007; and

3.	Dispositive Motions shall be due by February 16, 2007, with responses due by March 16, 2007.

PLAINTIFF SUTRA, INC.

By its attorney,


_s/  Brett N. Dorny_____
Brett N. Dorny, BBO #628977
Law Office of Brett N. Dorny
386 West Main Street, Suite 12A
Northborough, Massachusetts 01532
(508) 709-0501


DEFENDANT ICELAND EXPRESS, EHF

By its attorneys,


__s/ Matthew P. Zayotti_____
Richard B. Kirby, BBO #273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated:  June 30, 2006

3