UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
SUTRA, INC.,                              )
                                          )
            Plaintiff,                    )
                                          )    CIVIL ACTION NO.  04-11360-DPW
v.                                        )
                                          )
ICELAND EXPRESS, EHF,                     )
                                          )
            Defendant.                    **)**
_____**)**

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY**

Plaintiff, Sutra, Inc. ("Sutra"), submits this memorandum in support of its second motion to compel Defendant, Iceland Express, ehf ("Iceland Express"), to comply with its discovery obligations.  Sutra has further submitted an accompanying Declaration of Brett N. Dorny ("Dorny Decl.") (attached as Exhibit 1) in support of its motion.

Iceland Express did not provide any discovery responses, including the disclosures required by Fed. R. Civ. P. 26(a)(1), until after Plaintiff's prior Motion to Compel, filed March 23, 2006.  Furthermore, the discovery responses which Iceland Express did file at that time were deficient.  Counsel for Sutra has repeatedly attempted to obtain full and complete discovery responses without success.  Despite promises to comply, Iceland Express has not not properly answered interrogatories nor produced requested documents.

Since the Plaintiff's prior Motion to Compel, Iceland Express has also failed to appear for deposition or cooperate in the taking of its deposition.  For these reasons, as discussed more fully below, Sutra's motion should be granted and Iceland Express should be compelled to comply

1

with its discovery obligations, fully answer the Interrogatories, produce the requested documents, and appear for deposition.

BACKGROUND

Sutra licenses use of application service provider software for airline reservation, control and management. The software is subject to copyright protection and includes confidential and proprietary content, which is protected as a trade secret. Airlines who use the software execute a contract which includes terms relating to confidentiality. They agree to use the software solely for purposes of operating the airline and not to disclose any confidential information in the documentation or software. User IDs and passwords are required to access the confidential portions of the software. Certain parts of the software are restricted under the contract solely to airline employees and not outside consultants. Finally, access to the most confidential parts of the software, including the database structures, are limited to airline employees using airline computers only.

On December 10, 2002, Iceland Express executed an Application Service Provider Agreement to use Sutra's software for airline reservation and operations. In the ensuing six months, Iceland Express repeatedly failed to abide by the Agreement and to maintain the confidentiality of the software. Iceland Express explicitly acted to circumvent the safeguards used to protect the software, including providing User IDs and passwords to non-employees, seeking to access the highly confidential portions of the software from non-airline computers, and using a software script to mimic an authorized user in order to attack the software and database. Iceland Express further provided confidential information regarding the software to a third party who was developing a competing product. In July, 2003, Iceland Express switched to

the new competing product.  On June 16, 2004, Sutra filed the present action for breach of contract and misappropriation of trade secrets against Iceland Express for its improper actions.

Since the beginning of this suit, Iceland Express has failed to cooperate in this action.  Its answer, due December 28, 2004, was not filed until February 4, 2005.  Despite the clear association of the contract to the Commonwealth of Massachusetts and visits by personnel of Iceland Express to Massachusetts for training on use of the software, Iceland Express filed a Motion to Dismiss for Lack of Personal Jurisdiction.  Upon the denial of that motion, Iceland Express further unsuccessfully requested reconsideration and, then, leave to appeal the denial of its lack personal jurisdiction motion.

The original schedule for this case, agreed to by the parties, required the disclosures under Fed. R. Civ. P. 26(a)(1) to be produced by April 21, 2005.  Despite repeated requests by counsel for Sutra, Iceland Express did not provide its disclosures for almost a year, until March 23, 2006, and after Sutra had filed a motion to compel the disclosures.  Dorny Decl. ¶¶3,4.  Even then, the disclosures were incomplete.  Iceland Express identified a number of persons as "current or former employees of Iceland Express" without distinguishing between them.  Iceland Express also failed to provide addresses, telephone numbers, or other contact information for any of its current or former employees identified in the disclosure.  Dorny Decl. ¶4.

Interrogatories and Requests for Production of Documents were served by Sutra on February 2, 2006.  Dorny Decl. ¶2.  No responses were received to either discovery request and no documents were produced until April 7, 2006, after Sutra had filed its motion to compel answers to interrogatories and production of documents.  Dorny Decl. ¶6.  Again, the interrogatory answers and document production were deficient.  Despite being served late, and without regard to L.R. 33.1(c)(1) and L.R. 34.1(c)(1), the interrogatory answers and responses to

the document requests included numerous objections. Iceland Express had refused to fully answer the interrogatories and to produce requested documents based upon the objections. Furthermore, even when Iceland Express did answer an interrogatory or produce documents, it failed to fully comply with the requests. It did not provide all of the requested information nor all of the documents. Dorny Decl. ¶6.

Despite the deficiencies in the late-served discovery responses, on May 26, 2006, the Court denied Sutra's prior motion to compel discovery. The prior motion had been based upon Iceland Express' failure to provide any response to the discovery. Since Iceland Express had responded before the Court had decided the motion, the issue was moot. Dorny Decl. ¶8. The Court did indicate that another motion to compel could be brought with respect to the deficiencies in Iceland Express' discovery responses. The Court order further noted that that objections not made within the time provided by the Federal Rules are deemed waived pursuant to 33.1(c)(1) and L.R. 34.1(c)(1). *Id.* Since the Court's order, counsel for plaintiff as attempted to obtain complete discovery responses. Dorny Decl. ¶¶10-13. Although counsel for Iceland Express has indicated several times that additional discovery responses would be provided, in the past six months, Iceland Express has only provided addresses and telephone numbers for the persons identified on its initial disclosures, on September 28, 2006. Dorny Decl. ¶¶10, 13, 15. No further discovery responses have been forthcoming. Dorny Decl. ¶15.

On March 27, 2006, Sutra served deposition notices for Iceland Express and for three current or former employees identified by Iceland Express as having discoverable knowledge. The depositions were noticed for April 11-14, 2006, in Massachusetts. Dorny Decl. ¶5. In light of the lack of proper discovery responses, the depositions were postponed. It was further agreed

that the depositions would occur in Iceland.  Dorny Decl. ¶7.  The deposition of Iceland Express[1] has been rescheduled twice – first, to the second week of September and then to the third week of October.  Dorny Decl. ¶¶10, 14.  Each time, Iceland Express has cancelled the scheduled deposition.  Most recently, the deposition was cancelled because Iceland Express refused to agree to any procedure for recordation of the deposition testimony.  Dorny Decl. ¶¶18-21.

Several discovery conferences have been held by telephone between Brett N. Dorny, counsel for Sutra, and Matthew P. Zayotti, counsel for Iceland Express.  A first discovery conference was held on June 23, 2006.  At this discovery conference, Mr. Zayotti indicated that additional responses and documents would be produced.  The depositions were scheduled for the second week of September.  Dorny Decl. ¶10.  When Iceland Express failed to provide additional responses or to proceed with the depositions, a second discovery conference was held on September 21, 2006.  Dorny Decl. ¶13.  Again, Mr. Zayotti indicated that additional responses and documents would be produced, although he stated that Iceland Express would not provide any additional information nor documents relating to Interrogatory No. 15 and Document Request No. 11.  *Id.*  The depositions were rescheduled for the week of October 16, 2006.  Dorny Decl. ¶14.  To date, Iceland Express has not provided any additional interrogatory answers or documents.  Iceland Express also refused to proceed with the scheduled depositions.

The discovery period for this case has already been extended three times in order to allow Iceland Express to properly respond.  Another Motion to Amend the Scheduling Order is being filed concurrently with this Motion to Compel.  Despite the repeated extensions and additional time, Iceland Express has refused to cooperate in discovery and has caused significant delay in this case.

---

[1] Each of the named individuals are allegedly no longer employees of Iceland Express and outside its control, although Iceland Express had agreed to try to make them available.

<u>ARGUMENT</u>

A.    <u>Iceland Express Waived All Objections To Discovery By Failing To Timely Make Them.</u>

Sutra served a First Set of Interrogatories and a First Set of Requests for Production of Documents on Iceland Express on February 2, 2006. Pursuant to Rule 33(b)(3), Fed. R. Civ. P., Iceland Express was to serve answers and objections to the interrogatories within thirty days of service. Pursuant to Rule 34(b), Fed. R. Civ. P., Iceland Express was also to provide a written response, including any objections, to the document requests within thirty days of service. Thus, Iceland Express' answers to interrogatories and responses to the document requests were due on March 7, 2006. Iceland Express did not respond to either set of discovery until April 7, 2006, after Sutra had filed the prior Motion to Compel. Local Rules 33.1(c)(1) and 34.1(c)(1) provide that all objections to interrogatories and document requests which are not made within the time limits provided for in the Federal Rules of Civil Procedure are deemed waived. *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988) (objections are waived if not timely made).

Nevertheless, Iceland Express stated six general objections to the Interrogatories and eight general objections to the document requests. (Copies of the discovery responses are attached hereto as Exhibits 2 and 3.) Iceland Express further stated specific objections to Interrogatories Nos. 12, 13, 14, and 15. Iceland Express stated specific objections to Document Requests Nos. 3, 4, 5, 11, 12, 13, 14, 15, 17, and 19. Since all objections to the discovery requests are deemed waived because they were not timely made, Iceland Express should be compelled to fully answer the Interrogatories and to produce all requested documents without regard to any objections in its April responses or it may wish to make.

B.    <u>Iceland Express Should Be Compelled To Fully Answer The Interrogatories.</u>

Notwithstanding its untimely objections, Iceland Express has failed to answer the

interrogatories propounded upon it.  It has failed to provide all of the information requested by

each interrogatory.  As required by L.R. 37.1(4) and 37.1(5), each of the deficient interrogatories

are discussed below.

<u>Interrogatories No. 3, 6, 9, and 16</u>

<u>Interrogatory No. 3</u>

Separately for each airline reservation software program identified in response to
Interrogatory No. 2, identify the entity from whom it was obtained.

<u>Response No. 3</u>

Ticket.net was obtained from Tommy Wiberg.  Airkiosk was obtained from Sutra,

Inc.

<u>Interrogatory No. 6</u>

Identify, separately for each airline reservation software program identified in
response to Interrogatory No.2, all persons involved in the evaluation and/or selection of
such Airline reservation software program for use or testing.

<u>Response No. 6</u>

Sigurður Ingi Halldórsson

Aðalsteinn Magnússon

Jóhannes Georgsson

Einar Valdimarsson

<u>Interrogatory No. 9</u>

For each software program created by or on behalf of Iceland Express which was
used to access any information from the AirKiosk system, identify the nature of the
software program.  The persons who created it, the purpose for which it was created, and
the dates it was used.

<u>Response No. 9</u>

Gunnar K. Níelsson

Tommy Wiberg

Interrogatory No. 16

Identify all persons who provided information or were consulted in connection with responding to these Interrogatories or providing documents in response to Plaintiff's First Set of Requests for Production of Documents.

Response No. 16

Birgir Jonsson

As part of the Instructions applicable to the Interrogatories, Sutra requested that:

5.    Whenever an interrogatory requests the identity of a person, state his or her full name, present or last known address, telephone number, and position of employment at the time in question.

6.    Whenever an interrogatory requests the identity of an entity, state its name, address, telephone number, and the type of business in which the entity engages.

These instructions are consistent with L.R. 26.5(c)(4) and (6) which require the name, current or last known address, and current or last known place of employment when persons (including entities) are to be identified. Notwithstanding the instruction and the local rule, Iceland Express did not provide any identification information, other than a name, in response to Interrogatories No. 3, 6, 9, and 16. The information was properly requested and is necessary for Sutra to determine the identities of the individuals and entities to whom Iceland Express has referred. Therefore, Iceland Express should be ordered to fully answer these interrogatories.

Interrogatory No. 11

Interrogatory No. 11

Identify the policies and procedures of Iceland Express for protecting confidential information and trade secrets, including but not limited to all steps taken with respect to the AirKiosk system.

Response No. 11

The Defendant has made reasonable inquiry and the information known or readily obtainable by the Defendant is insufficient to enable the Defendant to respond to this

interrogatory  Further responding, the Defendant states that the individuals with knowledge or information responsive to this interrogatory are no longer employed by the Defendant.  The Defendant reserves the right to supplement this response if information responsive to this interrogatory becomes available.

The answer to this interrogatory is not responsive.  The interrogatory requests the policies and procedures of Iceland Express for protecting confidential information.  Iceland Express has responded that it has been unable to obtain the information.  It may be that Iceland Express has no such policies or procedures, but clearly it can determine whether it has them and, if so, what they are.  Iceland Express should be compelled to provide a proper answer to this interrogatory.

Interrogatories Nos. 12-14

Interrogatory No. 12

Identify all revenues, expenses and profits of Iceland Express by year.

Response No. 12

Iceland Express objects to this interrogatory on the grounds that it is overly broad, unduly vague and burdensome.  The Defendant further objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.
Defendant further objects to this interrogatory on the grounds that it calls for confidential and/or proprietary business and/or financial information  The Defendant further objects to this interrogatory on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

Interrogatory No. 13

Identify all amounts paid by Iceland Express by month in connection with each airline reservation software program identified in response to Interrogatory No.2.

9

<u>Response No. 13</u>

Iceland Express objects to this interrogatory on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds that it calls for confidential and/or proprietary business and/or financial information. The Defendant further objects to this interrogatory on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

<u>Interrogatory No. 14</u>

Identify by month, the number of passenger reservations booked and passengers boarded by Iceland Express.

<u>Response No. 14</u>

Iceland Express objects to this interrogatory on the grounds that it is overly broad unduly vague and burdensome. The Defendant further objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this interrogatory on the grounds that it calls for confidential and/or proprietary business and/or financial information. The Defendant further objects to this interrogatory on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

Interrogatories Nos. 12-14 relate to damages. They request information regarding the revenues, expenses, and profits of Iceland Express, the amounts paid for the reservation software, and the number of passenger reservations booked and boarded. Iceland Express has not provided any of the requested information. It has objected to these interrogatories as being "overly broad, unduly vague and burdensome," "not relevant to the subject matter of this action," that they call "for confidential and/or proprietary business and/or financial information," and are

10

"designed to annoy, embarrass and oppress the Respondent by seeking the documents [sic] requested." As discussed above, all objections are deemed waived under L.R. 33.1(c)(1). Therefore, these interrogatories should be answered in full. Furthermore, all of the objections are baseless. These interrogatories are clear and request relevant information. Sutra has asserted claims for breach of contract and misappropriation of trade secrets. The financial performance of Iceland Express in using the misappropriated software is fully relevant to these claims, as are the amounts which have been paid for use of such software. The contract at issue provides a fee which was based upon the number of passenger reservations booked and/or boarded using the software. Therefore, this information is also relevant for determining the damages suffered by Sutra from Iceland Express' actions.

Finally, a party cannot object to producing relevant information solely because it is confidential or proprietary. Fed. R. Civ. P. 26(c) provides a process for a party to request a protective order to protect trade secret or other confidential information. Iceland Express has not followed that process. Sutra is willing to accept a Protective Order governing the production of confidential information. In fact, counsel for Sutra sent a draft of such a Protective Order to counsel for Iceland Express on October 31, 2005. Iceland Express has yet to agree to or comment on that draft.

Since the objections of Iceland Express to Interrogatories Nos. 12-14 were waived and/or are baseless, Iceland Express should be compelled to respond properly.

Interrogatory No. 15

> Interrogatory No. 15
>
> Identify all accusations, claims, suits, and causes of action made against Iceland Express with respect to any airline reservation software system, including but not limited to the dates thereof, entities involved court or administrative body involved (if any), and current status.

Response No. 15

    Iceland Express objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.  The Defendant further objects to this interrogatory on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.  Without waiving and subject to the foregoing objections, the Defendant states that it was involved in a dispute arising from its prospect use of an airline reservation system designed by Quest.  When Iceland Express decided not to use Quest's program, the parties entered into a settlement pursuant to which Iceland Express paid Quest 25,000 Euros.

Iceland Express objected to Interrogatory No. 15 as seeking information not relevant to the subject matter of the action and that it is "designed to annoy, embarrass and oppress the Respondent by seeking the documents [sic] requested."  Again, Iceland Express waived these objections by not timely making them.  Furthermore, the objections are baseless.  The requested information is relevant to this action.  Sutra is aware of a related action in Iceland against Iceland Express by Quest, a Swedish company which owns competing airline reservation software.  As understood from discussions with Quest's attorneys, both before and after this suit was filed, the creator of Iceland Express's current reservation software misappropriated and used portions of Quest's software in creating that used by Iceland Express.  He then combined those portions with the parts misappropriated from Sutra to complete the software.  The claims, defenses, statements, and testimony relating to that suit are relevant to the present action since both relate to misappropriation of parts of the airline reservation software being used by Iceland Express.

    Iceland Express did provide a partial answer to the Interrogatory which seeks to distort the truth by only providing part of the information.  As understood from Quest's attorneys,

Iceland Express sought to settle Quest's misappropriation suit by agreeing to use the Quest software. Iceland Express then backed out of that agreement. A second suit was brought for breach of the settlement agreement. The second suit was the one which was settled for 25,000 Euros. The underlying suit is still pending.

Even for the information it provided, Iceland Express did not answer the interrogatory as worded. The Interrogatory requested information relating to the claim or action including the dates, courts, entities, and status. Iceland Express did not provide any of this information.

Therefore, Iceland Express should be compelled to fully answer Interrogatory No. 15.

B.    <u>Iceland Express Should Be Compelled To Produce the Requested Documents.</u>

Notwithstanding its untimely objections, Iceland Express has failed to produce the documents requested by Sutra. It also has refused to produce documents by making statements, which are not credible, that responsive documents do not exist. As required by L.R. 37.1(4) and 37.1(5), each of the deficiencies are discussed below.

<u>Request Nos. 4 and 5</u>

<u>Request No. 4</u>

All communications between Iceland Express and any third party referring or relating to any airline reservation software program.

<u>Response No. 4</u>

The Defendant objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this request to the extent that it seeks information protected by the attorney-client privilege and or attorney-work product doctrine. Without waiving and subject to the foregoing objection, see Response No. 1 above.

13

Request No. 5

All communications between Iceland Express and Tommy Wiberg or any entity employing, owned by, or operated by Tommy Wiberg.

Response No. 5

The Defendant objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this request to the extent, if any, that it seeks confidential employment and or personnel records relating to Tommy Wiberg. Without waiving and subject to the foregoing objection, see Response No. 1 above.

Request No. 4 seeks communications between Iceland Express and third parties relating to any airline reservation software program. Request No. 5 seeks communications between Iceland Express and Tommy Wiberg, who created its current airline reservation software. Iceland Express objects to producing any documents because the requests allegedly are "overly broad, unduly vague and burdensome" and "not relevant to the subject matter of this action." The requested documents are relevant. Communications by Iceland Express relating to the software at issue in this case, including Sutra's software, the misappropriated software, and/or other potential competitive software are relevant to the issues of misappropriation and damages. Communications between Iceland Express and the creator of their current software regarding its creation, operation, and adoption by Iceland Express are also relevant.

Iceland Express further objects to Request No. 5 as seeking confidential employment or personnel records of Tommy Wiberg. Since Tommy Wiberg created the software alleged to violate Sutra's rights, his employment or other relationship with Iceland Express is relevant. Its confidential nature is not a proper basis for withholding the requested documents. Iceland

14

Express could have sought a Protective Order to maintain the confidentiality of any produced

documents.  As discussed above, counsel for Sutra had provided a draft Protective Order to

Iceland Express' counsel almost a year ago and Iceland Express has failed to take any action

with respect to the draft.

Therefore, Iceland Express should be compelled to produce the requested documents.

Request No. 6

> Request No. 6
>
> All communications referring to relating to the creation, development, functionality and/or operation of ticket net.
>
> Response No. 6
>
> Iceland Express does not have any documents in its possession, custody or control responsive to this request.

Iceland Express did not produce any documents in response to Request No. 6 because it

alleges that it has no responsive documents.  Request No. 6 seeks documents relating to the

creation, development, functionality and/or operation of ticket.net.  Ticket.net is the airline

reservation software currently being used by Iceland Express.  It is not credible that Iceland

Express has employees using computer software without any document whatsoever relating to

how if operates or functions.  The definition of "document" is sufficiently broad so as to

encompass electronically stored documents.  Thus, the screens which appear during operation of

the software would be responsive to this request.  Furthermore, computer software typically

includes manuals or documentation.  Sutra's software includes documentation on how to use the

software and Sutra provides training to users on how to operate the software.  It is not credible

that Iceland Express has no documents whatsoever on the functionality or operation of the

ticket.net software. Therefore, Iceland Express should be compelled to produce responsive documents.

Request No. 8

**Request No. 8**

All contracts and agreements referring or relating to each airline reservation software program identified in response to Interrogatory No.2.

**Response No. 8**

The Defendant is in the process of assembling documents responsive to this request that are expected to be produced early next week.

In response to Request No. 8, Iceland Express stated that it was assembling documents responsive to the request which would be produced "early next week." This response was served on April 7, 2006. Despite repeated requests from Sutra's counsel, Iceland Express has not yet produced the documents which it asserted would be produced over six months ago. Therefore, Iceland Express should be compelled to produce the requested documents.

Request No. 11

**Request No. 11**

All documents referring or relating to any claim or dispute between Iceland Express and any other entity relating to an airline reservation software program, including, but not limited to all pleadings and documents produced in any court or administrative proceeding.

**Response No. 11**

Iceland Express objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this interrogatory to the extent that it calls for confidential and/or proprietary business and/or financial information. The Defendant further objects to this

interrogatory on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

Request No. 11 relates to Interrogatory No. 15. It seeks documents relating to claims or disputes which were to be identified in response to the interrogatory. Iceland Express makes the same objections to this request as to interrogatory. For the same reasons as stated above, the documents are relevant to this action and should be produced. Therefore, Iceland Express should be compelled to produce the requested documents.

Requests Nos. 12-15

Request No. 12

Documents sufficient to identify all amounts paid by Iceland Express for any airline reservation software program.

Response No. 12

Iceland Express objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to the foregoing objections, the Defendant states that it has no documents in its possession, custody or control responsive to this request.

Request No. 13

All financial statements of Iceland Express.

Response No. 13

Iceland Express objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant

further objects to this request on the grounds that it calls for confidential and/or proprietary

business and/or financial information. The Defendant further objects to this request on the

grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the

documents requested.

<u>Request No. 14</u>

Documents sufficient to identify the revenues, expenses, profits (gross and net) of
Iceland Express, by year.

<u>Response No. 14</u>

Iceland Express objects to this request on the grounds that it is overly broad, unduly

vague and burdensome. The Defendant further objects to this request on the grounds that

it seeks information that is not relevant to the subject matter of this action and is not

reasonably calculated to lead to the discovery of admissible evidence. The Defendant

further objects to this request on the grounds that it calls for confidential and/or proprietary

business and/or financial information. The Defendant further objects to this request on the

grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the

documents requested.

<u>Request No. 15</u>

Documents sufficient to identify the numbers of passenger reservations booked and
the numbers of passengers boarded by Iceland Express, by month.

<u>Response No. 15</u>

Iceland Express objects to this request on the grounds that it is overly broad, unduly

vague and burdensome. The Defendant further objects to this request on the grounds that

it seeks information that is not relevant to the subject matter of this action and is not

reasonably calculated to lead to the discovery of admissible evidence. The Defendant

further objects to this request on the grounds that it calls for confidential and/or proprietary

business and/or financial information. The Defendant further objects to this request on the

grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

Requests Nos. 12-15 relate to the same subject matter as Interrogatories Nos. 12-14. They request documents which support the financial and passenger information requested by the interrogatories. Iceland Express makes the same objections to the document requests as it did to the interrogatories. For the same reasons discussed above, the documents are relevant and discoverable. Therefore, Iceland Express should be compelled to produce the requested documents.

D.      Iceland Express Should Be Compelled To Appear For Deposition

Sutra noticed the depositions of Iceland Express and three employees -- Einar Valdimarsson, Gunnar Karl Nielsson, and Johannes Georgson – for April 11-14, 2006. Those depositions have been rescheduled several times in order to accommodate Iceland Express. Counsel for Iceland Express has also indicated that some or all of the noticed employees no longer work for Iceland Express, but has never identified which ones. Iceland Express has not cooperated in proceeding with the noticed deposition and has indicated that it would refuse to appear for the scheduled deposition. Therefore, Iceland Express should be compelled to appear for its deposition, and to identify and produce any of the individual deponents who are still employed at Iceland Express.

E.      The Court Should Issue A Commission To Take The Deposition Testimony.

The most recent impediment to the deposition of Iceland Express relates to the person who will record the deposition testimony. Sutra agreed to take the depositions in Iceland for the convenience of the witnesses. However, Iceland does not have a procedure for compelling, taking or recording depositions. Dorny Decl. ¶18. All testimony in Iceland occurs in court and

is recorded audibly.  Dorny Decl. ¶18.  In arranging to take the deposition of Iceland Express, as scheduled for October 16, 2006, counsel for Sutra proposed several alternatives for recording the testimony.  These proposals included: (1) having a court reporter from Massachusetts travel to Iceland to swear the witness and record the deposition, (2) having a person designated by Iceland Express audibly record the deposition, and (3) having an attorney from Iceland record the deposition.  Iceland Express rejected all of these proposals.  Dorny Decl. ¶¶18-21.  Iceland Express refused to stipulate to a person before whom the testimony could be taken pursuant to Fed. R. Civ. P. 29.  Dorny Decl. ¶19.  After ostensibly agreeing to have a person commissioned by the Court pursuant to Fed. R. Civ. P. 28(b)(4), Iceland Express refused to agree to any person to receive the commission.  Dorny Decl. ¶21.

Fed. R. Civ. P. 28(b) relates to taking of depositions in foreign countries.  One option is to have the deposition taken "(4) before a person commissioned by the court."  The person receiving the commission shall have the power to administer an oath and to take testimony. Fed. R. Civ. P. 28(b).  Thus, the Court has broad authority to designate a person to receive testimony in a foreign country.  The Court is not limited in granting a commission by other possible processes for obtaining deposition testimony.  Fed. R. Civ. P. 28(b); *See Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361 (C.A.D.C., 1968);  *Lasky v. Continental Products Corp.*, 569 F.Supp. 1227, 1228 (E.D. Pa., 1983).  Furthermore, by virtue of personal jurisdiction over a party, the court may issue such orders as are appropriate under the Federal Rules of Civil Procedure.  *Id.* ("The existence of federal jurisdiction over a foreign entity subjects that entity, like any other litigant, to the provisions of the Federal Rules of Civil Procedure.").  Therefore, although Iceland Has no procedures for taking or recording deposition testimony, the Court can commission any person to administer the oath and to record the testimony, using any acceptable

and available means.  Sutra requests a commission for a person in Iceland to record the testimony on audio tape, which can later be transcribed for use in court.

Alternatively, the district court has authority to require foreign litigants to produce its employees in the United States for deposition.  *See In re Messerschmitt Bolkow Blohm GmbH*, 757 F.2d 729, 732 (5th Cir. 1985) ("when a foreign corporation is subject to the personal jurisdiction of a United States court, the district court may order the taking of its employees' depositions in the United States.");  *In re Anschuetz & Co., GmbH*, 754 F.2d 602, 615 (5th Cir. 1985)  (Litigant witnesses can be ordered to appear in the United States to avoid issues of foreign sovereignty.)  Since Sutra is seeking to compel the deposition of Defendant, Iceland Express, the deposition could be held in Massachusetts, if the procedures for holding it is Iceland are too complicated.

Therefore, in order to advance discovery in this case, the Court should commission a person before whom the testimony of Iceland Express may be taken.  Sutra's counsel had engaged an attorney in Iceland,  Guðrún Hólmsteinsdóttir, an associate at AM-Kredit, a law firm in Reykjavik, Iceland, to do so and proposes that this person be so commissioned.  Alternatively, Iceland Express should be ordered to produce its witnesses in Massachusetts for deposition.

F.    <u>Iceland Express Should Pay Sutra's Expenses In Bringing This Motion.</u>

Rule 37(4)(a), Fed. R. Civ. P., provides that a party who fails to properly respond to discovery shall be ordered to pay the costs incurred in connection with a motion.  Iceland Express' failure to provide full and complete discovery responses or to appear for deposition necessitated the present motion to compel.  Accordingly, Iceland Express should be required to pay Sutra's costs of this motion, including attorneys fees.

G.    Local Rule 37.1(B) Certification

Several discovery conferences have been held in attempting to resolve the issues raised

by this Motion.  Counsel for Sutra and Iceland Express conferred by telephone on June 23, 2006

and September 21, 2006 specifically with respect to the alleged deficiencies in Iceland Express's

discovery responses.  Counsel for the parties have had additional telephone discussions seeking

to resolve the issues and to proceed with the depositions.  Although several times counsel for

Iceland Express has agreed to provide additional discovery responses and document, and to

produce deponents, Iceland Express has failed to do so.  Therefore, all issues remain to be

decided by the court.

CONCLUSION

For the foregoing reasons, Plaintiff's Second Motion to Compel should be granted.


Respectfully submitted,

 s/  Brett N. Dorny_____
Brett N. Dorny,  BBO# 628977
Law Office of Brett N. Dorny
386 West Main Street, Suite 12A
Northborough, Massachusetts  01532
Tel.  508-709-0501
Fax.  508-519-9185
bndorny@dornylaw.com

Attorney for Plaintiff

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non registered participants on October 27,
2006.

 s/  Brett N. Dorny_____
Brett N. Dorny