# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUTRA, INC.,                )
          Plaintiff,        )
                            )   CIVIL ACTION NO. 04-11360-DPW
v.                          )
                            )
ICELAND EXPRESS, EHF,       )
                            )
          Defendant.        )
                            )

**DECLARATION OF BRETT N. DORNY IN SUPPORT OF
PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY**

I, Brett N. Dorny, hereby declare as follows:

1       I am an attorney for Plaintiff, Sutra, Inc. ("Sutra") in this case.  submit this declaration is support of Plaintiff's Second Motion To Compel Discovery. All statements are made of my own knowledge.

2.      On February 2, 2006, I served Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production of Documents on counsel for Iceland Express. Responses were due on March 7, 2006.

3       On March 23, 2006, since Defendant had not as yet provided its initial disclosures, answered the interrogatories, produced documents, or otherwise responded to the discovery requests, I filed a Motion to Compel Initial Disclosures, Answers to Interrogatories, and Production of Documents and Motion for Sanctions on behalf of Plaintiff.

4.      After filing the Motion, I received Defendant's Initial Disclosure Statement by fax on March 23, 2006 and later by mail. However, the statement failed to provide addresses,

current or last known, for any identified individuals. It further listed a number of people as "current or former employees of Iceland Express" without distinguishing between current employees and former employees. It failed to identify the subjects of the information of which those persons might have knowledge.

5. On March 27, 2006, I notice the depositions of Einar Valdimarsson, Gunnar Karl Nielsson, and Johannes Georgson, and Iceland Express under Rule 30(b)(6). The individuals were all identified in Defendant's Initial Disclosure Statement as current or former employees of Iceland Express. The depositions were noticed for April 11-14, 2006 in my offices in Northborough, Massachusetts.

6. Defendant served Answers to Plaintiff's Interrogatories and a Response to Plaintiff's Request for Production of Documents on April 7, 2006, the same day that its response to the Motion to Compel was due. Although the responses were filed late, they included numerous objections. Furthermore, the responses were incomplete.

7. Also on April 7, 2006, I had a telephone call with Matthew P. Zayotti, counsel for Defendant, regarding the outstanding discovery and the scheduled depositions. During that conversation, I agreed to postpone the depositions until Plaintiff's Motion to Compel had been acted upon, since Defendant had not yet produced documents useful for the depositions. I further agreed to conduct the depositions in Iceland at a mutually agreeable time. At that time, Mr. Zayotti indicated that some of the named deponents were no longer employed by Iceland Express, but that he did not know how many nor which ones. Mr. Zayotti agreed to identify who Defendant could produce for deposition and to identify times when they would be available.

8. On May 26, 2006, Magistrate Judge Robert B. Collings issued an order denying the Motion to Compel since Defendant had, by then, responded to the discovery requests. The

Motion to Compel was denied without prejudice to filing another Motion to Compel directed to the insufficiencies. The order specifically noted that a subsequent motion should not be filed until there was compliance with Rule 37(a)(2)(A), Fed. R. Civ. P., and L.R. 37.1(A) and that objections not stated within the prescribed time limits are deemed waived under L.R. 33.1(C)(1) and L.R. 34.1(C)(1).

9. On June 14, 2006, I send a letter to counsel for Defendant which identified the deficiencies in the discovery responses and sought a discovery conference under L.R. 37.1(A) for June 19, 2006. A copy of the letter is attached as Exhibit A.

10. At the request of Mr. Zayotti, the telephone conference was postponed to June 23, 2006. At that time, Mr. Zayotti indicated that Defendant would provide additional responses to the Interrogatories and produce additional documents to address the deficiencies identified in my letter. He further indicated that the custom in Iceland is for most employees to have vacation time in July and August. Therefore, we agreed to conduct the depositions during the second week of September. Again, Mr. Zayotti was going to identify which deponents were still employees and who would be produced. I agreed not to file a motion to compel discovery based upon Mr. Zayotti's promises to proceed with discovery.

11. On July 28, 2006, having received no further responses to discovery, I sent a letter to Mr. Zayotti requesting the status of the discovery responses and depositions. A copy of my letter is attached as Exhibit B. I received no response to my letter.

12. In the beginning of September, I tried calling Mr. Zayotti regarding the outstanding discovery. I left several voicemail messages, none of which were returned. On September 7, 2006, I sent another letter to Mr. Zayotti requesting a discovery conference pursuant to L.R. 37.1(A), for September 12, 2006, with respect to the deficiencies in the

3

discovery responses and scheduling of the depositions. A copy of my letter is attached as Exhibit C.

13.     At the request of Mr. Zayotti, the discovery conference was postponed until September 21, 2006. At that time, Mr. Zayotti again indicated that Defendant would supplement its interrogatory answers and produce additional documents. However, he did indicate that Defendant would not be producing some of the requested documents based upon the objections in its original discovery responses. With respect to the depositions, Mr. Zayotti stated that Defendant was scheduling them for the week of October 16, 2006. He indicated that he would inform me on September 27, 2006 as to whether the depositions could proceed at that time.

14.     On September 27, 2006, Mr. Zayotti informed me that the depositions would proceed the week of October 16, 2006.

15.     On September 28, 2006, Defendant supplemented its initial disclosures to include addresses or other available contact information for each current or former employee previously identified. To date, Defendant has not supplemented any of its interrogatory answers nor produce any additional documents.

16.     Since the depositions were going to be taken in Iceland, Mr. Zayotti and I discussed how to record the depositions during our discovery conference in June. Mr. Zayotti agreed to contact Defendant's Icelandic counsel to determine how to arrange for swearing the witnesses and recording the depositions.

7.     In September, Mr. Zayotti informed me that Iceland has no process for recording depositions, but that all testimony is recorded using audio tape. At that time, we discussed the possibility of having a court reporter from Massachusetts travel to Iceland to swear the witnesses and prepare a transcript of the depositions. However, Mr. Zayotti indicated that Defendant was

unwilling to share the costs associated with bringing a court reporter from Massachusetts and was unclear of the propriety of doing so. After investigation, I determined that the most cost effective process for recording the testimony was to have someone in Iceland audibly record the testimony and have it transcribed later. I asked Mr. Zayotti if Defendant's Icelandic counsel could arrange to have someone record the depositions.

18. On October 11, 2006, Mr. Zayotti telephoned me to discuss recording of the depositions. He informed me, and I later verified through counsel in Iceland, that Iceland does not have the equivalent of a court reporter and has no procedures for taking or recording depositions or for swearing witnesses. The only testimony taken in Iceland is in open court before a Judge, which is recorded audibly. Therefore, Defendant's Icelandic counsel would be unable to arrange for recording of the deposition pursuant to procedures in Iceland. I proposed to Mr. Zayotti that we stipulate, pursuant to Fed. R. Civ. P. 29, as to a person in Iceland to swear the witnesses and to record the deposition. He said he would discuss it with his client.

19. On October 12, 2006, Mr. Zayotti informed me that his client was unwilling to stipulate as to someone to record the depositions, pursuant to Fed. R. Civ. P. 29. He did, however, indicate that Defendant would agree to a person commissioned by the court under Fed. R. Civ. P. 28(b)(4). asked Mr. Zayotti whether he or his client had someone they wanted commissioned, whether they wanted to find someone, or whether I should find someone. I agreed to prepare a joint or unopposed motion to the court for a commission for the designated person. Mr. Zayotti needed to discuss this with his client.

20. I proceeded to contact several attorneys in Iceland. found one who was available and willing to accept a commission and record the depositions -- Guðrún Hólmsteinsdóttir, an associate at AM-Kredit, a law firm in Reykjavik, Iceland.

21. On Friday October 13, 2006, Mr. Zayotti informed me that Defendant did not have a person to designate for the commission and that Defendant would not agree to a Motion for a Commission designating Ms. Hólmsteinsdóttir or any other Icelandic attorney or other person to record the depositions.

22. The depositions of Defendant and former employees did not proceed due to Defendant's refusal to agree to any procedure for recording the depositions in Iceland.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 27, 2006

_____
Brett N. Dorny

# EXHIBIT A



**Law Office of Brett N. Dorny**

386 West Main Street, Suite 12A
Northborough, Massachusetts 01532
508-709-0501

*Brett N. Dorny*
*bndorny@dornylaw.com*

*508-709-0493 Direct*
*508-519-9185 Fax*

June 14, 2006

VIA FACSIMILE

Richard B. Kirby, Esquire
Matthew P. Zayotti, Esquire
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, Massachusetts 02110

    Re:    Sutra, Inc. v. Iceland Express ehf
             Civil Action No. 04-11360-DPW

Gentlemen:

      I hereby request a discovery conference pursuant to Local Rule 37.1 of the U.S. District Court of Massachusetts in connection with the above identified case. To date, Iceland Express has failed to comply with its discovery obligations. The deficiencies are identified below. Plaintiff's prior Motion to Compel was denied as moot with leave to refile based upon the alleged deficiencies. We hope to resolve these issues without the need to file another motion.

      1.    Iceland Express has failed to provide addresses for the persons identified on its initial disclosure. Iceland Express has also failed to distinguish current and former employees for the persons identified on its initial disclosure. Several times you have promised to provide this information, but to date it has not been provided.

      2.    Iceland Express has failed to produce the documents identified in its initial disclosure, despite a discovery request with respect to such documents.

      3.    With respect to its response to Plaintiff's First Set of Interrogatories, Iceland Express has asserted a number of general objections. All objections were waived by failure to assert them within the time required by the Federal Rules of Civil Procedure. See Order of Magistrate Judge Robert B. Collings dated May 26, 2006; L.R. 33.1(C)(1) and L.R. 34.1(C)(1). To the extent that Iceland Express has withheld any information pursuant to such objections, the information must be provided.

**Specializing In Intellectual Property Law**

Richard B. Kirby, Esq.
Matthew P. Zayotti, Esq.
June 14, 2006
Page 2

4. Iceland Express has failed to fully respond to Interrogatories Nos. 1, 3, 6-9 and 16, in that the interrogatory instructions requested information, such as addresses, telephone numbers, and nature of employment or business, regarding individuals and entities responsive to interrogatories. Iceland Express has failed to provide any such information. The information is necessary in order to locate such persons who may have knowledge relevant to this matter.

5. Iceland Express submitted objections to Interrogatories Nos. 12-15. As noted above, all objections were waived when they were not timely asserted. Therefore, complete responses to all of these interrogatories are requested. Furthermore, Sutra disagrees with the asserted objections. The requested information is relevant to this matter and must be provided.

6. In response to Interrogatory No. 11, Iceland Express asserts that it lacks knowledge of its policies and procedures for protecting confidential information. This is a meaningless response. Iceland Express may have not such policies or procedures, but it cannot lack knowledge of its own policies and procedures. A proper response is requested.

7. With respect to its response to Plaintiff's First Set of Requests for Production of Documents, Iceland Express has asserted a number of general objections. All objections were waived by failure to assert them within the time required. To the extent that Iceland Express has withheld any documents pursuant to such objections, the documents must be produced.

8. Iceland Express submitted objections to Requests Nos. 4, 5, 11-15, 17 and 19. . As noted above, all objections were waived when they were not timely asserted. Therefore, production of responsive documents are requested. Furthermore, Sutra disagrees with the asserted objections. The requested documents are relevant to this matter and must be produced.

9. Iceland Express has asserted, in response to Request No. 6, that it has no communications "referring or relating to the creation, development, functionality and/or operation of ticket.net." This assertion lacks credibility. Iceland Express has used this reservation system for almost three years. Yet, it asserts that in that time it has had no communications, internal or external, regarding its functionality or operation.

10. Iceland Express stated that it was going to produce documents responsive to Request No. 8 the following week. To date, not such documents have been received. Iceland Express identified one contract in it initial disclosures which should have been responsive to this request. That document has not been produced.

11. In response to various requests, Iceland Express has indicated that it does not have any responsive documents. For some, it clearly had responsive documents in the past. The instructions requested identification of such documents and information regarding the current or prior location and/or custodian of such documents and the disposition of such documents. For example, Request No. 10 requests a copy of every script or program used by Icleand Express to access the AirKiosk system. Iceland Express has admitted that it used a script to access the

Richard B. Kirby, Esq.
Matthew P. Zayotti, Esq.
June 14, 2006
Page 3


AirKiosk system. Thus, such a document was previously in the possession of Iceland Express, where currently so or not. Such documents should be clearly identified pursuant to the requests.

     12.     On March 27, 2006, Sutra served deposition notices for Iceland Express, Gunnar Karl Nielsson, Einar Valdimarsson, and Johaness Georgsson. The depositions were to be taken April 11-14, 2006. In response to the notices, you indicated that the deponents would not be available at that time. You further indicated that several of the individual deponents might no longer be employed by Iceland Express. You agreed to identify those individuals who were still employed by Iceland Express and provide dates when they would be available, either in the United States or in Iceland. Over two months later, you have still not provided this information nor produced the deponents. We request that you provide us with dates for which the deponents will be produced for deposition in the United States, either in your offices or mine.

     I wish to resolve these matters as expeditiously as possible, since discovery is again set to close. The improperly withheld information and documents are necessary to prepare this case.

     I would like to hold this conference on Monday, June 19, 2006 at 1:00 pm by telephone. If this day and time are not convenient, please let me know when would be an acceptable time. If I do not hear from you, I will call you at the designated time for the conference.

                                                     Very truly yours,

                                                     Brett N. Dorny

# EXHIBIT B



**Law Office of Brett N. Dorny**

386 West Main Street, Suite 12A
Northborough, Massachusetts 01532
508-709-0501

*Brett N. Dorny*
*bndorny@dornylaw.com*

*508-709-0493 Direct*
*508-519-9185 Fax*

July 28, 2006

Matthew P. Zayotti, Esquire
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, Massachusetts 02110

Re: Sutra Inc. v. Iceland Express ehf
Civil Action No. 04-CV-11360

Dear Matt:

When we last talked over a month ago, you agreed to address certain discovery issues. We agreed not to file a Motion to Compel based upon your promises. To date, we have received no additional information or documents from you. Although the Court has granted our latest requested change to the scheduling order, we need to proceed with discovery so that it can be completed by the end of October.

Specifically, we request the following:

1. Identify the persons to be produced by Iceland Express for deposition, the dates and locations for such depositions. I need to make appropriate travel arrangements and have other matters to schedule for the coming months. You had suggested the second week of September, but I do not believe that was definite yet.

2. You were going to check on the process for a court reporter for the depositions in Iceland. We need to have this proper scheduled.

3. Provide the contact information (addresses and telephone numbers) for all persons and organizations identified in your initial disclosures and interrogatory answers.

4. Provide the documents identified in your initial disclosures.

*Specializing In Intellectual Property Law*

Matthew P. Zayotti, Esq.
July 28, 2006
Page 2

    5.    Provide all information and documents responsive to Sutra's interrogatories and document requests, as outlined in my letter to you of June 14, 2006. Alternatively, please indicate what you are still withholding so that an appropriate motion can be filed to compel its production. Please provide a privilege log if you are withholding any documents on the basis of attorney-client privilege.

    The information and document must be provided at least a week before the depositions so that they can be properly reviewed beforehand.

                               Very truly yours,

                               Brett N. Dorny

# EXHIBIT C



**Law Office of Brett N. Dorny**

386 West Main Street, Suite 12A
Northborough, Massachusetts 01532
508-709-0501

*Brett N. Dorny*
*bndorny@dornylaw.com*

508-709-0493 Direct
508-519-9185 Fax

September 7, 2006

VIA FACSIMILE AND US MAIL

Matthew P. Zayotti, Esquire
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, Massachusetts 02110

    Re:    Sutra, Inc. v. Iceland Express ehf
              Civil Action No. 04-11360-DPW

Dear Matt

    I hereby request a discovery conference pursuant to Local Rule 37.1 of the U.S. District Court of Massachusetts in connection with the above identified case. To date, Iceland Express has failed to comply with its discovery obligations. The deficiencies were identified in my letter to you and Mr. Kirby of June 14, 2006 and my letter to you of July 28, 2006.

    In response to my June 14 letter, we conducted a discovery conference by telephone on June 23, 2006. During that telephone conference, you indicated that Iceland Express would produce witnesses for deposition in Iceland the second week of September. Despite a letter and several telephone messages from me, you have yet to provide any information regarding these depositions. You were also going to check on a court reporter to record the depositions. Finally, we are still awaiting additional documents and interrogatory answers which you promised to provide during the discovery conference.

    I would like to hold this conference on Tuesday September 12, 2006 at 1:00 pm by telephone. If this day and time are not convenient, please let me know when would be an acceptable time. If I do not hear from you, I will call you at the designated time for the conference.

                                          Very truly yours,

                                          Brett N. Dorny