# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11360-DPW

|  |  |
|---|---|
| SUTRA, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
|  | ) |
| ICELAND EXPRESS, EHF, | ) |
| Defendant. | ) |

### DEFENDANT ICELAND EXPRESS, EHF'S RESPONSES TO PLAINTIFF SUTRA, INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Iceland Express, ehf hereby responds to Plaintiff's First Set of Interrogatories as follows.

### GENERAL OBJECTIONS

Defendant objects generally to the interrogatories to the extent that they seek information described as "relating to" or "referring to" on the grounds that such interrogatories do not describe with particularity the information sought.

2. Defendant objects generally to the interrogatories insofar as they purport to seek information or documents protected by the attorney-client privilege, the work-product or trial preparation doctrines, or any other applicable privilege or protective doctrine.

3. Defendant objects generally to the interrogatories to the extent they request information or documents already in the possession, control and/or custody of Plaintiff.

4. Defendant objects generally to the interrogatories to the extent that they are overly broad, unduly vague, burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects generally to the interrogatories to the extent that they seek information that is not relevant to the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence.

6. Where a response to any interrogatory may be derived or ascertained from the business records of the Defendant, or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for all parties, the Defendant reserves the right to produce generally the documents and to afford the requesting party reasonable opportunity to examine, audit or inspect such records, and to make copies, compilations, abstracts or summaries thereof at the requester's expense.

## RESPONSES AND SPECIFIC OBJECTIONS

The foregoing general objections are hereby made a part of and incorporated by this reference in each and every specific response hereinafter made to the respective numbered paragraphs of the Plaintiff's' First Set of Interrogatories. Subject to such general objections, the Defendant responds to the respective numbered paragraphs of the Plaintiff's First Set of Interrogatories as follows:

Interrogatory No. 1

Identify all individuals likely to have discoverable information as required by Rule 26(a)(1)(A).

Response No. 1

See Defendant Iceland Express, ehf's Initial Disclosure Statement.

Interrogatory No. 2

Identify each and every airline reservation software program used or tested by Iceland Express, including all versions, and the corresponding dates when such use or testing commenced and ended.

Response No. 2

2

Iceland Express has only used two systems: Airkiosk and ticket.net

Interrogatory No. 3

Separately for each airline reservation software program identified in response to Interrogatory No. 2, identify the entity from whom it was obtained.

Response No. 3

Ticket.net was obtained from Tommy Wiberg. Airkiosk was obtained from Sutra, Inc.

Interrogatory No. 4

Identify all contracts and agreements referring to relating to each airline reservation software program identified in response to Interrogatory No. 2.

Response No. 4

Airkiosk System Application Service Provider Agreement between Sutra, Inc. and Iceland Express ehf

Interrogatory No. 5

Identify all communications between Iceland Express and any other entity referring or relating to any reservation software program including but not limited to the date of the communication, the participants in the communication, the reservation software program involved, and the nature of the communication.

Response No. 5

The Defendant has made reasonable inquiry and the information known or readily obtainable by the Defendant is insufficient to enable the Defendant to respond to this interrogatory. Further responding, the Defendant states that the individuals with knowledge or information responsive to this interrogatory are no longer employed by the Defendant. The Defendant reserves the right to supplement this response if information responsive to this interrogatory becomes available. Further, to the extent that a response to this interrogatory may be derived or ascertained from the business records of the Defendant, or from an examination, audit or inspection of such business records, including

3

a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for all parties, the Defendant reserves the right to produce generally the documents and to afford the Plaintiff reasonable opportunity to examine, audit or inspect such records, and to make copies, compilations, abstracts or summaries thereof

Interrogatory No. 6

Identify, separately for each airline reservation software program identified in response to Interrogatory No.2, all persons involved in the evaluation and/or selection of such Airline reservation software program for use or testing.

Response No. 6

Sigurður Ingi Halldórsson

Aðalsteinn Magnússon

Jóhannes Georgsson

Einar Valdimarsson

Interrogatory No. 7

Identify, separately for each airline reservation software program identified in response to Interrogatory No.2, all persons involved in the creation or development of such airline reservation software program.

Response No. 7

See response to interrogatory number 2.

Interrogatory No. 8

Identify all consultants and independent contractors engaged by Iceland Express with respect to any airline reservation software program, including but not limited to the identity of the consultants or independent contractors, the dates of engagement, and the services rendered.

Response No. 8

The Defendant has made reasonable inquiry and the information known or readily obtainable by the Defendant is insufficient to enable the Defendant to respond to this

4

interrogatory. Further responding, the Defendant states that the individuals with knowledge or information responsive to this interrogatory are no longer employed by the Defendant. The Defendant reserves the right to supplement this response if information responsive to this interrogatory becomes available.

Interrogatory No. 9

For each software program created by or on behalf of Iceland Express which was used to access any information from the AirKiosk system, identify the nature of the software program. The persons who created it, the purpose for which it was created, and the dates it was used.

Response No. 9

Gunnar K. Níelsson

Tommy Wiberg

Interrogatory No. 10

Identify all persons employed or engaged by Iceland Express who were authorized to access the AirKiosk system including the dates of such authorization and the position of such person.

Response No. 10

The Defendant has made reasonable inquiry and the information known or readily obtainable by the Defendant is insufficient to enable the Defendant to respond to this interrogatory. Further responding, the Defendant states that the individuals with knowledge or information responsive to this interrogatory are no longer employed by the Defendant. The Defendant reserves the right to supplement this response if information responsive to this interrogatory becomes available.

Interrogatory No. 11

Identify the policies and procedures of Iceland Express for protecting confidential information and trade secrets, including but not limited to all steps taken with respect to the AirKiosk system.

Response No. 11

5

The Defendant has made reasonable inquiry and the information known or readily obtainable by the Defendant is insufficient to enable the Defendant to respond to this interrogatory. Further responding, the Defendant states that the individuals with knowledge or information responsive to this interrogatory are no longer employed by the Defendant. The Defendant reserves the right to supplement this response if information responsive to this interrogatory becomes available.

Interrogatory No. 12

Identify all revenues, expenses and profits of Iceland Express by year.

Response No. 12

Iceland Express objects to this interrogatory on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this interrogatory on the grounds that it calls for confidential and/or proprietary business and/or financial information. The Defendant further objects to this interrogatory on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

Interrogatory No. 13

Identify all amounts paid by Iceland Express by month in connection with each airline reservation software program identified in response to Interrogatory No.2.

Response No. 13

Iceland Express objects to this interrogatory on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The

6

Defendant further objects to this interrogatory on the grounds that it calls for confidential and/or proprietary business and/or financial information. The Defendant further objects to this interrogatory on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

Interrogatory No. 14

Identify by month, the number of passenger reservations booked and passengers boarded by Iceland Express.

Response No. 14

Iceland Express objects to this interrogatory on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this interrogatory on the grounds that it calls for confidential and/or proprietary business and/or financial information. The Defendant further objects to this interrogatory on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

Interrogatory No. 15

Identify all accusations, claims, suits, and causes of action made against Iceland Express with respect to any airline reservation software system, including but not limited to the dates thereof, entities involved court or administrative body involved (if any), and current status.

Response No. 15

Iceland Express objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this interrogatory on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested. Without waiving and subject to the

foregoing objections, the Defendant states that it was involved in a dispute arising from its prospect use of an airline reservation system designed by Quest. When Iceland Express decided not to use Quest's program, the parties entered into a settlement pursuant to which Iceland Express paid Quest 25,000 Euros.

Interrogatory No. 16

Identify all persons who provided information or were consulted in connection with responding to these Interrogatories or providing documents in response to Plaintiff's First Set of Requests for Production of Documents.

Response No. 16

Birgir Jonsson

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _____ DAY OF APRIL, 2006.

As to objections,

/s/ Matthew P. Zayotti

Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: April 7, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document(s) was served upon the attorney of record for each other party by hand-delivery - US Mail on April 7, 2006.

/s/ Matthew P. Zayotti

8