# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 1360-DPW

SUTRA, INC.

    Plaintiff,

v

ICELAND EXPRESS EHF,

    Defendant.

## DEFENDANT ICELAND EXPRESS EHF'S ANSWERS TO PLAINTIFF SUTRA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, the Defendant, Iceland Express, ehf, hereby responds to the Plaintiff's First Request for Production of Documents

## GENERAL OBJECTIONS

The Defendant objects generally to the requests for production in each and every instance in which they request information protected by the attorney-client privilege, work product doctrine or which is otherwise protected from discovery

2.    The Defendant objects generally to the requests for production in each and every instance in which they are beyond the permissible scope of discovery as provided by Rule 26(b) of the Federal Rules of Civil Procedure or are an annoyance, embarrassing, oppressive, or unduly burdensome or expense

3.    Where a response to any request for production may be derived or ascertained only from a detailed examination, audit or inspection of such records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the responsiveness of each document or thing is substantially the same for all parties, the Defendant reserves the right to produce generally the documents and to afford the

requesting party reasonable opportunity to examine, audit or inspect such records, and to make copies, compilations, abstracts or summaries thereof at the requester's expense.

4. Defendant objects generally to each request to the extent and degree to which it calls for the production of documents or things not within the custody or control of the Defendant.

5. Defendant objects generally to each request that identifies a document by use of the terms "relating to" or "referring to" on the grounds that such terms fail to describe the document or thing sought to be produced with reasonable particularity required as by Rule 34(b).

6. Defendant objects generally to each request which fails to specify a relevant time period to which it pertains on the grounds that such request is overbroad, unduly burdensome and insufficient to satisfy the requirements that the documents be specified with reasonable particularity in conformity with Rule 34(b). Defendant further objects to any request to the extent that it calls for the production of documents which post date the filing of the Complaint in this action or which were prepared in contemplation of or in response to the instant litigation, or otherwise constitutes or represents the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of the Defendant concerning the litigation.

7. Defendant objects generally to making production by copying documents and transmitting them to counsel for the requesting party on the grounds that the Defendant is not required to do so under Rule 34 of the Federal Rules of Civil Procedure.

8. The Defendant generally objects to the "Definitions and Instructions" to the extent the requesting party seeks information beyond the scope of discovery under Rules 26 and 34 of the Federal Rules of Civil Procedure. Such "Definitions and Instructions" are

2

overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

## SPECIFIC RESPONSES AND OBJECTIONS

The foregoing General Objections are hereby made a part of and incorporated by this reference in each and every specific response hereinafter made to the respective numbered paragraphs of Plaintiffs' First Set of Requests for Production of Documents. Subject to such General Objections, the Defendant responds to the respective numbered paragraphs of the Plaintiffs' request for documents as follows:

Request No. 1

All documents required to be produced or identified by Rule 26(a)(1), Fed. R. Civ. P.

Response No. 1

In response to this request, the Defendant hereby produces documents labeled KW00001 through KW00191  In further response to this request, the Defendant states that it is in the process of assembling additional documents responsive to this request that are expected to be produced early next week.

Request No. 2

All communications between Iceland Express and Sutra.

Response No. 2

See Response No. 1 above.

Request No. 3

All communications between Iceland Express and any third party referring or relating to the AirKiosk system.

Response No. 3

3

The Defendant objects to this request to the extent that it seeks information protected by the attorney-client privilege and or attorney-work product doctrine. Without waiving and subject to the foregoing objection, see Response No. 1 above.

Request No. 4

All communications between Iceland Express and any third party referring or relating to any airline reservation software program.

Response No. 4

The Defendant objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this request to the extent that it seeks information protected by the attorney-client privilege and or attorney-work product doctrine. Without waiving and subject to the foregoing objection, see Response No. 1 above.

Request No. 5

All communications between Iceland Express and Tommy Wiberg or any entity employing, owned by, or operated by Tommy Wiberg.

Response No. 5

The Defendant objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this request to the extent, if any, that it seeks confidential employment and or personnel records relating to Tommy Wiberg. Without waiving and subject to the foregoing objection, see Response No. 1 above.

Request No. 6

All communications referring to relating to the creation, development, functionality and/or operation of ticket net.

Response No. 6

Iceland Express does not have any documents in its possession, custody or control responsive to this request.

Request No. 7

All communications referring to relating to the creation, development, functionality and/or operation of GoodJet.

Response No. 7

Iceland Express does not have any documents in its possession, custody or control responsive to this request.

Request No. 8

All contracts and agreements referring or relating to each airline reservation software program identified in response to Interrogatory No.2.

Response No. 8

The Defendant is in the process of assembling documents responsive to this request that are expected to be produced early next week.

Request No. 9

A copy of the source code for each version of each airline reservation software program identified in response to Interrogatory No.2.

Response No. 9

Iceland Express does not have any documents in its possession, custody or control responsive to this request.

Request No. 10

A copy of the each script or program created by or on behalf of Iceland Express which was utilized to access any portion of the AirKiosk system, including but not limited to the script executed on or about June 26, 2003.

5

Response No. 10

Iceland Express does not have any documents in its possession, custody or control responsive to this request

Request No. 11

All documents referring or relating to any claim or dispute between Iceland Express and any other entity relating to an airline reservation software program, including, but not limited to all pleadings and documents produced in any court or administrative proceeding.

Response No. 11

Iceland Express objects to this request on the grounds that it is overly broad, unduly vague and burdensome  The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.  The Defendant further objects to this interrogatory to the extent that it calls for confidential and/or proprietary business and/or financial information  The Defendant further objects to this interrogatory on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

Request No. 12

Documents sufficient to identify all amounts paid by Iceland Express for any airline reservation software program.

Response No. 12

Iceland Express objects to this request on the grounds that it is overly broad, unduly vague and burdensome  The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving and subject to the foregoing objections, the Defendant states that it has no documents in its possession, custody or control responsive to this request.

Request No. 13

All financial statements of Iceland Express.

Response No. 13

Iceland Express objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this request on the grounds that it calls for confidential and/or proprietary business and/or financial information. The Defendant further objects to this request on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

Request No. 14

Documents sufficient to identify the revenues, expenses, profits (gross and net) of Iceland Express, by year.

Response No. 14

Iceland Express objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this request on the grounds that it calls for confidential and/or proprietary business and/or financial information. The Defendant further objects to this request on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

Request No. 15

Documents sufficient to identify the numbers of passenger reservations booked and the numbers of passengers boarded by Iceland Express, by month.

Response No. 15

Iceland Express objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this request on the grounds that it calls for confidential and/or proprietary business and/or financial information. The Defendant further objects to this request on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

Request No. 16

All documents referring or related to the AirKiosk system.

Response No. 16

See Response No. 1 above.

Request No. 17

All documents referring or relating to the creation, development, implementation, operation, functionality and performance of each airline reservation software program identified in response to Interrogatory No.2.

Response No. 17

Iceland Express objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and or attorney work-product doctrine. Without waiving and subject to the foregoing objections, the Defendant states that it has no documents in its possession, custody or control responsive to this request.

8

Request No. 18

All documents referring or relating to the AirKiosk system.

Response No. 18

See Response No. 1 above.

Request No. 19

All manuals and other documentation referring or relating to each airline reservation software program identified in response to Interrogatory No. 2.

Response No. 19

Iceland Express objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to the foregoing objections, the Defendant states that it has no documents in its possession, custody or control responsive to this request.

Request No. 20

All written policies and procedures of Iceland Express for preserving confidential information and trade secrets.

Response No. 20

Iceland Express does not have any documents in its possession, custody or control responsive to this request.

Request No. 21

All documents reviewed, relied upon and/or consulted in responding to any of Plaintiffs First Set of Interrogatories.

Response No. 21

See Response No. 1.

9

DEFENDANT ICELAND EXPRESS EHF.

By its attorneys,

_/s/ Matthew P. Zayotti_
Richard B. Kirby, BBO #273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, MA 02110-3113
(617) 951-1400

Dated: April 2, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document(s) was served upon the attorney of record for each other party by hand-delivery - US Mail on April 2, 2006

_/s/ Matthew P. Zayotti_

10