UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11360-DPW

| | |
|---|---|
| SUTRA, INC., | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) |
| ICELAND EXPRESS, EHF, | ) ) |
|     Defendant. | ) |

### DEFENDANT ICELAND EXPRESS, EHF'S OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL

The Defendant Iceland Express, ehf hereby opposes Plaintiff's Second Motion to Compel. In support of this opposition, and for reasons more fully set forth in the attached memorandum of law and supporting affidavit filed herewith, the Defendant states as follows:

1. The depositions of Iceland Express, Mr. Nielsson and any of its former employees should be taken pursuant to Fed. R. Civ. P. 28(b)(3) before a person authorized to administer oaths by the laws of Iceland or, in the alternative, in accordance with Fed. R. Civ. P. 28(b)(2) pursuant to a letter of request (whether or not captioned as a letter rogatory);

2. Sutra's motion to compel further responses to interrogatory nos. 3, 6, 9 and 16 must be denied because Iceland Express provided the information called for and/or Sutra failed to confer with Iceland Express pursuant to Local Rule 37.1(b);

3. Sutra's motion to compel further responses to interrogatory no. 11 must be denied because the information known or readily obtainable by Iceland Express is insufficient to enable Iceland Express to respond;

4. Sutra's motion to compel further responses to interrogatory nos. 12-14 must be denied because they are plainly objectionable on the grounds asserted by Iceland Express;

5. Sutra's motion to compel further responses to document request nos. 4 and 5 must be denied because they are plainly objectionable on the grounds asserted by Iceland Express;

6. Sutra's motion to compel further responses to document request no. 6 must be denied because Iceland Express cannot be compelled to produce that which it does not have in its possession, custody or control;

7. Sutra's motion to compel further responses to document request no. 8 must be denied in the absence of an appropriate protective order because the requested information constitutes confidential and/or proprietary non-public business information;

8. Sutra's motion to compel further responses to document requests nos. 11-15 must be denied for the same reasons that this court must deny Sutra's motion to compel further responses to Sutra's corresponding interrogatories;

9. Iceland should not be deemed to have waived objections that are plainly valid;

10. Sutra's request for attorney's fees in bringing its motion to compel must be denied because Iceland Express's nondisclosure and/or objections were substantially justified.

WHEREFORE, the Defendants respectfully request that this Honorable Court deny Plaintiff's Second Motion to Compel to Compel.

DEFENDANT ICELAND EXPRESS, EHF
By its attorneys,

Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: November 10, 2006

---

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on ___November 11, 2006___.

---