UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11360-DPW

| | |
|---|---|
| SUTRA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ICELAND EXPRESS, EHF, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT ICELAND EXPRESS, EHF'S MEMORANDUM OF LAW
IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S
SECOND MOTION TO COMPEL DISCOVERY**

The Defendant Iceland Express, ehf hereby submits this Memorandum of Law in Support of its Opposition to Plaintiff's Second Motion to Compel Discovery

## I. ARGUMENT

**A.    THE DEPOSITIONS OF ICELAND EXPRESS, EHF AND ANY OF ITS FORMER EMPLOYEES SHOULD BE TAKEN PURSUANT TO FED. R. CIV. P. 28(B)(3) BEFORE A PERSON AUTHORIZED TO ADMINSTER OATHS BY THE LAWS OF ICELAND OR, IN THE ALTERNATIVE, IN ACCORDANCE WITH FED. R. CIV. P. 28(B)(2) PURSUANT TO A LETTER OF REQUEST**

For the reasons set forth below, the depositions of IEX, Gunnar Karl Nielsson and any other former employees of IEX should be taken pursuant to Fed. R. Civ. P. 28(b)(3) before a person authorized to administer oaths by the laws of Iceland or, in the alternative, pursuant to a letter of request (whether or not captioned as a letter rogatory) in accordance with Fed. R. Civ. P. 28(b)(2).

Sutra's argument that IEX should be compelled to appear for its deposition because IEX "has not cooperated in proceeding wit the noticed deposition and has

indicated it would refuse to appear for the scheduled deposition" is both inaccurate and misleading. Contrary to Sutra's argument that IEX has refused to cooperate and appear for depositions, IEX informed Sutra that IEX had designated three individuals to testify on its behalf pursuant to Fed. R. Civ. P. 30(b)(6), and that IEX would make them available in Iceland during the week of October 16, 2006. Specifically, IEX designated former employee Gunnar Karl Nielsson, current IEX CEO Birgir Jonsson, and current IEX computer specialist Omar Olafsson. Zayotti Affidavit, at ¶ 3. Additionally, although IEX no longer employs any of the individuals knowledgeable about the alleged events and circumstances that give rise to Sutra's claims, including but not limited to Einar Validmarsson, Gunnar Karl Nielsson and Johannes Georgson (the three individuals whose depositions Sutra noticed), IEX informed Sutra that IEX had arranged for Mr. Nielsson to appear voluntarily for his deposition during the week of October 16th. Id. at ¶ 4.[1]

By the same token, there is no real disagreement that the deposition of IEX should be taken in Iceland. Indeed, Sutra is requesting in the first instance that this Court issue a commission pursuant to Fed. R. Civ. P. 28(b)(4), authorizing a lawyer in Reykjavik, Iceland to administer an oath to the deponents and record their depositions audibly, in

---

[1] Sutra acknowledges that it was informed by IEX that "some or all of the noticed employees no longer work for Iceland Express," but erroneously states that IEX "has never identified which ones." Plaintiff's Memorandum of Law, at 19. Contrary to Sutra's contention, on September 27, 2006 counsel for IEX conferred with Sutra's counsel, confirmed that IEX no longer employs any of the individuals in question, and by letter dated September 28, 2006, provided all pertinent contact information in IEX's possession, custody or control. Zayotti Affidavit, at ¶ 3 and Exh. A. Moreover, Sutra was generally aware that IEX no longer employed the individuals in question by virtue of IEX's responses to interrogatories, wherein IEX stated that it had made reasonable inquiry and the information known or readily obtainable by the Defendant was insufficient to enable the Defendant to respond since the "individuals with knowledge or information responsive to this interrogatory are no longer employed by the Defendant". Dorny Declaration, Exh. C. Moreover, although IEX obtained and provided the relevant contact information to Sutra, Sutra's counsel indicated that he did not intend to take any steps to secure or compel the presence of any of the individuals in question at a deposition. Zayotti Affidavit, at ¶ 8.

2

Iceland. Plaintiff's Memorandum, at 21. Although Sutra perfunctorily states in the alternative that "the depositions could be held in Massachusetts, if the procedures for holding it in Iceland are too complicated," Plaintiff's Memorandum of Law, at 19-20, citing, Messerschmitt Bolkow Blohm GmbH, 757 F.2d 729 (5th Cir. 1985), cert. granted, judgment vacated, 483 U.S. 1002, 107 S.Ct. 3223, 97 L.Ed.2d 730 (1987) and In re Anschuetz & Co., GmbH, 838 F.2d 1362 (5th Cir. 1988), cert. granted, judgment vacated, 483 U.S. 1002, 107 S.Ct. 3223, 97 L.Ed.2d 730 (1987), Sutra does not seriously argue that the depositions should be held here.

Indeed, IEX would not be able to produce Gunnar Karl Nielsson and/or other former employees for depositions in the United States, nor would this Court be able to compel their attendance here. Obviously, IEX does not control its former employees, nor are they subject to the personal jurisdiction of this Court. Moreover, with respect to the Rule 30(b)(6) deposition of IEX, the well-settled rule is that "the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when, as in this case, the corporation is the defendant." Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979), citing, 8 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2112 at 410 (1970); 4 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 26.70[1.-4] (3d ed. 1976). See also, Work v. Bier, 107 F.R.D. 789, 792 n.4 (D.C.D.C. 1985) ("Absent exceptional circumstances, the deposition of a defendant corporation by its agents and officers should ordinarily be taken at its principal place of business."); Thomas v. Int'l Business Machines, 48 F.3d 478, 483 (10th Cir. 1995) (same); Mitchell v. American Tobacco Company, 33 F.R.D. 262, (M.D.Pa. 1963) ("The courts have generally held that depositions of officials of a corporate party should

3

be taken at the corporation's principal place of business."); Dunn v. Standard Fire Ins. Co., 92 F.R.D. 31, 32 (D.C.Tenn., 1981) (same); Farquhar v. Shelden, 116 F.R.D. 70, 72 (E.D.Mich. 1987) (same); Zuckert v. Berkliff Corp., 96 F.R.D. 161, 162 (N.D.Ill.1982) (same); Mill Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 550 (S.D.N.Y. 1989) (same); Zane S. Blanchard & C., Inc. v. PSPT Ltd., 1995 WL 17211932, *6 (D.N.H. 1995) (after denying defendant's motion to dismiss for forum non conveniens, and notwithstanding financial disparity between parties, stating that rationale for general rule is that defendant is not before forum court by choice, but because plaintiff brought suit there and plaintiff "should not thereafter be heard to complain about being required to take some discovery where defendant and its officers and directors are located, even if that location is far beyond the forum court").

In any event, the only real area of disagreement regarding the depositions is the procedure by which, and the person before whom, they will be taken. In that regard, Sutra's request to commission a lawyer in Iceland to take and record the testimony should be denied because the procedure proposed by Sutra would offend traditional notions of international comity and could not be unilaterally imposed upon Mr. Nielsson and any other former employees of IEX without their consent. As Sutra acknowledges by and through its attorney, "Iceland does not have the equivalent of a court reporter and has no procedures for taking or recording [pretrial] depositions or for swearing witnesses." Dorny Declaration, at ¶ 18. On the contrary, "[t]he only testimony taken in Iceland is in open court before a judge, which is recorded audibly." Id. Thus, the deposition procedure proposed Sutra would be especially problematic and ineffective in this case because, as previously stated, it could not be imposed upon Mr. Nielsson and any other

4

former employees of IEX who are knowledgeable about the alleged events and circumstances that give rise to Sutra's claims. <u>Zayotti Affidavit</u>, at ¶¶4-5, 8-9.

Rather than the procedure proposed by Sutra, the Court should order that the depositions be conducted pursuant to Fed. R. Civ. P. 28(b)(3), which provides, in relevant part, that depositions in foreign countries may be taken before a person authorized to administer an oath under the law of the place where the deposition is to be taken. Alternatively, this Court should order that the depositions betaken pursuant to a letter of request (whether or not captioned as a letter rogatory) in accordance with Fed. R. Civ. P. 28(b)(2). Fed. R. Civ. P. 28, Advisory Committee Notes ("In executing a letter rogatory the courts of other countries may be expected to follow their customary procedure for taking testimony."). This would insure that the depositions would be conducted in a manner consistent with the laws and customary procedure of Iceland, i.e., in open court before a judge and recorded audibly, such that Mr. Nielsson and any other former employees of IEX could be expected and required to submit to the deposition process. Moreover, although witnesses in Iceland do not swear an oath in the same manner as they do here in the United States, the procedure followed by judges in Iceland whereby they admonish witness that they have an obligation to testify truthfully and that they may be punished under the laws of Iceland if they fail to do so, should be more than adequate to serve the underlying purposes of the oath.

**B.    SUTRA'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES NO. 3, 6, 9 AND 16 MUST BE DENIED BECAUSE IEX PROVIDED THE INFORMATION CALLED FOR AND/OR FAILED TO CONFER WITH IEX PURSUANT TO LOCAL RULE 37.1(B)**

5

Interrogatory No. 3

Separately for each airline reservation software program identified in response to Interrogatory No. 2, identify the entity from whom it was obtained.

Response No. 3

Ticket.net was obtained from Tommy Wiberg. Airkiosk was obtained from Sutra, Inc.

Interrogatory No. 6

Identify, separately for each airline reservation software program identified in response to Interrogatory No.2, all persons involved in the evaluation and/or selection of such Airline reservation software program for use or testing.

Response No. 6

Sigurður Ingi Halldórsson

Aðalsteinn Magnússon

Jóhannes Georgsson

Einar Valdimarsson

Interrogatory No. 9

For each software program created by or on behalf of Iceland Express which was used to access any information from the AirKiosk system, identify the nature of the software program. The persons who created it, the purpose for which it was created, and the dates it was used.

Response No. 9

Gunnar K. Níelsson

Tommy Wiberg

Interrogatory No. 16

Identify all persons who provided information or were consulted in connection with responding to these Interrogatories or providing documents in response to Plaintiff's First Set of Requests for Production of Documents.

Response No. 16

       Einar Valdimarsson

Sutra's motion to compel further responses to Interrogatory No. 3 must be denied because Sutra never conferred with IEX pursuant to Local Rule 37.1(B) regarding contact information for Tommy Wiberg. <u>Zayotti Affidavit</u>, at ¶ 13. As for Interrogatory Nos. 6, 9 and 16, Sutra's motion to compel further responses must be denied because IEX has already supplied to Sutra all responsive information in IEX's possession, custody and control. <u>Id.</u>, Exh. A.

**C. SUTRA'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORY NO. 11 MUST BE DENIED BECAUSE THE INFORMATION KNOWN OR READILY OBTAINABLE BY IEX IS INSUFFICIENT TO ENABLE IEX TO RESPOND**

Interrogatory No. 11

       Identify the policies and procedures of Iceland Express for protecting confidential information and trade secrets, including but not limited to all steps taken with respect to the AirKiosk system.

Response No. 11

       The Defendant has made reasonable inquiry and the information known or readily obtainable by the Defendant is insufficient to enable the Defendant to respond to this interrogatory. Further responding, the Defendant states that the individuals with knowledge or information responsive to this interrogatory are no longer employed by the Defendant. The Defendant reserves the right to supplement this response if information responsive to this interrogatory becomes available.

Sutra's motion to compel further responses to Interrogatory No. 11, which seeks the "policies and procedures of Iceland Express for protecting confidential information and trade secrets, including but not limited to all steps taken with respect to the AirKiosk system," must be denied because the information known or readily obtainable by IEX is insufficient to enable IEX to respond. This is because IEX no longer employs any of the

7

individuals with knowledge or information responsive to this interrogatory. The language of Interrogatory No. 11 is not reasonably susceptible of the strained interpretation now advanced by Sutra that it seeks information regarding IEX's policies and procedures for protecting confidential information of any sort as distinguished from alleged confidential information relating to the AirKiosk system. However, to the extent, if any, that this court accepts Sutra's unlimited interpretation of Interrogatory No. 11, the Court should nevertheless deny Sutra's motion to compel because the interrogatory is patently overbroad, unduly vague and burdensome and seeks information that is neither relevant to the subject matter of this litigation and which is not reasonably calculated to lead to the discovery of admissible evidence.

**D.    SUTRA'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORY NOS. 12-14 MUST BE DENIED BECAUSE THEY ARE PLAINLY OBJECTIONABLE ON THE GROUNDS ASSERTED BY IEX**

Interrogatory No. 12

Identify all revenues, expenses and profits of Iceland Express by year.

Response No. 12

Iceland Express objects to this interrogatory on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this interrogatory on the grounds that it calls for confidential and/or proprietary business and/or financial information. The Defendant further objects to this interrogatory on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

Interrogatory No. 13

Identify all amounts paid by Iceland Express by month in connection with each airline reservation software program identified in response to Interrogatory No.2.

Response No. 13

Iceland Express objects to this interrogatory on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this interrogatory on the grounds that it calls for confidential and/or proprietary business and/or financial information. The Defendant further objects to this interrogatory on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

Interrogatory No. 14

Identify by month, the number of passenger reservations booked and passengers boarded by Iceland Express.

Response No. 14

Iceland Express objects to this interrogatory on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this interrogatory on the grounds that it calls for confidential and/or proprietary business and/or financial information. The Defendant further objects to this interrogatory on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested.

Interrogatory No. 15

Identify all accusations, claims, suits, and causes of action made against Iceland Express with respect to any airline reservation software system, including but not limited to the dates thereof, entities involved court or administrative body involved (if any), and current status.

Response No. 15

Iceland Express objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this interrogatory on the grounds that it is designed to annoy, embarrass and oppress the Respondent by seeking the documents requested. Without waiving and subject to the foregoing objections, the Defendant states that it was involved in a dispute arising from its prospect use of an airline reservation system designed by Quest. When Iceland Express decided not to use Quest's program, the parties entered into a settlement pursuant to which Iceland Express paid Quest 25,000 Euros.

Sutra's motion to compel further responses to Interrogatory Nos. 12 through 14 must be denied because these interrogatories are patently over broad, unduly vague and burdensome in that they are unlimited in scope and time. Moreover, IEX's revenues, expenses, and profits, and the number of passengers that IEX booked and boarded are not relevant to Sutra's claims, and Sutra's request for this information is not likely to lead to the discovery of admissible evidence, to the extent that information pre-dating the time that IEX began using Sutra's AirKiosk system is sought. Because the requested information pre-dating IEX's use of Sutra's AirKiosk system is patently irrelevant, this Court should decline to order the production of any and all responsive information pre-dating IEX's use of the AirKiosk system.

Further, as Sutra implicitly acknowledges in its brief, the requested financial information constitutes confidential, and/or proprietary, non-public business information, the disclosure of which would annoy, embarrass and oppress IEX. Plaintiff's Memorandum of Law, at 11. Thus, to the extent, if any, that this Court deems that any requested information post-dating IEX's use of Sutra's AirKiosk system is relevant and discoverable, this Court should issue an appropriate protective order governing the

production of confidential information, which Sutra has stated it is "willing to accept."
Id.

Finally, the information requested by Interrogatory No. 15 regarding disputes concerning other airline reservations systems is patently irrelevant to Sutra's claims in this case that IEX breached its contract with Sutra and misappropriated Sutra's trade secrets. Accordingly, the disclosure of details concerning IEX's dispute with Quest would be annoying, embarrassing and oppressive to IEX, and Sutra's motion to compel any further information concerning the Quest dispute should be denied.

### E. SUTRA'S MOTION TO COMPEL FURTHER RESPONSES TO DOCUMENT REQUEST NOS. 4 AND 5 MUST BE DENIED BECAUSE THEY ARE PLAINLY OBJECTIONABLE ON THE GROUNDS ASSERTED BY IEX

Request No. 4

All communications between Iceland Express and any third party referring or relating to any airline reservation software program.

Response No. 4

The Defendant objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this request to the extent that it seeks information protected by the attorney-client privilege and or attorney-work product doctrine. Without waiving and subject to the foregoing objection, see Response No. 1 above.

Request No. 5

All communications between Iceland Express and Tommy Wiberg or any entity employing, owned by, or operated by Tommy Wiberg.

Response No. 5

The Defendant objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further

11

objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this request to the extent, if any, that it seeks confidential employment and or personnel records relating to Tommy Wiberg. Without waiving and subject to the foregoing objection, see Response No. 1 above.

Sutra's motion to compel further responses to Document Request No. 4 must be denied as overly broad, unduly vague and burdensome in that the request is unlimited in scope and time, and relates to airline reservation systems other than the AirKiosk. To the extent that this request predates IEX's use of the AirKiosk system, it seeks information that is neither relevant to Sutra's claims nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, this request is patently objectionable in that it seeks communications between IEX and any third party, which would include communications by and between IEX and its lawyers and information protected by the attorney work-product doctrine. Further, IEX has already produced a substantial body of documents in excess of one thousand pages, including but not limited to numerous communications regarding the AirKiosk system and certain communications with Tommy Wiberg. Zayotti Affidavit, Exhs. B and C. Accordingly, Sutra's motion to compel must be denied. Moreover, to the extent that Request No. 5 seeks confidential personnel/employment records of Tommy Wiberg, this Court should decline to order the production of such records in the absence of an appropriate protective order.

F.  **SUTRA'S MOTION TO COMPEL FURTHER RESPONSES TO DOCUMENT REQUEST NO. 6 MUST BE DENIED BECAUSE IEX CANNOT BE COMPELLED TO PRODUCE THAT WHICH IT DOES NOT HAVE IN ITS POSSESSION, CUSTODY OR CONTROL**

Request No. 6

All communications referring to relating to the creation, development, functionality and/or operation of ticket net.

Response No. 6

      Iceland Express does not have any documents in its possession, custody or control responsive to this request.

Sutra's motion to compel further responses to Document Request No. 6 must be denied because IEX cannot be compelled to produce that which it does not have in its possession, custody or control. Further, Sutra's argument that "screens which appear during operation of the software would be responsive to this request" is without merit. Plaintiff's Memorandum, at 15. Request No. 6 specifically seeks "communications".

**G.**     **SUTRA'S MOTION TO COMPEL FURTHER RESPONSES TO DOCUMENT REQUEST NO. 8 MUST BE DENIED IN THE ABSENCE OF AN APPROPRIATE PROTECTIVE ORDER BECAUSE THE REQUESTED INFORMATION CONSTITUTES CONFIDENTIAL AND/OR PROPRIETARY NON-PUBLIC BUSINESS INFORMATION**

Request No. 8

      All contracts and agreements referring or relating to each airline reservation software program identified in response to Interrogatory No.2.

Response No. 8

      The Defendant is in the process of assembling documents responsive to this request that are expected to be produced early next week.

The agreement between IEX and Ticket.net contains confidential and/or proprietary, non-public business information, the disclosure of which this Court should decline to compel in the absence of an appropriate protective order governing the disclosure of confidential information and which Sutra is "willing to accept." Plaintiff's Memorandum of Law, at 11.

**H.**     **SUTRA'S MOTION TO COMPEL FURTHER RESPONSES TO DOCUMENT REQUEST NO. 11-15 MUST BE DENIED FOR THE SAME REASONS THAT THIS COURT MUST DENY SUTRA'S MOTION TO COMPEL FURTHER RESPONSES TO SUTRA'S CORRESPONDING INTERROGATORIES**

Sutra's Document Request No. 11 relates to the same subject matter as Sutra's Interrogatory No. 15. For the reasons set forth above, Sutra's motion to compel further responses to Request No. 11 must be denied. Additionally, Sutra's Document Request Nos. 12 through 15 relate to the same subject matter as Interrogatory Nos. 12-14. Accordingly, for the reasons set forth above, Sutra's motion to compel further responses to Request Nos. 12 through 15 must be denied.

I.  **ICELAND EXPRESS SHOULD NOT BE DEEMED TO HAVE WAIVED OBJECTIONS THAT ARE PLAINLY VALID**

IEX should not be deemed to have waived objections that are plainly valid. Contrary to Sutra's argument that IEX waived any and all objections to Sutra's interrogatories and document requests, the question whether a party has waived otherwise proper objections by failing to timely respond to interrogatories and document requests is a matter within the sound discretion of the court. Williams v. Krieger, 61 F.R.D. 142, 145 (S.D.N.Y. 1973), citing, Dann v. Compagnie Generale Trans-Atlantique, Ltd., 29 F.Supp. 330 (E.D.N.Y.1939). Where, as here, discovery requests are plainly objectionable and no real prejudice has resulted from the delay, the objections thereto "need not be deemed waived" and "substantial justice" would be best achieved by ordering the defendant to respond to the proper request forthwith. Id. See also, Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D.Mass. 1988) (court was not without discretion to decline to compel production of requested documents even though timely objection had not been made when request far exceeded bounds of fair discovery); Shenker v. Sportelli, 83 F.R.D. 365, 367 (D.Pa. 1979) (although defendant failed to provide any response whatsoever to discovery requests, court declined to compel discovery as to matters that had no relevance to subject matter of suit); Bohlin v. Brass Rail, Inc., 20 F.R.D. 224

14

(1957), 225-226 (S.D.N.Y. 1957) (failure to timely respond to discovery did not result in waiver of objections thereto based on patient-physician privilege or attorney work product doctrine); Mike v. Dymon, Inc., 1996 WL 674007, *1 (D.Kan. 1996) (it is within the court's discretion to uphold facially valid objections despite untimely objection); First Sav. Bank, F.S.B. v. First Bank Sys., Inc., 902 F. Supp. 1356, 1361 (D.Kan. 1995) (when objection of privilege is at issue, courts are circumspect in finding waiver); Northfleet Corp. v. Consolidated Rail Corp., 1984 WL 2615, *3 (E.D.Pa. 1984) (court declined to compel production of confidential information notwithstanding that objection was untimely). Moreover, Sutra was not prejudiced by any delay in IEX's responses because the discovery deadline did not expire until October 27, 2006, and IEX assents to Sutra's Motion to extend the discovery deadline until March 30, 2007.

**J. SUTRA'S REQUEST FOR ATTORNEY'S FEES IN BRINGING ITS MOTION TO COMPEL MUST BE DENIED BECAUSE IEX'S NONDISCLOSURE, RESPONSE AND/OR OBJECTIONS WERE SUBSTANTIALLY JUSTIFIED**

Sutra's request for attorney's fees in bringing its motion to compel must be denied because IEX's objection to the deposition procedure proposed by Sutra, and IEX's objections to Sutra's discovery requests were substantially justified for the reasons set forth above.

## II. CONCLUSION

WHEREFORE, based on the foregoing points and authorities the Defendant respectfully requests that this Honorable Court deny the Plaintiff's Second Motion to Compel.

DEFENDANT ICELAND EXPRESS, EHF

Respectfully submitted,

/s/ Matthew P. Zayotti

Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

Dated: November 10, 2006

---

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on _November 10, 2006_.

/s/ Matthew P. Zayotti

---

16