UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11360-DPW

| | |
|---|---|
| SUTRA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ICELAND EXPRESS, EHF, | ) |
| | ) |
| Defendant. | ) |

**AFFIDAVIT OF MATTHEW P. ZAYOTTI, ESQ. IN SUPPORT
OF ICELAND EXPRESS, EHF'S OPPOSITION TO
PLAINTIFF'S SECOND MOTION TO COMPEL**

I, Matthew P. Zayotti, Esquire, do hereby state and depose as follows:

1.  I am an associate with the law firm Keegan Werlin LLP and I am an attorney in good standing of the bar of the Commonwealth of Massachusetts.

2.  Attorney Richard Kirby and I represent the Defendant Iceland Express, ehf in connection with the above-captioned action.

3.  Contrary to Sutra's statement in its memorandum of law in support of its second motion to compel that Iceland Express has refused to cooperate and appear for depositions, on September 27, 2006 I spoke with Sutra's counsel, Brett Dorny, and advised him that the depositions would proceed during the week of October 16, 2006 as planned. In that regard, I advised Mr. Dorny that the following three individuals would testify on behalf of Iceland Express pursuant to Fed. R. Civ. P. 30(b)(6): former employee Gunnar Karl Nielsson, current IEX CEO Birgir Jonsson, and current IEX computer specialist Omar Olafsson.

4.  Additionally, I confirmed with Mr. Dorny that due to a take over in the ownership of Iceland Express, Iceland Express no longer employed any of the individuals that Iceland Express identified in its initial disclosures as people with knowledge of the alleged facts and circumstances that gave rise to Sutra's claims in this matter, including but not limited to all three individuals whose depositions Sutra had noticed, i.e., Einar Valdimarsson, Gunnar Karl Nielsson and Johannes Georgson. In that regard, I pointed out to Mr. Dorny that Iceland Express had arranged for Mr. Nielsson to appear for his deposition voluntarily notwithstanding that Iceland Express no longer employs him.

5.  Further, I told Mr. Dorny that I would send him a letter the following day in which I would provide all pertinent contact information in Iceland Express's possession, custody or control relative to those individuals that Iceland Express identified in its initial disclosures as persons with knowledge regarding this matter. Attached to this affidavit as Exhibit A is a true and accurate copy of the letter dated September 28, 2006, which I faxed and mailed to Mr. Dorny the following day.

6.  Additionally, I reminded Mr. Dorny, as I had previously told him over the summer, that I had been informed by the attorneys with whom my office was working on this matter that there is no position in Iceland comparable to the court reporter here in the United States, and further that oral testimony taken in Iceland is customarily recorded audibly.

7.  Although we discussed the possibility of the parties sharing in the cost of having a court reporter travel from Massachusetts to Iceland to swear the witness and record the testimony, I subsequently informed Mr. Dorny that my client rejected,

understandably in my opinion, a proposal that would require my client to bear half the cost of Sutra's lawyer taking my client's deposition.

7.    Mr. Dorny asked me if my counterparts in Iceland could arrange for the depositions to be recorded. I told Mr. Dorny I would speak with my counterparts in Iceland and get back to him. Upon speaking with counsel in Iceland, I was informed that in Iceland oral testimony is only taken in open court before judge who admonishes the witness that he or she has an obligation to tell the truth and may punished under the laws of Iceland if the witness fails to do so.

8.    On October 11, 2006, I contacted Mr. Dorny and advised him of the customary procedure in Iceland for the taking of oral testimony and, further, that Iceland Express and its former employee, Mr. Nielsson, would agree to conduct the depositions in accordance with the procedures that apply in Iceland. Mr. Dorny asked me whether counsel in Iceland would make the necessary arrangements with the courts in Iceland to conduct the depositions in accordance with their procedure. I responded that since Sutra had initiated the case and wanted to taker the depositions, it would be up to Sutra's counsel to make the necessary arrangements and counsel in Iceland would not do it for him at the expense of Iceland Express. Mr. Dorny then proposed that we stipulate pursuant to Fed. R. Civ. P. 29 as to someone in Iceland to swear the witnesses and record the depositions. I told Mr. Dorny I would have to get back to him. I believe it was also during this conversation that I specifically asked Mr. Dorny whether he intended to take any action to secure or compel the attendance of any other former employees of IEX whose contact information I provided by letter dated September 28th; Mr. Dorny responded that he did not intend to do so.

9. On October 12, 2006, I informed Mr. Dorny that Iceland Express was unwilling to stipulate to someone, other than a judge in Iceland, to take and record the depositions. Indeed, the procedure proposed by Mr. Dorny would not only have been inconsistent with, and offensive to, the laws and procedures in Iceland, but I did not believe it could be imposed upon former employees of Iceland Express, such as Mr. Nielsson, who were not under my client's control. Mr. Dorny said he intended to look into finding someone in Iceland, perhaps a lawyer, who might be commissioned upon motion to the court to take the depositions. Further, Mr. Dorny asked whether Iceland Express would oppose a motion for a commission and whether Iceland Express wanted to propose anyone to be commissioned. I responded that Iceland Express would not oppose a motion to commission someone to take the depositions provided that any such commission was consistent with the laws and procedures of Iceland. Finally, I told Mr. Dorny that I would get back to him as to whether there was anyone that my client wanted to propose for the commission.

10. On October 13, 2006, I contacted Mr. Dorny and advised him that because the proposed commission of anyone other than a judge in Iceland to take and record the depositions would be inconsistent with the laws and procedures of Iceland, my client . and therefore would not be acceptable to my client. Accordingly, I further advised Mr. Dorny that my client would not agree to the proposed commission of a lawyer in Iceland to take and record the depositions.

11. Attached to this affidavit as <u>Exhibit B</u> is a true and accurate copy of my cover letter to Sutra's counsel dated April 7, 2006 regarding the production of documents responsive to Sutra's document requests.

12. Attached to this affidavit as <u>Exhibit C</u> is a true and accurate copy of my cover letter to Sutra's counsel dated April 14, 2006 regarding the production of additional documents responsive to Sutra's document requests.

13. Although Mr. Dorny and I conferred on several occasions in a good faith effort to narrow the areas of dispute relative to Sutra's second motion to compel, I do not recall Mr. Dorny ever requesting that Iceland Express supplement its prior responses with respect to providing any contact information for Tommy Wiberg.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ___10th___ DAY OF NOVEMBER, 2006.

_____
Matthew P. Zayotti

CERTIFICATE OF SERVICE
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on 11/10/06.
_____

## *EXHIBIT A*

**KEEGAN WERLIN LLP**

ATTORNEYS AT LAW
265 FRANKLIN STREET
BOSTON, MASSACHUSETTS 02110-3113

(617) 951-1400

TELECOPIERS:
(617) 951-1354
(617) 951-0586

September 28, 2006

***VIA FACSIMILE NO. (508) 519-9185***
***AND FIRST CLASS MAIL***

Brett N. Dorny, Esq.
321 Church Street
Northborough, Massachusetts 01532

      Re:    Sutra, Inc. v. Iceland Express,
               U.S. District Court, Civil Action No. 04-11360-DPW

Dear Mr. Dorny:

      Pursuant to our telephone conversation late yesterday afternoon, the following is a list of contact information in the possession, custody or control of Iceland Express, ehf relative to the individuals identified in its Initial Disclosure Statement:

1. **Gunnar Karl Níelsson**

   Bæjargili 86
   210 Garðabæ
   Iceland
   Telephone: +354- 5645185

   Mr. Níelsson works at the Icelandic Telecom (Siminn) – the number is: +354-550-6000

2. **Bryndis Jonsdottir**

   Ms. Jonsdottir's address could not be located at this time, however, she is employed by KB Bank in the personnel department where the telephone number is +354-444-6000

3. **Einar S. Valdimarsson**

   Rofabæ 23
   110 Reykjavik
   Iceland
   Telephone: +354-567-8070
   Mobile: +354-840-0314

Brett N. Donry, Esq.
September 28, 2006
Page 2 of 2

4. **Jóhannes Georgsson**

   Mr. Georgsson resides in Sweden where he is employed by a company known as Fly Me. The telephone number is +46736822202

5. **Nadine Thorlacius**

   Fögrubrekku 12
   200 Kópavogi
   Iceland
   Telephone: +354- 586-1035

6. **Aðalsteinn J. Magnússon**

   Hæðarbyggð 9
   210 Garðabæ
   Iceland
   Telephone: +354-898-4396

7. **Sigurður I. Halldórsson**

   Mr. Halldórsson's address could not be located at this time, but his mobile telephone number is: +354-862-5266

8. **Guðmundur P. Guðmundsson**

   Mr. Guðmundsson's address could not be located at this time, but his mobile telephone number is: +354-897-6576

Thank you for your attention to this matter.

Very truly yours,

Matthew P. Zayotti

cc:   Richard B. Kirby, Esq.

```
***********************
***   TX REPORT    ***
***********************

TRANSMISSION OK

TX/RX NO              3886
CONNECTION TEL                    15085199185
SUBADDRESS
CONNECTION ID
ST. TIME              09/28 09:57
USAGE T               00'59
PGS.                  3
RESULT                OK
```

# KEEGAN WERLIN LLP

ATTORNEYS AT LAW
265 FRANKLIN STREET
BOSTON, MASSACHUSETTS 02110-3113

(617) 951-1400

TELECOPIERS:
(617) 951-1354
(617) 951-0586

## FACSIMILE COVER PAGE

**DATE:** September 28, 2006            **CASE NO.:**

**TO:** Brett N. Dorny, Esq.

**COMPANY:** Law Office of Brett N. Dorny

**TELECOPY NO.:** 508-519-9185

**FROM:** Matthew P. Zayotti, Esq.

**RE:** Sutra, Inc. v. Iceland Express,
United States District Court for the District of Massachusetts
Civil Action No. 04-11360-DPW

**TOTAL NUMBER OF PAGES INCLUDING COVER PAGE:** 3

**IF RECEIVED POORLY OR IF INCOMPLETE, PLEASE CALL (617) 951-1400 AND**

**ASK FOR:** Linda

**MESSAGE:**

# KEEGAN WERLIN LLP

ATTORNEYS AT LAW
265 FRANKLIN STREET
BOSTON, MASSACHUSETTS 02110-3113

(617) 951-1400

TELECOPIERS:
(617) 951-1354
(617) 951-0586

## **FACSIMILE COVER PAGE**

| | | | |
|---|---|---|---|
| **DATE:** | September 28, 2006 | **CASE NO.:** | |
| **TO:** | Brett N. Dorny, Esq. | | |
| **COMPANY:** | Law Office of Brett N. Dorny | | |
| **TELECOPY NO.:** | 508-519-9185 | | |
| **FROM:** | Matthew P. Zayotti, Esq. | | |
| **RE:** | Sutra, Inc. v. Iceland Express,<br>United States District Court for the District of Massachusetts<br>Civil Action No. 04-11360-DPW | | |

**TOTAL NUMBER OF PAGES INCLUDING COVER PAGE:**   3

**IF RECEIVED POORLY OR IF INCOMPLETE, PLEASE CALL (617) 951-1400 AND**

**ASK FOR:**   Linda

**MESSAGE:**

CONFIDENTIALITY NOTICE:   The documents accompanying this facsimile transmission contain confidential information belonging to the sender which is legally privileged.  The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance of the contents of this communication is strictly prohibited.  If you have received this transmission in error, please notify us by telephone immediately to arrange for return of the documents to us.

## *EXHIBIT B*

## KEEGAN WERLIN LLP

ATTORNEYS AT LAW
265 FRANKLIN STREET
BOSTON, MASSACHUSETTS 02110-3113

(617) 951-1400

TELECOPIERS:
(617) 951-1354
(617) 951-0586

April 7, 2006

Brett N. Dorny, Esq.
Law Office of Brett N. Dorny
321 Church Street
Northborough, Massachusetts 01532

Re:    Sutra, Inc. v. Iceland Express,
       United States District Court for the District of Massachusetts
       Civil Action No. 04-11360-DPW

Dear Mr. Dorny:

In connection with the above-referenced matter, enclosed please find copies of the following:

1. Defendant Iceland Express, ehf's Responses to Plaintiff Sutra, Inc.'s First Set of Interrogatories;

2. Defendant Iceland Express, ehf's Responses to Plaintiff Sutra, Inc.'s First Request for Documents; and

3. Documents responsive to Plaintiff Sutra, Inc.'s First Request for Documents labeled KW 00001 through KW00191.

Thank you for your attention to this matter.

Very truly yours,

Matthew P. Zayotti

Enclosures

cc:    Richard B. Kirby, Esq.

## *EXHIBIT C*

# KEEGAN WERLIN LLP

ATTORNEYS AT LAW
265 FRANKLIN STREET
BOSTON, MASSACHUSETTS 02110-3113

(617) 951-1400

TELECOPIERS:
(617) 951-1354
(617) 951-0586

April 14, 2006

Brett N. Dorny, Esq.
Law Office of Brett N. Dorny
321 Church Street
Northborough, Massachusetts 01532

Re:  Sutra, Inc. v. Iceland Express,
     United States District Court for the District of Massachusetts
     Civil Action No. 04-11360-DPW

Dear Mr. Dorny:

In connection with the above-referenced matter, enclosed please find copies of documents responsive to Plaintiff Sutra, Inc.'s First Request for Documents labeled KW00192 through KW001108.

Thank you for your attention to this matter.

Very truly yours,

Matthew P. Zayotti

Enclosures

cc:  Richard B. Kirby, Esq.