UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIVED IN OFFICE OF
ROBERT B. COLLINGS
U.S. MAGISTRATE JUDGE

DEC 21 2006

UNITED STATES DISTRICT COURT
BOSTON, MASSACHUSETTS

|  |  |
|---|---|
| SUTRA, INC., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 04-11360-DPW |
| ICELAND EXPRESS, EHF, | ) |
| Defendant. | ) |

## JOINT STATEMENT ON DISCOVERY

At the request of Magistrate Judge Robert B. Collings, Plaintiff Sutra, Inc. ("Sutra") and Defendant Iceland Express, ehf ("Iceland Express"), submit the following information regarding their respective positions on the issues relating to Interrogatories and Document Requests in Plaintiff's Second Motion to Compel.

| Discovery Request | Plaintiff's Position | Defendant's Position |
|---|---|---|
| Interrogatories Nos. 3-6 requesting identification of individuals | Any objections have been waived; Defendant must provide the current or last known address and employment relationship as requested in the Interrogatory when identifying Tommy Wiberg | All responsive information has been previously provided except contact information for Tommy Wiberg. Defendant will provide the requested information. |
| Interrogatory No. 12 requesting revenues, expenses and profits by year | Any objections have been waived; Defendant must provide the requested relevant financial information for the years 2002 to present as requested | The requested information is confidential, non-public business/trade secret information, the production of which should not be ordered in the absence of a |

| | | |
|---|---|---|
| system software | be produced | relevant to this litigation and arguably also covers attorney-client-privileged communications. |
| Document Request No. 5 requesting communications by Iceland Express with Tommy Wiberg | Any objections have been waived; Mr. Wiberg was participated in creating the script used to explore the Airkiosk system and created the allegedly misappropriated software; Communications are relevant to the misappropriation issue and must be produced | This request is patently overly broad in that it is unlimited in time, scope and subject matter, and calls for private/confidential personnel records. It would be unduly burdensome to require Defendant to conduct an exhaustive search for and to produce every communication with Tommy Wiberg unrelated and irrelevant to the subject matter of this litigation that may possibly exist. Additionally, Defendant has already produced certain responsive documents. Also, the requested communications may contain confidential information the production of which should not be ordered in the absence of a mutually acceptable protective order. |
| Document Request No. 6 requesting communications relating to development, functionality and/or operation of the ticket.net system | Defendant's assertion of no such documents is not believable, but will be accepted until such time as it appears responsive documents do exist | The Defendant does not have possession, custody or control of any documents responsive to this request and cannot produce that which does not exist. |
| Document Request No. 8 requesting contracts for reservation system software | Defendant stated that they would provide but have not done so; Documents are relevant and must be produced | The Defendant will produce its contract regarding Ticket.net subject to a mutually acceptable and appropriate stipulated protective/ confidentiality order which the parties are in the process of finalizing. |

| | | |
|---|---|---|
| | | mutually acceptable protective order. Sommer v. Aronow, 1996 WL 399820, *3 (S.D.N.Y.) (S.D.N.Y.,1996) ("[T]he profits (or losses) of a business are generally of a confidential nature.").Corbett v. Free Press Ass'n, 50 F.R.D. 179, 180 (D.Vt.1970) ; Gelb v. American Tel. & Tel. Co., 813 F.Supp. 1022, 1034-35 (S.D.N.Y.1993) (internal financial information is confidential). Responsive information pre-dating the parties' December 10, 2002 contract is irrelevant |
| Interrogatory No. 13 requesting payments made for reservation system software by month | Any objections have been waived; Defendant must provide the requested payment information for the years 2002 to the present as requested | Same position as interrogatory No. 12. |
| Interrogatory No. 14 requesting numbers of passenger reservations booked and passengers boarded by month | Any objections have been waived; Defendant must provide the requested passenger information which is relevant to damages | Same position as interrogatory No. 12. |
| Interrogatory No. 15 requesting information regarding claims or suits against Iceland Express relating to reservation system software | Any objections have been waived; Information relating to similar cases for various parts of the reservation system are relevant to issues of misappropriation of trade secrets and must be provided | The motion to compel should be denied as the requested information is patently irrelevant to Sutra's claims that Defendant breached its contract with Plaintiff and misappropriated Plaintiff's trade secrets. |
| Document Request No. 4 requesting communications by Iceland Express with others regarding reservation | Any objections have been waived; Documents are relevant to use of the software at issue and must | This request is patently overly broad, unduly vague and burdensome as it seeks documents that are not |

| | | |
|---|---|---|
| Document Request No. 11 requesting documents relating to claims or suits regarding reservation system software | Any objections have been waived; As with Interrogatory No. 15, responsive documents are relevant and must be produced | The motion to compel should be denied as the requested documents are patently irrelevant to Sutra's claims that Defendant breached its contract with Plaintiff and misappropriated Plaintiff's trade secrets. Moreover, this request is overly broad unduly vague and burdensome in that it cover attorney-client privileged communications. |
| Document Request No. 12 requesting documents sufficient to identify amounts paid for reservation system software | Any objections have been waived; As with Interrogatory No. 13, responsive documents are relevant and must be produced | Same position as interrogatory No. 12. |
| Document Request No. 13 requesting financial statements | Any objections have been waived; Responsive documents are relevant to damages and must be produced | *N.I* |
| Document Request No. 14 requesting documents sufficient to identify revenues, expenses and profits | Any objections have been waived; As with Interrogatory No. 12, responsive documents are relevant and must be produced | Same position as interrogatory No. 12. |
| Document Request No. 15 requesting documents sufficient to identify passenger reservations booked and passengers boarded | Any objections have been waived; As with Interrogatory No. 14, responsive documents are relevant and must be produced | Same position as interrogatory No. 12. |

Respectfully submitted,

| PLAINTIFF SUTRA, INC. | ICELAND EXPRESS EHF |
|---|---|
| By its attorney, | By its attorneys, |
| _____ | _____ |
| Brett N. Dorny, BBO #628977 | Richard B. Kirby |
| Law Office of Brett N. Dorny | Matthew P. Zayotti |
| 386 West Main Street, Suite 12A | Keegan, Werlin & Pabian, LLP |
| Northborough, Massachusetts 01532 | 265 Franklin Street, 6th Floor |
| (508) 709-0501 | Boston, Massachusetts 02110 |
| | (617) 951-1400 |

Dated: December 21, 2006