UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUTRA, INC.

    Plaintiff,

v.

ICELAND EXPRESS EHF,

    Defendant.

CIVIL ACTION NO. 04 CV 11360 DPW

### STIPULATED PROTECTIVE ORDER

WHEREAS, the parties believe that it would serve their interests to conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties have agreed to this Stipulated Protective Order, subject to approval of the Court;

IT IS HEREBY ORDERED that:

1. Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "Confidential Information" any documents, things, interrogatory answers, responses to requests for admissions, trial or deposition testimony, or other material that contains Confidential Information as set forth below. Information so designated shall include all copies, excerpts, summaries, indices, or abstracts of such information, regardless of the manner disclosed, including designated information disclosed during a deposition, in a document, in an interrogatory answer, by production of tangible evidence, during a hearing or trial, in responses to requests for admissions or otherwise disclosed in connection with this action.

33

2. As used in this Stipulated Protective Order, the term "Confidential Information" means material or information not generally known to the public that the producing or disclosing party in good faith believed to incorporate sensitive business or commercial information, trade secrets, know-how, proprietary data, or private or personal information.

3. Any party may designate a document, thing, material or information as Confidential Information by providing, if possible, a designation on each page thereof or by identifying, in writing, such thing, material or information as Confidential Information.

4. Until and unless the Court rules otherwise, documents, things, material and information marked or otherwise designated as Confidential Information shall be maintained in confidence by the person to whom such material is produced and shall not be disclosed to any person except to:

    a. counsel of record for the respective parties, and the secretarial, clerical, litigation support, and paralegal personnel employed or retained by such counsel;

    b. outside experts and consultants, who are not officers, directors, employees, or shareholders of a party, who have been retained in connection with this action, pursuant to paragraph 6;

    c. the Court and it employees (including court reporters, persons operating video equipment at depositions, translators, and any special master appointed by the Court) whose function requires them to have access to material designated as Confidential Information under this Stipulated Protective Order; and

    d. employees of third-party contractors involved solely in one or more aspects of organization, translation, copying, filing, coding, converting, storing, or

retrieving data designing programs for handling data in connection with this litigation, including providing computerized litigation support.

5. Notwithstanding paragraph 4, any party or third-party witness may be shown at a deposition or examine any document if it appears from the face of the document that the witness authored or received a copy of it.

6. A party seeking to disclose Confidential Information to an outside expert or consultant shall notify counsel for the producing party of the proposed disclosure and provide the name, address, and resume of such expert or consultant at least five (5) days before disclosing Confidential Information. The producing party may object to disclosure to any designated expert or consultant within five (5) days of receiving notice of such expert or consultant. No Confidential Information shall be disclosed to such expert or consultant unless agreed to by the parties or ordered by the Court. Prior to disclosing Confidential Information to an expert or consultant, such expert or consultant shall be provided with a copy of this Stipulated Protective Order, agree that he or she will not use Confidential Information for any purpose other than to prepare and/or provide expert testimony in this action, and sign an undertaking in the form of Exhibit A.

7. Unless otherwise agreed upon, all parties shall maintain the entire deposition transcript and all information contained therein as Confidential Information for thirty (30) days following receipt of a copy of the transcript. During that thirty (30) day period, the party desiring to maintain confidentiality must designate, in writing, those portions of the transcript regarded as Confidential Information and only those portions will thereafter be considered as Confidential Information in accordance with the provisions of this Stipulated Protective Order.

8.  If any party objects to a designation hereunder, that party may request in writing that the designating party rescind the designation. If the parties cannot agree, the objecting party may moved the court to change the designation of any material. The designating party shall bear the burden of establishing the need for the Confidential Information designation.

9.  At the conclusion of this case, all Confidential Information, and all copies thereof, shall be returned to the producing party, or at the option of the producing party, shall be destroyed. Counsel for the receiving party shall certify in writing that all Confidential Information has been returned or destroyed. Counsel may retain one copy of any pleadings, and exhibits thereto, which shall remain subject to the provisions of this Stipulated Protective Order.

10. Any document or thing containing or embodying Confidential Information material that is to be filed in this action shall be filed in sealed envelopes or other sealed containers which shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, shall bear a statement substantially in the form:

CONFIDENTIAL
Filed under Protective Order. This envelope is not to be
opened nor the contents thereof displayed or revealed
except by Order of the Court or by agreement of the parties.

It shall be the burden of the party submitting Confidential Information to the Court to make a motion pursuant to Local Rule 7.2 and obtain allowance of that motion before submitting the Confidential Information to the Court.

11. The restrictions set forth in any of the proceeding paragraphs shall not apply to information or material that:

    a.  was, is, or becomes public knowledge in a manner other than by violation of this Stipulated Protective Order;

  b. is acquired by the non-designating party from a third party having the right to disclose such information or material;

  c. was lawfully possessed by the non-designating party prior to the entry of this Order by the Court; or

  d. independently developed by the non-designating party.

12. Any discovery documents produced in this litigation may be later designated as "Attorney-Client Privilege" or "Attorney Work Product" promptly upon discovery by the producing party that any such privileged or protected document was produced through inadvertence, mistake or other error, and no waiver of privilege or immunity shall be deemed to have occurred. Upon such designation, the receiving attorney shall promptly collect all such documents and copies thereof and return them to the producing party. Notwithstanding the foregoing, the receiving attorney reserves the right to contest the assertion of privilege or other protection with respect to any document.

13. This Stipulated Protective Order may be amended by agreement of counsel for the parties in the form of a stipulation and order that shall be filed in this case. Any party may apply to the Court for modification of this Stipulated Protective Order. This Stipulated Protective Order shall remain in full force and effected after the termination of this litigation, or until cancelled or otherwise modified by Order of this Court.

14. Nothing in this Stipulated Protective Order shall be construed as preventing an attorney from advising his or her client based on Confidential Information to which the client does not have access, so long as the substance of the Confidential Information is not disclosed to the client.

AGREED AND APPROVED:

Sutra, Inc.                                          Iceland Express, chf

*Brett N. Dorny by MPZ*                              *Matthew P. Zayotti*
Brett N. Dorny, BBO #628977                          Richard B. Kirby, BBO# 273600
Law Office of Brett N. Dorny                         Matthew P. Zayotti, BBO #638265
386 West Main Street, Suite 12A                      Keegan Werlin LLP
Northborough, MA 01532                               265 Franklin Street
(508) 904-3228                                       Boston, MA 02210
                                                     (617) 951-1400

Dated: January 5, 2007

SO ORDERED THIS ___ DAY OF _____, 2007:   JAN - 9 2007

*Robert B. Collings*
Robert B. Collings
United States Magistrate Judge


HON. ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE
United States District Court
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 7420
Boston, Massachusetts 02210

6

## EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUTRA, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>ICELAND EXPRESS EHF,<br><br>        Defendant. | CIVIL ACTION NO. 04 CV 11360 DPW |

    I, _____ (print name) have carefully read the Stipulated Protective Order entered in this action on the \_\_ day of _____, 2007 and agree to be bound by the Stipulated Protective Order.

    I understand that any violation of the Stipulated Protective Order may be punishable as contempt of the court, and agree to submit myself to the jurisdiction of the United States District Court for the District of Massachusetts so that an appropriate penalty can be imposed if the Stipulated Protective Order is violated.

Dated: _____    _____