UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SUTRA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 04-11360-DPW |
| v. | ) | |
| | ) | |
| ICELAND EXPRESS, EHF, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF
<u>PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY</u>**

Plaintiff, Sutra, Inc. ("Sutra"), submits this memorandum in support of its third motion to compel Defendant, Iceland Express, ehf ("Iceland Express"), to comply with its discovery obligations. Sutra has further submitted an accompanying Declaration of Brett N. Dorny ("Dorny Decl.") (attached as Exhibit 1) in support of its motion. Iceland Express asserted that it had no responsive documents to certain requests for production of documents. However, these assertions were contradicted by the representatives of Iceland Express in the depositions taken in April, 2007. Furthermore, Iceland Express has improperly withheld documents responsive to Plaintiff's Second Request for Production of Documents.

<u>BACKGROUND</u>

Sutra licenses use of application service provider software for airline reservation, control and management. The software is subject to copyright protection and includes confidential and proprietary content, which is protected as a trade secret. Airlines who use the software execute a contract which includes terms relating to confidentiality. They agree to use the software solely

1

for purposes of operating the airline and not to disclose any confidential information in the documentation or software.  User IDs and passwords are required to access the confidential portions of the software.  Certain parts of the software are restricted under the contract solely to airline employees and not outside consultants.  Finally, access to the most confidential parts of the software, including the database structures, are limited to airline employees using airline computers only.

On December 10, 2002, Iceland Express executed an Application Service Provider Agreement to use Sutra's software for airline reservation and operations.  In the ensuing six months, Iceland Express repeatedly failed to abide by the Agreement and to maintain the confidentiality of the software.  Iceland Express explicitly acted to circumvent the safeguards used to protect the software, including providing User IDs and passwords to non-employees, seeking to access the highly confidential portions of the software from non-airline computers, and using a software script to mimic an authorized user in order to attack the software and database.  Iceland Express further provided confidential information regarding the software to a third party who was developing a competing product.  In July, 2003, Iceland Express switched to the new competing product.  On June 16, 2004, Sutra filed the present action for breach of contract and misappropriation of trade secrets against Iceland Express for its improper actions.

Since the beginning of this suit, Iceland Express has failed to cooperate in this action.  Its answer, due December 28, 2004, was not filed until February 4, 2005.  Despite the clear association of the contract to the Commonwealth of Massachusetts and visits by personnel of Iceland Express to Massachusetts for training on use of the software, Iceland Express filed a Motion to Dismiss for Lack of Personal Jurisdiction.  Upon the denial of that motion, Iceland

Express further unsuccessfully requested reconsideration and, then, leave to appeal the denial of its lack personal jurisdiction motion.

Interrogatories and Requests for Production of Documents were served by Sutra on February 2, 2006. Dorny Decl. ¶2. No responses were received to either discovery request and no documents were produced until April 7, 2006, after Sutra had filed its motion to compel answers to interrogatories and production of documents. Dorny Decl. ¶6. Again, the interrogatory answers and document production were deficient. Sutra filed a second motion to compel discovery on October 27, 2006. The motion was granted in part and Iceland Express was ordered to produce documents improperly withheld.

Sutra took the deposition of Iceland Express on April 10 and 11, 2007. Iceland Express produced three witnesses. Two of those witnesses testified to the existence of responsive documents which had not been produced. One witness, the head of Iceland Express' IT department, testified that he was never asked for documents or to check for documents.

## ARGUMENT

A.   <u>Iceland Express Has Improperly Withheld Documents.</u>

Sutra served a First Set of Interrogatories and a First Set of Requests for Production of Documents on Iceland Express on February 2, 2006. Pursuant to Rule 34(b), Fed. R. Civ. P., Iceland Express was also to provide a written response, including any objections, to the document requests within thirty days of service. Iceland Express did not produce any documents until after Sutra filed a motion to compel. Even then, Iceland Express did not fully produce documents. Sutra had to file a second motion to compel in order to obtain the requested documents. However, Sutra has since learned that Iceland Express still has not fully complied. In response to a number of requests, Iceland Express stated that it had no responsive documents.

In response to other requests, Iceland Express stated that it had produced all responsive documents. During the deposition of Iceland Express, the deponents testified that Iceland Express did have responsive documents. As required by L.R. 37.1(4) and 37.1(5), each of the deficiencies are discussed below.

Request No. 5

> Request No. 5
>
> All communications between Iceland Express and Tommy Wiberg or any entity employing, owned by, or operated by Tommy Wiberg.
>
> Response No. 5
>
> The Defendant objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this request to the extent, if any, that it seeks confidential employment and or personnel records relating to Tommy Wiberg. Without waiving and subject to the foregoing objection, see Response No. 1 above.

Request No. 5 was raised in Sutra's second motion to compel. Iceland Express was ordered to produce responsive documents to the extent they relate to an airline reservation system. Iceland Express stated that they produced are required documents. During the depositions, Gunar Karl Nielsson testified that he communicated with Mr. Wiberg by email regarding the airline reservation system. Omar Orn Olafsson, IT manager for Iceland Express, testified that he also communicated with Mr. Wiberg by email regarding the airline reservation system. Olafsson Trasnscript (Dorny Decl. Ex. B), page 41, line 23 to page 42, line 15. Other documents produced by Iceland Express support this testimony regarding communications with Mr. Wiberg. Nevertheless, Iceland Express has produced no email documents from Mr.

4

Nielsson or Mr. Olafsson. Mr. Nielsson further testified that his emails were retained and available when he left Iceland Express two years ago, and while this lawsuit was pending. Nielsson Transcript (Dorny Decl. Ex. A), page 23, lines 2-22. Mr. Olafsson testified that Iceland Express retained emails of its former employees. Olafsson Trasnscript (Dorny Decl. Ex. B), page 37, lines 4-17. Mr. Olafsson further testified that he had never been requested to nor looked for any responsive documents, including emails. Olafsson Trasnscript (Dorny Decl. Ex. B), page 37, lines 4-17; page 41, lines 3-19. Thus, it is clear from the deposition testimony of Iceland Express' representatives that there are documents responsive to Request No. 5 which were not produced.

Request No. 6

> Request No. 6
>
> All communications referring to relating to the creation, development, functionality and/or operation of ticket net.
>
> Response No. 6
>
> Iceland Express does not have any documents in its possession, custody or control responsive to this request.

Iceland Express did not produce any documents in response to Request No. 6 because it alleged that it has no responsive documents. Request No. 6 seeks documents relating to the creation, development, functionality and/or operation of ticket.net. Ticket.net is the airline reservation software currently being used by Iceland Express. As discussed above with respect to Request No. 5, Iceland Express does have at least some communications with Tommy Wiberg regarding the creation, development, functionality and operation of ticket.net. Mr. Olafsson further testified that he had communications with an agent regarding the ticket.net system and

5

provided a manual or description of the ticket.net system. Olafsson Trasnscript (Dorny Decl. Ex. B), page 42, line 21 to page 43, line 5. As discussed above, Mr. Olafsson was never asked for documents.

Request No. 9

> Request No. 9
>
> A copy of the source code for each version of each airline reservation software program identified in response to Interrogatory No.2.
>
> Response No. 9
>
> Iceland Express does not have any documents in its possession, custody or control responsive to this request.

Iceland Express did not produce any documents in response to Request No. 9 because it alleged that it has no responsive documents. However, Mr. Nielsson testified that Iceland Express did have a copy of the source code for ticket.net. Nielsson Transcript (Dorny Decl. Ex. A), page 62, lines 1-23. Iceland Express now argues that it does not have the source code because it is contractually obligated by its license to the ticket.net system not to disclose the system or code to others. Even if Iceland Express has such a contract, the source code is in its possession. Under Rule 34, parties are required to produce responsive documents in their "possession, custody or control." This has always been interpreted to include actual possession. *See Prokosh v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D. Minn. 2000) (possession, custody or control includes <u>actual</u> possession). Since the source code is in Iceland Express' possession, it must produce it.

6

Request Nos. 17 and 19

> Request No. 17
>
> All documents referring or relating to the creation, development, implementation, operation, functionality and performance of each airline reservation software program identified in response to Interrogatory No.2.
>
> Response No. 17
>
> Iceland Express objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and or attorney work-product doctrine. Without waiving and subject to the foregoing objections, the Defendant states that it has no documents in its possession, custody or control responsive to this request.
>
> Request No. 19
>
> All manuals and other documentation referring or relating to each airline reservation software program identified in response to Interrogatory No.2.
>
> Response No. 19
>
> Iceland Express objects to this request on the grounds that it is overly broad, unduly vague and burdensome. The Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to the foregoing objections, the Defendant states that it has no documents in its possession, custody or control responsive to this request.

Iceland Express did not produce any documents in response to Request Nos. 17 and 19 because it alleged that it has no responsive documents. However, Mr. Nielsson and Mr. Olaffson both testified that Iceland Express did have descriptions, documentation and/or manuals which described operation of the ticket.net system. Nielsson Transcript (Dorny Decl. Ex. A), page 20,

7

line 23 to page 22, line 18 (descriptions of modules created by Nielsson, Tommy Wiberg and Byrdis Jonsdottir); Olafsson Trasnscript (Dorny Decl. Ex. B), page 13, lines 1-10 (documentation exists about menus and how to use them); page 42, line 21 to page 43, line 14 (manual on operation of ticket.net system provided to German handling agent). Clearly, Iceland Express had documents responsive to Request Nos. 17 and 19. Nevertheless, it failed to produce any such documents and falsely asserted that no such documents existed.

B.   <u>Iceland Express Has Improperly Objected to Produce Documents.</u>

On April 30, 2007, Sutra served a second set of requests for production of document. This request included a single request for screen shots from the ticket.net system.

> <u>Request No. 1</u>
>
> A representative screen shot, either printout or electronic copy, of every screen displayed during use, at any time by Iceland Express, of ticket.net.
>
> <u>Response No. 1</u>
>
> The Defendant objects to this request on the grounds that it seeks disclosure of information proprietary and confidential to Airline Management Consultants Limited ("ACML"), an entity incorporated under the laws of a foreign nation which the Plaintiff not named as a defendant in this action. Although the Defendant has licensed Ticket.net from ACML, ACML is the sole owner of Ticket.net, and pursuant to the parties' License Agreement the Defendant is legally prohibited from copying, disclosing, providing or otherwise making available, in whole or in part, the product known as Ticket.net, or any proprietary or confidential information relating thereto. As such, the Defendant does not have legal possession, custody or control over the requested documents.

As with Request No. 9 discussed above, Iceland Express objects to producing responsive documents because it does not "control" the documents. Iceland Express asserts that it lacks control of the documents because it has a contractual obligation not to disclose information about

8

the ticket.net system. However, Iceland Express has possession of the requested documents. Under Rule 34, a party has to produce documents in its actual possession. *Prokosh v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D. Minn. 2000) (possession, custody or control includes <u>actual</u> possession). It is not a question of "legal" possession as suggested by Iceland Express.

F.	<u>Iceland Express Should Pay Sutra's Expenses In Bringing This Motion.</u>

Rule 37(4)(a), Fed. R. Civ. P., provides that a party who fails to properly respond to discovery shall be ordered to pay the costs incurred in connection with a motion. Iceland Express' failure to provide full and complete discovery responses necessitated the present motion to compel. Accordingly, Iceland Express should be required to pay Sutra's costs of this motion, including attorneys fees.

G.	<u>Local Rule 37.1(B) Certification</u>

Counsel for the parties had a telephone conference regarding the deficient discovery responses on June 20, 2007. Despite proper requests from Sutra's counsel, Iceland Express has failed to produce all responsive documents. Therefore, all issues remain to be decided by the court.

CONCLUSION

For the foregoing reasons, Plaintiff's Third Motion to Compel should be granted.

Respectfully submitted,

Date: August 4, 2007	 s/ Brett N. Dorny
Brett N. Dorny, BBO# 628977
Law Office of Brett N. Dorny
386 West Main Street, Suite 12A
Northborough, Massachusetts  01532
Tel. 508-709-0501
Fax. 508-519-9185
bndorny@dornylaw.com

Attorney for Plaintiff

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 4, 2007.

 s/  Brett N. Dorny
Brett N. Dorny