**EXHIBIT I**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SUTRA, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>ICELAND EXPRESS, EHF,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO.  04-11360-DPW<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S RESPONSE TO
## DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, Sutra, Inc. ("Sutra") hereby submits its objections and responses to Defendant's First Set of Interrogatories.

### GENERAL OBJECTIONS

1. Plaintiff objects to providing information or producing documents which contain trade secrets or other confidential information without an appropriate protective order. Counsel for Plaintiff provided a draft protective order to counsel for Defendant on October 31, 2005. Despite assurances that comments would be provided, counsel for Defendant has not yet agreed to nor commented on the draft protective order.

2. Plaintiff objects to the interrogatories to the extent that they seek information or documents which is subject to attorney-client privilege, or the attorney work product doctrine. Plaintiff will provide a privilege log with respect to any document or information withheld on such basis.

3. Plaintiff objects to the interrogatories to the extent they seek to impose a greater burden on defendant than is required by the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO.1:

Please state your full name, date of birth, residential address, social security number, educational background, and most recent occupation and employment, title, and business address.

Objection:     Plaintiff objects to this interrogatory as being irrelevant and not applicable to

Plaintiff. It requests information relating to an individual.

### INTERROGATORY NO. 2:

Please describe any actions you have taken in connection with preparing your responses to these interrogatories, including but not limited to identifying separately, with respect to each of your responses, any documents reviewed, any persons you have consulted and the substance of the information obtained from each such document or person in connection with each such response.

Objection:     Plaintiff objects to this interrogatory to the extent it requests information relating

to attorney-client privileged communications or attorney work product.

Response:     Without waiving the general objections or the foregoing objections, plaintiff

responds that the responses to these interrogatories were provided by employees of plaintiff, all

of whom have been previously identified in compliance with Rule 26(a)(1)(A), and/or obtained

from documents which will be produced in response to Defendant's Requests for Production of

Documents.

### INTERROGATORY NO. 3:

Please identify all persons who have any knowledge of, or have expressed any opinion with respect to, any relevant facts relating to this litigation and as to each such person state fully and completely the knowledge and/or opinion such person has or has expressed.

Objection: Plaintiff objects to this interrogatory repetitive and unduly burdensome, in that it

seeks information required by, and produced in compliance with, Rule 26(a)(1)(A), Fed. R. Civ.

P.

INTERROGATORY NO. 4:

Please state each and every material fact that supports your allegation in paragraph 12 of your Complaint that "Iceland Express was disinterested in training," including in your response the identification of each and every document that supports such allegation.

Objection:    Plaintiff objects to this Interrogatory as being overly broad and unduly

burdensome to the extent that it requests identification of all documents which support its

allegations.  Plaintiff will produce the documents in response to Defendant's Requests for

Production of Documents.

Response:    Defendant was not responsive to requests to schedule training.  It sought to start

using the AirKiosk system in early January 2003 without training for any of its employees.

Defendant eventually sent two people for training.  Typically 4-5 people receive training in order

to operate different parts of the AirKiosk system.  Pursuant to Rule 33(d), Plaintiff will produce

documents relating to the training process once an appropriate protective order has been entered.


INTERROGATORY NO. 5:

If you contend that Iceland Express engaged in any wrongful conduct in connection with your allegation in paragraph 14 of your Complaint that an "external script accessed the reservation Control interface using the ID and password assigned to an Iceland Express employee," please describe in full detail the nature of the conduct you contend was wrongful and why.

Response:    The external script was not used for any proper access to the AirKiosk system nor

any of the data in the AirKiosk system.  Such actions were expressly forbidden by the

Application Service Provider Agreement.  Furthermore, it compromised the security and the data

in the AirKiosk system.

Pursuant to section 3.4(B) of the Application Service Provider Agreement, Iceland

Express was responsible "to ensure that all [Iceland Express] staff and agent authorization and

sign-in level security [was] sufficiently maintained."  Pursuant to section 3.4(E) of the

Application Service Provider Agreement, Iceland Express guaranteed that the Airkiosk System would be operated only "by properly trained and qualified staff." Pursuant to section 9.2 of the Application Service Provider Agreement, Iceland Express agreed "to protect and keep confidential the trade secrets of Sutra." Pursuant to section 9.3 of the Application Service Provider Agreement, Iceland Express agreed not "to use, transmit, modify or reproduce for the benefit of third parties any information which is stored in the documentation, programs or databases of [the Airkiosk System]." Iceland Express further agreed to prevent its employees from doing the same.

By using the ID and password assigned to an Iceland Express employee for automated access to the AirKiosk system, Iceland Express violated its covenants in and breached the Application Service Provider Agreement. It also disclosed confidential and trade secret information, derived or determined by the external script, to third parties in creation of an airline reservation system, which are violations of M.G.L. c. 93, §§ 43 and 43A, and common law.

INTERROGATORY NO. 6:

Please state each and every material fact that supports your allegation in paragraph 19 of your Complaint that "[i]n the spring of 2003, ticket.net did not have many of the features of the Reservation Control and Control Agent portions of the Airkiosk System," including in yours response identifying any and all documents that support such allegation.

Objection:    Plaintiff objects to this Interrogatory as being premature. Discovery is ongoing.

Plaintiff reserves the right to supplement its answers to this Interrogatory as more information becomes available.

Response:    Ticket.net was created by Tommy Wiberg. Mr. Wiberg formerly worked for a company which produced an airline reservations system call GoodJet. Mr. Wiberg and Iceland Express have been sued for infringement by the owners of the rights to the GoodJet system in

connection with Mr. Wiberg's use of the intellectual property of the GoodJet system in

Ticket.net. In early 2003, the GoodJet system did not include the administrative, statistical, and

inventory functionality. In late 2003, following the breaches by Iceland Express of the

Application Service Provider Agreement and commencement of their use of Ticket.net, Iceland

Express, Mr. Wiberg and/or their partners were actively marketing the Ticket.net system and

asserting that it included functions which had been lacking in GoodJet. Furthermore, in 2004,

Sutra was contacted by a consultant, Peter Nimerius, familiar with the GoodJet system, AirKiosk

system and Ticket.net, who commented on the similarities between the new portions of

Ticket.net and the AirKiosk system. Pursuant to Rule 33(d), Plaintiff will produce documents

relevant to this Interrogatory.

INTERROGATORY NO. 7:

Please state each and every material fact that supports your allegation in paragraph 20 of your
Complaint that "Iceland Express disclosed confidential, proprietary trade secret information
regarding the Airkiosk System," including in your response specifically identifying each and
every trade secret and all confidential or proprietary information that you contend Iceland
Express disclosed.

Objection:    Plaintiff objects to this Interrogatory as being premature. Discovery is ongoing.

Plaintiff reserves the right to supplement its answers to this Interrogatory as more information

becomes available.

Response:    Iceland Express began using Ticket.net after Sutra terminated its use of the

AirKiosk system. Ticket.net, in early 2003, lacked certain features and functionality found in the

AirKiosk system. The features and functionality included those provided by the Control Agent

and Reservation Control interfaces and modules, which were the subject of the attack by the

external script in June 2003. Shortly thereafter, Ticket.net included such features and

functionality which appeared similar to at least one consultant familiar with both systems. See

answer to Interrogatory No. 6. The trade secrets and confidential and proprietary information include the operation, appearance, features and functionality of the Control Agent and the Reservation Control interfaces and modules of the AirKiosk system. These modules are only accessible by authorized customers of Sutra who have agreed to maintain the confidentiality of the AirKiosk system. Security for access to these modules is controlled through the use of IDs, passwords, and Internet address verification. These security measures were thwarted by Iceland Express in its operation of the AirKiosk system.

INTERROGATORY NO. 8:

Please describe in full detail the nature and substance of any confidential, proprietary or trade secret information that you contend Iceland Express obtained by an external script and by calls to Sutra support and disclosed to the creators of ticket.net, as alleged in paragraph 20 of your Complaint.

Objection:    Plaintiff objects to this Interrogatory as being premature. Discovery is ongoing. Plaintiff reserves the right to supplement its answers to this Interrogatory as more information becomes available.

Response:    The trade secrets and confidential and proprietary information include the operation, appearance, features and functionality of the Control Agent and the Reservation Control interfaces and modules of the AirKiosk system. These modules are only accessible by authorized customers of Sutra who have agreed to maintain the confidentiality of the AirKiosk system. Security for access to these modules is controlled through the use of IDs, passwords, and Internet address verification. These security measures were thwarted by Iceland Express in its operation of the AirKiosk system.

INTERROGATORY NO. 9:

Please describe in full detail the conduct by which you allege in paragraph 21 of your Complaint that Iceland Express breached section 3.4(B) of the Airkiosk System Application Service Provider Agreement, and state what damages you contend you suffered as a result thereof.

Objection:    Plaintiff objects to this Interrogatory as being premature. Discovery is ongoing.

Plaintiff reserves the right to supplement its answers to this Interrogatory as more information

becomes available. Plaintiff further objects to this Interrogatory as being compound in that it

includes multiple questions.

Response:    Iceland Express requested that Sutra allow access to the Control Agent module

from multiple Internet addresses. Iceland Express allowed persons other than staff and agents to

access the Control Agent module of the AirKiosk system through the additional Internet

addresses. Iceland Express further allowed persons other than staff and agents to access the

Reservation Control module using IDs and passwords of Iceland Express personnel. Improper

access to the Reservation Control module included use of an external script. The external script

accessed the Reservation Control module for purposes other than operation of the AirKiosk

system by staff of or agents for Iceland Express.

Iceland Express' failure to maintain security in access of the AirKiosk system permitted

the trade secrets and confidential and proprietary information of Plaintiff relating to the design

and operation of the AirKiosk system to be improperly disclosed. Plaintiff has been damaged in

the amount of the value of an airline reservation system, an amount over $100,000.

INTERROGATORY NO. 10:

Please describe in full detail the conduct by which you allege in paragraph 22 of your Complaint that Iceland Express breached section 3.4(E) of the Airkiosk System Application Service Provider Agreement, and state what damages you contend you suffered as a result thereof.

Objection:    Plaintiff objects to this Interrogatory as being premature.  Discovery is ongoing.

Plaintiff reserves the right to supplement its answers to this Interrogatory as more information

becomes available.  Plaintiff further objects to this Interrogatory as being compound in that it

includes multiple questions.

Response:    Iceland Express allowed persons other than properly trained and qualified staff to

operate the AirKiosk system, including access to the Reservation Control module, using IDs and

passwords of Iceland Express personnel.  Improper access to the Reservation Control module

included use of an external script.  The external script accessed the Reservation Control module

for purposes other than operation of the AirKiosk system by staff of or agents for Iceland

Express.

Iceland Express' failure to limit access to trained and qualified staff allowed the trade

secrets and confidential and proprietary information of Plaintiff relating to the design and

operation of the AirKiosk system to be improperly disclosed.  Plaintiff has been damaged in the

amount of the value of an airline reservation system, an amount over $1,000,000.


INTERROGATORY NO. 11:

Please describe in full detail the conduct by which you allege in paragraph 23 of your Complaint
that Iceland Express breached section 9.2 of the Airkiosk System Application Service Provider
Agreement, and state what damages you contend you suffered as a result thereof.

Objection:    Plaintiff objects to this Interrogatory as being premature.  Discovery is ongoing.

Plaintiff reserves the right to supplement its answers to this Interrogatory as more information

becomes available.  Plaintiff further objects to this Interrogatory as being compound in that it

includes multiple questions.

Response:    Iceland Express disclosed information regarding the AirKiosk system to third

parties, including Tommy Wiberg.  Iceland Express further allowed such third parties to

improperly access the AirKiosk system, including the Control Agent and Reservation Control

modules. Plaintiff has been damaged in the amount of the value of an airline reservation system,

an amount over $1,000,000.

INTERROGATORY NO. 12:

Please describe in full detail the conduct by which you allege in paragraph 24 of your Complaint that Iceland Express breached section 9.3 of the Airkiosk System Application Service Provider Agreement, and state what damages you contend you suffered as a result thereof.

Objection:    Plaintiff objects to this Interrogatory as being premature. Discovery is ongoing.

Plaintiff reserves the right to supplement its answers to this Interrogatory as more information

becomes available. Plaintiff further objects to this Interrogatory as being compound in that it

includes multiple questions.

Response:    Iceland Express disclosed information regarding the AirKiosk system to third

parties, including Tommy Wiberg. Iceland Express further allowed such third parties to

improperly access the AirKiosk system, including the Control Agent and Reservation Control

modules. Plaintiff has been damaged in the amount of the value of an airline reservation system,

an amount over $1,000,000.

INTERROGA TORY NO. 13:

Please state each and every material fact that supports your allegation in paragraph 27 of your Complaint that Iceland Express violated M.G.L. c. 93, §§ 43 and 43A, and common law, and state what damages you have suffered as a result thereof.

Objection:    Plaintiff objects to this Interrogatory as being premature. Discovery is ongoing.

Plaintiff reserves the right to supplement its answers to this Interrogatory as more information

becomes available. Plaintiff further objects to this Interrogatory as being compound in that it

includes multiple questions.

Response:    Iceland Express disclosed information regarding the AirKiosk system to third

parties, including Tommy Wiberg.  Iceland Express further allowed such third parties to

improperly access the AirKiosk system, including the Control Agent and Reservation Control

modules.  Plaintiff has been damaged in the amount of the value of an airline reservation system,

an amount over $1,000,000.

INTERROGATORY NO. 14:

Please identify and describe the content of any and all communications by and between you and
Iceland Express, regarding the facts and circumstances that give rise to this litigation.

Response:    Pursuant to Rule 33(d), Plaintiff will produce all communications and documents

evidencing communications between  Plaintiff and Iceland Express.

INTERROGATORY NO. 15:

Please identify each person you expect to call as a fact witness at trial and for each person state:

a)    his/her name;

b)    address;

c)    telephone number; and

d)    fully and completely, the substance of the testimony to be given.

Objection:    Plaintiff objects to this Interrogatory as being premature.  Plaintiff will

supplement its answer regarding the persons expected to testify at trial at the times as required by

the court.

Response:    Plaintiff has not yet determined whom it expect to call as a fact witness or the

substance of the testimony to be given.

INTERROGATORY NO. 16:

Please identify each person you expect to call as an expert witness at trial and for each person state:

a)      his/her name;

b)      address;

c)      the subject matter upon which he/she is expected to testify;

d)      the substance of the facts and opinions to which he/she is expected to testify;

e)      fully and completely the substance of the grounds for each opinion.

<u>Objection:</u>    Plaintiff objects to this Interrogatory as being premature.  Plaintiff further objects

to this Interrogatory as requiring more than Rule 26, Fed. R. Civ. P.  Plaintiff will supplement its

answer regarding experts expected to testify at trial at the times as required by the court.

<u>Response:</u>    Plaintiff has not yet determined whom it expects to call as an expert witness or the

substance of the testimony to be given.

                                        Respectfully submitted,

                                        Brett N. Dorny,  BBO# 628977
                                        Law Office of Brett N. Dorny
                                        386 West Main Street, Suite 12A
                                        Northborough, Massachusetts  01532
                                        Tel.  508-709-0501
                                        Fax.  508-519-9185
                                        bndorny@dornylaw.com

                                        Attorney for Plaintiff

Dated:  May 17, 2006

<u>Certificate of Service</u>

    I hereby certify that the foregoing Plaintiff's Response to Defendant's First Set of Interrogatories was served upon counsel for Defendant by first class mail, postage prepaid, on May 17, 2006.

                                        Brett N. Dorny

Verification

    I hereby certify, under penalty of perjury, that the foregoing responses are true and correct.

Stephanie Niketic

**EXHIBIT J**

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO.  04-11360-DPW

_____

| | |
|---|---|
| SUTRA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ICELAND EXPRESS, EHF, | ) |
| | ) |
| Defendant. | ) |

_____

**DEFENDANT ICELAND EXPRESS, EHF'S
FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, the Defendant Iceland Express, ehf hereby requests in accordance with the definitions and instructions set forth herein, that the Plaintiff Sutra, Inc. produce the following documents for inspection and copying at the offices of Keegan Werlin LLP, 265 Franklin Street, Boston, MA 02110 within thirty (30) days after service of this request.

## II. DEFINITIONS

A.    The term "document" is used in the broadest sense and includes but is not limited to originals and non-identical copies, drafts, alterations, modifications, changes or amendments whether different from the originals by reason of any notation made on such copies or otherwise, of the following items, whether typed, printed, recorded, photographed, videotaped, filmed, taped, microfilmed, microfiched or reproduced by any other mechanical or electronic process, or written or produced by hand, namely: agreements; communications, including inter-office and intra-office communications; and inter-company and intra-company communications; bulletins; letters; correspondence;

telegrams; emails; teletypes; telefax; memoranda; agenda; records; books; summaries of records or notations of any sort of personal or telephone conversations or interviews; telephone logs; diaries; forecasts; statistical statements; accountants' work papers; graphs; charts; accounts; analytical records; reports; studies; minutes or records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; notes; projections; drafts of any documents; working paper; ledgers, including securities ledgers; checks, front and back; check stubs or receipts; purchase orders; statements; returns; summaries; invoices; work sheets; credit memoranda; loan agreements; loan commitments; loan documents; any other documents or writings of whatever description including, but not limited to, any information contained in any computer although not yet printed out within your possession, computer magnetic or optical disc in your possession, custody or control or the possession, custody or control of any agent, employee, or other persons acting or purporting to act on your behalf (including without limitation, attorneys, accountants and investment bankers or advisors).

B.    A document is deemed to be in the respondent's "control" if the respondent has the right to secure the document or a copy thereof from another person (including but not limited to Respondent's counsel) or public or private entity having actual physical possession thereof.

C.    The term "communication" shall mean any transfer of information, data, ideas, fact, non-fact, opinion, whether orally, in writing, by electronic data transfer or otherwise, including but not limited to any memorandum, report, order, note, meeting,

utterance, conversation, notation, statement of any nature whatsoever, correspondence, electronic mail, photograph, image, sign or signal, gesture, or oral or telephonic conversation.

D.    The term "person" includes natural persons, corporations, partnerships, unincorporated associations, trusts, municipalities, government bodies, or any agent, division, or sub-part of any person defined above, and all other entities in law or in fact.

E.    The term "relating to" or "relating thereto" means relating or pertaining in any way to, referring to, reflecting, recording, memorializing, mentioning, constituting, supporting or concerning, directly or indirectly.

F.    The singular includes the plural and the plural includes the singular; the words "and" and "or" shall be both conjunctive and disjunctive; "any" means "any and all"; the word "including" means including without limitation.

G.    The term "or" shall mean and/or.

H.    The term "Iceland Express" refers to the Defendant Iceland Express, ehf.

I.    The terms "Sutra," "Plaintiff," "you," "your" and "yours" refer to the Plaintiff Sutra, Inc. and any of its agents, employees, servants or contractors, and any person, organization, or entity from which he has a right to request and receive any of the information or documents requested herein.

J.    The term "Airkiosk System Application Service Provider Agreement" refers to the Airkiosk System Application Service Provider Agreement by and between Sutra, Inc. and Iceland Express, ehf dated December, 2002.

## II. INSTRUCTIONS

A.    Each request for documents set forth herein seeks production of the document in its entirety, without abbreviation or expurgation, including all attachments or other materials affixed thereto, incorporated by reference therein or referred to therein.

B.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this Request shall be deemed to be continuing so as to require further and supplemental production if the responding party or its agents or attorneys obtain additional documents between the time of the initial production and the time of hearing or trial.

C.    All documents are to be produced as they are kept in the usual course of business so that the propounding party can ascertain the file in which they are located, their relative order in such files and how such files were maintained or, in the alternative, shall organize and label the documents produced so as to correspond with the category or categories of the request to which they are responsive.

D.    <u>Segregated Responses</u>:  The responses to these requests shall set forth the number and subdivision of the request before each response and separate responses are sought with respect to each request and subdivision thereof.

E.    <u>Privileged Documents and Communications</u>:  With respect to any document responsive to this request which you may decline to produce by reason of any claim of privilege or immunity, provide a statement setting forth as to each such document:

(1)    the name of the sender of the document;

(2)    the name of the author of the document;

    (3)    the name of the person to whom all copies (both indicated and blind) of the document were sent or furnished or to whom, at any time, the document's contents have been disclosed;

    (4)    the job title of every person named in a, b, and c above;

    (5)    the date of the document;

    (6)    the date on which the document was received or sent by you;

    (7)    a brief description of the nature and subject matter of the document sufficient to permit the fullest evaluation of the claim of privilege pursuant to which it has been withheld, but without revealing privileged matter;

    (8)    the number of pages in the document; and

    (9)    the statute, rule or decision on which the claim of privilege or immunity is based.

F.    <u>Documents No Longer In Existence</u>:  If any document requested was at one time in existence but is no longer in existence, or has been lost, destroyed, discarded or otherwise disposed of within the twelve months preceding the date of this Request, any such document is to be identified as completely as possible by including a statement setting forth the following as to each such document:

    (1)    the type of document;

    (2)    the date upon which it ceased to exist;

    (3)    the circumstances under which it ceased to exist including a true and complete copy of any policy with respect to the retention of disposal of documents claimed to be applicable thereto;

(4)    the identity of all persons having knowledge of the circumstances

under which it ceased to exist;

(5)    the identity of all persons having knowledge of the contents thereof.

## III. REQUESTS

**REQUEST NO. 1:**

Any and all documents that establish or evidence the nature and content of information that Iceland Express allegedly retrieved from the Airkiosk System by means of an external script, including without limitation any all log files relevant thereto.

**REQUEST NO. 2:**

A representative screen shot, either printout or electronic copy, of every screen displayed during use, at any time by Iceland Express, of the Airkiosk System.

**REQUEST NO. 3:**

Any and all documents that constitute, relate or refer to communications by and between Sutra, Inc. and Peter Nimerius regarding the subject matter of this litigation, including without limitation the alleged similarities between the Airkiosk System and Ticket.net.

**REQUEST NO. 4:**

Any and all documents that constitute, relate or refer to communications by and between Sutra, Inc. and Qust, Inc. and/or the entity known as Aton regarding the subject matter of this litigation, including without limitation the alleged similarities between the Airkiosk System and Ticket.net.

**REQUEST NO. 5:**

Any and all documents that constitute, relate or refer to claims by Qust, Inc. and/or Aton against Tommy Wiberg, Airline Management Consultants Limited and/or Iceland Express.

**REQUEST NO. 6:**

Any and all documents that constitute, relate or refer to reports concerning infringement and/or trade secret misappropriation claims relating to the Goodjet, Flyme, Ticket.net and Airkiosk airline reservation systems.

**REQUEST NO. 7:**

Any and all documents that relate or refer to the alleged similarities and/or differences between any and/or all of the following airline reservation systems: Goodjet, Flyme, Ticket.net and Airkiosk.

**REQUEST NO. 8:**

Any and all documents that support Sutra's contention that Iceland Express participated in the development and/or marketing of the Ticket.net System.

DEFENDANT ICELAND EXPRESS, EHF

By its attorneys,

Richard Kirby, BBO# 273000
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts  02110-3113
(617) 951-1400

Dated:  April 30, 2007

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document(s) was served upon the attorney of record for each other party by hand-delivery - US Mail on *April 30, 2007*.

**EXHIBIT K**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO.  04-11360-DPW

| | |
|---|---|
| SUTRA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ICELAND EXPRESS, EHF, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT ICELAND EXPRESS, EHF'S FIRST REQUEST**
**TO THE PLAINTIFF SUTRA, INC. FOR ENTRY UPON**
**LAND FOR INSPECTION AND OTHER PURPOSES**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Defendant

Iceland Express, Ehf hereby makes the following requests for entry upon land for

inspection and other purposes:

**Request No. 1:**

The Plaintiff Sutra, Inc. is requested to produce for inspection, testing or sampling

by an expert of Defendant's choosing at a mutually convenient time for the parties and

counsel, Sutra, Inc.'s computerized reservations, inventory control and check-in software

system known as the Airkiosk System, and any and all related programs and technology

as modified by additions thereto or deletions therefrom from time to time from 2002 to

present.

DEFENDANT ICELAND EXPRESS, EHF

By its attorneys,

Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts  02110-3113
(617) 951-1400

Dated:  April 9, 2007

```
CERTIFICATE OF SERVICE
        I hereby certify that a true copy of the above document(s)
was served upon the attorney of record for each other party by hand-
delivery - US Mail on  april 8, 2007              .

        Matthew P. Zayotti
```

2

**EXHIBIT L**

## Matt Zayotti

**From:** Brett N. Dorny [bndorny@dornylaw.com]
**Sent:** Thursday, April 26, 2007 2:24 PM
**To:** Matt Zayotti
**Subject:** RE: sutra v. iceland express

Matt:

I will produce the Terms & Conditions as soon as possible.

With respect to the breach letter, I have not yet had an opportunity to review the produced documents. It thought it was there, but have attached a copy hereto.

With respect to the source code request, we will provide a formal response within the time set by the Federal Rules. I do not believe that the AirKiosk source code is particularly relevant since Iceland Express never had access to it and it is not alleged that they copied source code, but that they copied the format, function, structure and operation of the AirKiosk system and AirKiosk data. Furthermore, all versions of the source code are clearly not relevant. With respect to determining operation of the AirKiosk system as used by Iceland Express, source code may have some minimal value. At this time, I anticipate producing source code as close to that used by Iceland Express as can be located.

With respect to your requested inspection, as I mentioned before, while we are willing to allow the requested access, I doubt it would provide any meaningful information not available in the Guides. Sutra cannot allow access to the data of any other airline. Use of the system without any data will not show anything. However, if you want to proceed with an inspection, I will discuss with Sutra an appropriate time for it.

Brett

> -----Original Message-----
> **From:** Matt Zayotti [mailto:mzayotti@keeganwerlin.com]
> **Sent:** Thursday, April 26, 2007 1:49 PM
> **To:** Brett N. Dorny
> **Subject:** sutra v. iceland express
>
> Hi Brett:
>
> At yesterday's deposition, Ms. Nikitic testified that when accessing the reservation control interface, users of the Airkiosk System are required to accept certain terms and conditions that appear upon sign in. You and she said that the content of the terms and conditions of use are included in the reservation control interface guide, an electronic copy of which you provided to me last week. I have reviewed the reservation control interface guide, but unfortunately the content of the terms and conditions page are not included in the guide. Accordingly, please provide me a copy of the terms and conditions page that was in use from December 2002 through 2003.
>
> Additionally, I am still waiting to hear back from you as to whether Sutra will comply with our request for a copy of the source code for the Airkiosk System. Please advise.
>
> Thank you.
>
> Matt
>
> Matthew P. Zayotti, Esq.
> KEEGAN WERLIN LLP
> 265 Franklin Street
> Boston, MA 02110-3113
> Tel: (617) 951-1400
> Fax: (617) 951-1354
> Email: mzayotti@keeganwerlin.com

<><><><><><><><><><><><><><><><><><><><><>

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any attachments thereto.

8/10/2007

**EXHIBIT M**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUTRA, INC., )<br><br>     Plaintiff, )<br><br>v. )<br><br>ICELAND EXPRESS, EHF, )<br><br>     Defendant. ) | CIVIL ACTION NO.  04-11360-DPW |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S THIRD
## SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff, Sutra, Inc. ("Sutra") hereby submits its objections and responses to Defendant's Iceland Express, ehf's Third Set of Request for Production of Documents.

## GENERAL OBJECTIONS

1.     Plaintiff objects to the requests to the extent that they seek information or documents which is subject to attorney-client privilege, or the attorney work product doctrine. Plaintiff will provide a privilege log with respect to any document or information withheld on such basis.

2.     Plaintiff objects to the requests to the extent they seek to impose a greater burden on defendant than is required by the Federal Rules of Civil Procedure.

3.     Plaintiff objects to the requests to the extent that they seek documents previously requested by defendant.

## SPECIFIC OBJECTIONS AND RESPONSES

REQUEST NO. 1:

Any and all documents that constitute, relate or refer to any and all litigation involving Sutra.

Objection:    Plaintiff objects to this request to the extent that it requests documents protected

by attorney client privilege and/or the work product doctrine.


Response:    Subject to the foregoing objection and the general objections, Plaintiff will

produce the responsive documents.


REQUEST NO. 2:

Any and all documents that constitute, relate or refer to the source code for the AirKiosk
System, and any and all related programs and technology as modified by additions thereto or
deletions therefrom from time to time.

Objection:    Plaintiff objects to this request as being irrelevant, overly broad, unduly

burdensome, and unlikely to lead to admissible evidence. Iceland Express only had access to the

AirKiosk System from January to July 2003. The AirKiosk Systems for all other time periods,

both before and after, including all changes and modifications, is irrelevant. Furthermore,

Iceland Express never had access to the source code or documents relating to the source code.

Respectfully submitted,

Brett N. Dorny,  BBO# 628977
Law Office of Brett N. Dorny
386 West Main Street, Suite 12A
Northborough, Massachusetts  01532
Tel.  508-709-0501
Fax.  508-519-9185
bndorny@dornylaw.com

Attorney for Plaintiff

Dated:  May 22, 2007

2

Certificate of Service

I hereby certify that the foregoing Plaintiff's Response to Defendant's Third Set of Requests for Documents was served upon counsel for Defendant by first class mail, postage prepaid, on May 22, 2007.

Brett N. Dorny