**EXHIBIT N**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  04-11360-DPW

|  |  |
|---|---|
| SUTRA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ICELAND EXPRESS, EHF, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT ICELAND EXPRESS, EHF'S
## SECOND SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Fed. R. Civ. P. 33, the Defendant Iceland Express, ehf hereby propounds the following interrogatories to the Plaintiff Sutra, Inc. to be answered in writing and under oath within thirty (30) days after the service hereof.

The answers to these interrogatories must include information known to Plaintiff or its agents, including its attorneys, and all persons acting on its behalf or under its control.  If the person answering these interrogatories does not have enough information to answer an interrogatory, it is his or her duty to make a reasonable effort to obtain such information and to supplement these responses immediately.

## I. DEFINITIONS

A.    The term "document" is used in the broadest sense and includes but is not limited to originals and non-identical copies, drafts, alterations, modifications, changes or amendments whether different from the originals by reason of any notation made on such copies or otherwise, of the following items, whether typed, printed, recorded, photographed, videotaped, filmed, taped, microfilmed, microfiched or reproduced by any

other mechanical or electronic process, or written or produced by hand, namely: agreements; communications, including inter-office and intra-office communications; and inter-company and intra-company communications; bulletins; letters; correspondence; telegrams; emails; teletypes; telefax; memoranda; agenda; records; books; summaries of records or notations of any sort of personal or telephone conversations or interviews; telephone logs; diaries; forecasts; statistical statements; accountants' work papers; graphs; charts; accounts; analytical records; reports; studies; minutes or records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; reports or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; notes; projections; drafts of any documents; working paper; ledgers, checks, front and back; check stubs or receipts; purchase orders; statements; returns; summaries; invoices; work sheets; any other documents or writings of whatever description including, but not limited to, any information contained in any computer although not yet printed out within your possession, computer magnetic or optical disc in your possession, custody or control or the possession, custody or control of any agent, employee, or other persons acting or purporting to act on your behalf (including without limitation, attorneys, accountants and investment bankers or advisors).

    B.    A document is deemed to be in the respondent's "control" if the deponent has the right to secure the document or a copy thereof from another person (including but not limited to respondent's counsel) or public or private entity having actual physical possession thereof.

C.     The term "communication" shall mean any transfer of information, data, ideas, fact, non-fact, opinion, or contents of any document including but not limited to any utterance, conversation, notation, statement of any nature whatsoever, correspondence, electronic mail, photograph, image, sign or signal, gesture, or oral or telephonic conversation.

D.     The term "person" includes natural persons, corporations, partnerships, unincorporated associations, trusts, municipalities, government bodies, or any agent, division, or sub-part of any person defined above, and all other entities in law or in fact.

E.     The terms "relating to" or "relating thereto" means relating or pertaining in any way to, referring to, reflecting, recording, memorializing, mentioning, constituting, supporting or concerning, directly or indirectly.

F.     The singular includes the plural and the plural includes the singular; the words "and" and "or" shall be both conjunctive and disjunctive; "any" means "any and all"; the word "including" means including without limitation.

G.     The term "or" shall mean and/or.

H.     The term "Iceland Express" refers to the Defendant Iceland Express, ehf.

I.     The terms "Sutra," "Plaintiff," "you," "your" and "yours" refer to the Plaintiff Sutra, Inc. and any of its agents, employees, servants or contractors, and any person, organization, or entity from which he has a right to request and receive any of the information or documents requested herein.

J.     The term "Airkiosk System Application Service Provider Agreement" refers to the Airkiosk System Application Service Provider Agreement by and between Sutra, Inc. and Iceland Express, ehf dated December, 2002.

## II. **INSTRUCTIONS**

A.    Whenever in these interrogatories you are asked to "identify," you are requested:

(1)    when identifying a person to give such person's (i) full name, (ii) business and residence addresses, (iii) last known telephone number (iv) present or last known position and business affiliation, and (v) position and business affiliation at the time in question;

(2)    when identifying any communication to identify (i) the parties thereto, (ii) the date of the communication, (iii) the place of the communication, (iv) whether it was in person or by telephone, (v) the exact nature and substance of the communication, and (vi) whether such communication has since been reduced to writing and, if so, to identify each document and the present custodian thereof; and

(3)    when identifying a document to (i) identify the author thereof and the parties thereto, (ii) state its title or other identifying data, (iii) state the date that the documents bears or, if no date appears thereon, the approximate date, (iv) state the exact nature and substance thereof, (v) identify each person having possession, care, custody or control of the original and any copies thereof, and (vi) if such document was, but no longer is, in your possession or subject to your control, state what disposition was made of it and state its content as completely and accurately as you can.

B.      In answering each interrogatory, the respondent is requested to identify in its answer to each interrogatory each document used in answering the interrogatory and each document in the possession, custody or control or of which the respondent has knowledge which contains any of the information requested in the interrogatory.

C.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Interrogatories are deemed to be continuing so as to require further and supplemental responses if the respondent hereto, witnesses and/or such other persons who are served herewith obtain additional information between the time of the initial response and the time of hearing or trial.

D.      If any information called for by any interrogatory herein is withheld because of a claim of privilege or immunity, identify as to each such document or communication:

    (1)    its date;

    (2)    its author(s);

    (3)    the business or position of its author(s);

    (4)    its recipient(s);

    (5)    the business or position of its recipient(s);

    (6)    its number of pages;

    (7)    its subject matter;

    (8)    the statute, rule or decision on which the claim of privilege or immunity is based; and

    (9)    the paragraph of the interrogatory to which the document and/or communication is responsive.

E.    Where an interrogatory calls for both factual and opinion answers, each answer shall be designated as to whether it is factual or opinion in nature.  Where an answer contains both factual and opinion information, the factual information shall be designated factual and the opinion information shall be designated opinion.

### III. INTERROGATORIES

**INTERROGATORY NO. 1:**

Please describe in full detail the substance and nature of any and all confidential information and or trade secrets that you claim Iceland Express derived or obtained by means of the external script as alleged in paragraph 20 of the Complaint, and state each and every fact that supports your allegation that Iceland Express disclosed such confidential information and or trade secrets to the creators of ticket.net and/or any other third parties.

**INTERROGATORY NO. 2:**

Please describe in full detail the substance and nature of any and all confidential information and or trade secrets that you claim Iceland Express derived or obtained by means of calls to Sutra customer support as alleged in paragraph 20 of the Complaint, and state each and every fact that supports your allegation that Iceland Express disclosed such confidential information and or trade secrets to the creators of ticket.net and/or any other third parties.

**INTERROGATORY NO. 3:**

Please describe in full detail the substance and nature of any and all confidential information and or trade secrets that you claim Iceland Express derived or obtained by means other than the external script and or calls to Sutra customer support as alleged in paragraph 20 of the Complaint, and state each and every fact that supports your allegation that Iceland Express disclosed such confidential information and or trade secrets to the creators of ticket.net and/or any other third parties.

**INTERROGATORY NO. 4:**

With respect to any and all categories of confidential information and or trade secrets that you identify in response to interrogatories 1, 2 and 3 above, please state in full detail the extent to which such confidential information is known within and without Sutra, the measures taken by Sutra to protect the alleged secrecy of such information, and the amount of effort or money expended by the corporation in developing such information.

**INTERROGATORY NO. 5:**

Please describe in full detail the nature and substance of any and all features and functionality of the Airkiosk System that you claim were confidential and/or trade secrets that were misappropriated by Iceland Express.

**INTERROGATORY NO. 6:**

Please specifically describe the features and functions of Ticket.net and the Airkiosk System that you contend were similar as a result of Iceland Express's alleged misappropriation of Sutra's confidential information and or trade secrets, including in your response the manner in which said features and functions of the two systems were similar.

**INTERROGATORY NO. 7:**

Please identify all third parties to whom you claim Iceland Express unlawfully disclosed Sutra's confidential information and or trade secrets regarding the Airkiosk System, including in your response without limitation the names, addresses, and phone numbers of each such person or entity.

**INTERROGATORY NO. 8:**

Please identify all categories of damages that you allege you have suffered, including in your response an itemized breakdown of each such category of damages.

**INTERROGATORY NO. 9:**

Please identify any and all documents that relate to and/or support any and all of your contentions set forth in your responses to these interrogatories.

DEFENDANT ICELAND EXPRESS, EHF

By its attorneys,

Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, Massachusetts  02110-3113
(617) 951-1400

Dated:  May 31, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document(s) was served upon the attorney of record for each other party by ~~hand delivery~~ US Mail on _Mary 31, 2006_ .

_Matthew P. Zayotti_

# KEEGAN WERLIN LLP

ATTORNEYS AT LAW

265 FRANKLIN STREET

BOSTON, MASSACHUSETTS 02110-3113

———

(617) 951-1400

TELECOPIERS:

(617) 951-1354

(617) 951-0586

May 31, 2006

Brett N. Dorny, Esq.
Law Office of Brett N. Dorny
321 Church Street
Northborough, Massachusetts 01532

Re:    Sutra, Inc. v. Iceland Express,
       United States District Court for the District of Massachusetts
       Civil Action No. 04-11360-DPW

Dear Mr. Dorny:

In connection with the above-referenced matter, enclosed please find a copy of the following:

1. Defendant Iceland Express, ehf's Second Set of Interrogatories to the Plaintiff; and

2. Defendant Iceland Express, ehf's Second Request for Production of Documents to the Plaintiff.

Thank you for your attention to this matter.

Very truly yours,

Matthew P. Zayotti

Enclosures

cc:    Richard B. Kirby, Esq.

**EXHIBIT O**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUTRA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | )      CIVIL ACTION NO.  04-11360-DPW |
| v. | ) |
| | ) |
| ICELAND EXPRESS, EHF, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE TO
## DEFENDANT'S SECOND SET OF INTERROGATORIES

Plaintiff, Sutra, Inc. ("Sutra") hereby submits its objections and responses to Defendant

Iceland Express, ehf's Second Set of Interrogatories.

## GENERAL OBJECTIONS

1.     Plaintiff objects to providing information or producing documents which contain

trade secrets or other confidential information without an appropriate protective order.  Counsel

for Plaintiff provided a draft protective order to counsel for Defendant on October 31, 2005.

Despite assurances that comments would be provided, counsel for Defendant has not yet agreed

to nor commented on the draft protective order.

2.     Plaintiff objects to the interrogatories to the extent that they seek information

which is subject to attorney-client privilege, or the attorney work product doctrine.  Plaintiff will

provide a privilege log with respect to any information withheld on such basis.

3.     Plaintiff objects to the interrogatories to the extent they seek to impose a greater

burden on defendant than is required by the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS AND RESPONSES

INTERROGATORY NO. 1:

Please describe in full detail the substance and nature of any and all confidential information and or trade secrets that you claim Iceland Express derived or obtained by means of the external script as alleged in paragraph 20 of the Complaint, and state each and every fact that supports your allegations that Iceland Express disclosed such confidential information and or trade secrets to the creators of ticket.net and/or any other third parties.

Objection:   Plaintiff objects to this interrogatory as being premature in that discovery is still

ongoing.  Defendant has yet to provide information and documents relating to the functionality

and operation of the ticket.net system and the external script.  Plaintiff reserves the right to

supplement its answer to this interrogatory as more information becomes available.

Response:  Subject to the foregoing objection and the general objections, Plaintiff responds as

follows:

Iceland Express used the external script to determine the structure, design and operation

of the AirKiosk database.  It also used the external script to determine the operation and

functionality of the AirKiosk Reservation Control and Control Agent Modules.  The features,

operation and functionality of the AirKiosk system appeared in the ticket.net system after Iceland

Express utilized the external script to improperly access information regarding the AirKiosk

system.  The external script was created, at least in part, by Tommy Wiberg, the creator of

ticket.net.

INTERROGATORY NO. 2:

Please describe in full detail the substance and nature of any and all confidential information and or trade secrets that you claim Iceland Express derived or obtained by means of calls to Sutra customer support as alleged in paragraph 20 of the Complaint, and state each and every fact that supports your allegations that Iceland Express disclosed such confidential information and or trade secrets to the creators of ticket.net and/or any other third parties.

Objection:    Plaintiff objects to this interrogatory as being premature in that discovery is still ongoing. Defendant has yet to provide information and documents relating to the functionality and operation of the ticket.net system and the external script. Plaintiff reserves the right to supplement its answer to this interrogatory as more information becomes available.

Response:  Subject to the foregoing objection and the general objections, Plaintiff responds as follows:

Iceland Express learned about the operation, features and functionality of the AirKiosk system through use of the system and through calls to Sutra customer support. Iceland Express sought, at least once, to have Sutra provide information regarding AirKiosk to a "consultant." The features, operation and functionality of the AirKiosk system appeared in the ticket.net system after Iceland Express obtained information from Sutra customer support. Iceland Express was working with the creator of the ticket.net system while utilizing the AirKiosk system and seeking information from Sutra customer support.


INTERROGATORY NO. 3:

Please describe in full detail the substance and nature of any and all confidential information and or trade secrets that you claim Iceland Express derived or obtained by means other than the external script and or calls to Sutra customer support as alleged in paragraph 20 of the Complaint, and state each and every fact that supports your allegations that Iceland Express disclosed such confidential information and or trade secrets to the creators of ticket.net and/or any other third parties.

Objection:    Plaintiff objects to this interrogatory as being premature in that discovery is still ongoing. Defendant has yet to provide information and documents relating to the functionality and operation of the ticket.net system and the external script. Plaintiff reserves the right to supplement its answer to this interrogatory as more information becomes available.

Response: Subject to the foregoing objection and the general objections, Plaintiff responds as follows:

Iceland Express learned about the operation, features and functionality of the AirKiosk system through use of the system and through training provided by Sutra. The features, operation and functionality of the AirKiosk system appeared in the ticket.net system after Iceland Express obtained information from Sutra customer support. Iceland Express was working with the creator of the ticket.net system while utilizing the AirKiosk system and seeking information from Sutra customer support.

INTERROGATORY NO. 4:

With respect to any and all categories of confidential information and or trade secrets that you identify in response to interrogatories 1, 2 and 3 above, please state in full detail the extent to which such confidential information is known within and without Sutra, the measures taken by Sutra to protect the alleged secrecy of such information, and the amount of effort or money expended by the corporation in developing such information.

Objections: Plaintiff objects to this interrogatory as being premature in that discovery is still ongoing. Defendant has yet to provide information and documents relating to the functionality and operation of the ticket.net system and the external script. Plaintiff reserves the right to supplement its answer to this interrogatory as more information becomes available.

Plaintiff further objects to this Interrogatory as including multiple unrelated subparts. Separation of this Interrogatory into the distinct parts would result in Defendant exceeding the maximum number of Interrogatories allow by Rule 33, Fed. R. Civ. P. Plaintiff will respond to the first two, related parts of this Interrogatory.

Response: Subject to the foregoing objection and the general objections, Plaintiff responds as follows:

Information regarding the AirKiosk system is provided to employees of Sutra on a need to know basis. All employees of Sutra must execute confidentiality agreements before any information regarding the AirKiosk system is disclosed. Full information regarding the design of the databases and operation of the system is known to only a few people at Sutra.

All customers who are given access to the AirKiosk system are required to execute an ASP Agreement which includes provisions to maintain the confidentiality of all information relating to the AirKiosk system. Access to portions of the AirKiosk system are limited to specific Internet addresses designated by customers.

INTERROGATORY NO. 5:

Please describe in full detail the nature and substance of any and all features and functionality of the AirKiosk System that you claim were confidential and/or trade secrets that were misappropriated by Iceland Express.

Objections:    Plaintiff objects to this interrogatory as being premature in that discovery is still ongoing. Defendant has yet to provide information and documents relating to the functionality and operation of the ticket.net system and the external script. Plaintiff reserves the right to supplement its answer to this interrogatory as more information becomes available.

Response: Subject to the foregoing objection and the general objections, Plaintiff will not answer this interrogatory until an acceptable Protective Order has been entered by the Court.

INTERROGATORY NO. 6:

Please specifically describe the features and function of Ticket.net and the AirKiosk System that you contend were similar as a result of Iceland Express's alleged misappropriation of Sutra's confidential information and or trade secrets, including in your response the manner in which said features and functions of the two systems were similar.

<u>Objections</u>:    Plaintiff objects to this interrogatory as being premature in that discovery is still

ongoing.  Defendant has yet to provide information and documents relating to the functionality

and operation of the ticket.net system and the external script.  Plaintiff reserves the right to

supplement its answer to this interrogatory as more information becomes available.

<u>Response</u>:  Subject to the foregoing objection and the general objections, Plaintiff will not

answer this interrogatory until an acceptable Protective Order has been entered by the Court.


<u>INTERROGATORY NO. 7</u>:

Please identify all third parties to whom you claim Iceland Express unlawfully disclosed
Sutra's confidential information and or trade secrets regarding the AirKiosk System, including in
your response without limitation the names, addresses, and phone numbers of each such person
or entity.

<u>Objections</u>:    Plaintiff objects to this interrogatory as being premature in that discovery is still

ongoing.  Plaintiff reserves the right to supplement its answer to this interrogatory as more

information becomes available.

<u>Response</u>:  Subject to the foregoing objection and the general objections, Iceland Express

disclosed confidential and trade secret information to the creators of Ticket.net, including

Tommy Wiberg.  Iceland Express, Tommy Wiberg, and/or their partners or associates have

sought other customers for Ticket.net.  All persons, unknown to Sutra, to whom the Ticket.net

system has been disclosed.


<u>INTERROGATORY NO. 8</u>:

Please identify all categories of damages that you allege you have suffered including in
your response an itemized breakdown of each such category of damages.

Objections:    Plaintiff objects to this interrogatory as being premature in that discovery is still ongoing. Iceland Express has not yet provided information regarding its bookings, boardings, and finances, which are necessary to determine damages. Plaintiff reserves the right to supplement its answer to this interrogatory as more information becomes available.

Response:  Subject to the foregoing objection and the general objections, Plaintiff responds as follows:

1.    Lost payments for AirKiosk use, including maintenance and support, by Iceland Express for approximately three years: at least $54,000.

2.    Value of airline reservation system improperly obtained by Iceland Express: at least $1,000,000.

3.    Value of airline reservation system improperly provided by Iceland Express to Tommy Wiberg: at least $1,000,000.

4.    Value of airline reservation system improperly provided by Iceland Express to any other users of Ticket.net: unknown.

INTERROGATORY NO. 9:

Please identify any and all documents that relate to and/or support any and all of your contentions set forth in your responses to these interrogatories.

Objections:    Plaintiff objects to this interrogatory as being premature in that discovery is still ongoing. Plaintiff reserves the right to supplement its answer to this interrogatory as more information becomes available.

Response:  Subject to the foregoing objection and the general objections, Plaintiff will produce such documents pursuant to Rule 33, Fed. R. Civ. P., once an acceptable Protective Order has been entered by the Court.

Respectfully submitted,

Brett N. Dorny,  BBO# 628977
Law Office of Brett N. Dorny
386 West Main Street, Suite 12A
Northborough, Massachusetts  01532
Tel.  508-709-0501
Fax.  508-519-9185
bndorny@dornylaw.com

Attorney for Plaintiff

Dated:  July 5, 2006

## Certificate of Service

I hereby certify that the foregoing Plaintiff's Response to Defendant's Second Set of Interrogatories was served upon counsel for Defendant by first class mail, postage prepaid, on July 5, 2006.

Brett N. Dorny

## Verification

I hereby certify, under penalty of perjury, that the foregoing responses are true and

correct.

_____

Stephanie Niketic

**EXHIBIT P**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  04-11360-DPW

| | |
|---|---|
| SUTRA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ICELAND EXPRESS, EHF, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT ICELAND EXPRESS, EHF'S
## SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, the Defendant Iceland Express, ehf hereby requests in accordance with the definitions and instructions set forth herein, that the Plaintiff Sutra, Inc. produce the following documents for inspection and copying at the offices of Keegan Werlin LLP, 265 Franklin Street, Boston, MA 02110 within thirty (30) days after service of this request.

## II. DEFINITIONS

A.     The term "document" is used in the broadest sense and includes but is not limited to originals and non-identical copies, drafts, alterations, modifications, changes or amendments whether different from the originals by reason of any notation made on such copies or otherwise, of the following items, whether typed, printed, recorded, photographed, videotaped, filmed, taped, microfilmed, microfiched or reproduced by any other mechanical or electronic process, or written or produced by hand, namely: agreements; communications, including inter-office and intra-office communications; and inter-company and intra-company communications; bulletins; letters; correspondence;

telegrams; emails; teletypes; telefax; memoranda; agenda; records; books; summaries of records or notations of any sort of personal or telephone conversations or interviews; telephone logs; diaries; forecasts; statistical statements; accountants' work papers; graphs; charts; accounts; analytical records; reports; studies; minutes or records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; notes; projections; drafts of any documents; working paper; ledgers, including securities ledgers; checks, front and back; check stubs or receipts; purchase orders; statements; returns; summaries; invoices; work sheets; credit memoranda; loan agreements; loan commitments; loan documents; any other documents or writings of whatever description including, but not limited to, any information contained in any computer although not yet printed out within your possession, computer magnetic or optical disc in your possession, custody or control or the possession, custody or control of any agent, employee, or other persons acting or purporting to act on your behalf (including without limitation, attorneys, accountants and investment bankers or advisors).

B.    A document is deemed to be in the respondent's "control" if the respondent has the right to secure the document or a copy thereof from another person (including but not limited to Respondent's counsel) or public or private entity having actual physical possession thereof.

C.    The term "communication" shall mean any transfer of information, data, ideas, fact, non-fact, opinion, whether orally, in writing, by electronic data transfer or otherwise, including but not limited to any memorandum, report, order, note, meeting,

utterance, conversation, notation, statement of any nature whatsoever, correspondence, electronic mail, photograph, image, sign or signal, gesture, or oral or telephonic conversation.

D.    The term "person" includes natural persons, corporations, partnerships, unincorporated associations, trusts, municipalities, government bodies, or any agent, division, or sub-part of any person defined above, and all other entities in law or in fact.

E.    The term "relating to" or "relating thereto" means relating or pertaining in any way to, referring to, reflecting, recording, memorializing, mentioning, constituting, supporting or concerning, directly or indirectly.

F.    The singular includes the plural and the plural includes the singular; the words "and" and "or" shall be both conjunctive and disjunctive; "any" means "any and all"; the word "including" means including without limitation.

G.    The term "or" shall mean and/or.

H.    The term "Iceland Express" refers to the Defendant Iceland Express, ehf.

I.    The terms "Sutra," "Plaintiff," "you," "your" and "yours" refer to the Plaintiff Sutra, Inc. and any of its agents, employees, servants or contractors, and any person, organization, or entity from which he has a right to request and receive any of the information or documents requested herein.

J.    The term "Airkiosk System Application Service Provider Agreement" refers to the Airkiosk System Application Service Provider Agreement by and between Sutra, Inc. and Iceland Express, ehf dated December, 2002.

## II. INSTRUCTIONS

A.    Each request for documents set forth herein seeks production of the document in its entirety, without abbreviation or expurgation, including all attachments or other materials affixed thereto, incorporated by reference therein or referred to therein.

B.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this Request shall be deemed to be continuing so as to require further and supplemental production if the responding party or its agents or attorneys obtain additional documents between the time of the initial production and the time of hearing or trial.

C.    All documents are to be produced as they are kept in the usual course of business so that the propounding party can ascertain the file in which they are located, their relative order in such files and how such files were maintained or, in the alternative, shall organize and label the documents produced so as to correspond with the category or categories of the request to which they are responsive.

D.    <u>Segregated Responses</u>:  The responses to these requests shall set forth the number and subdivision of the request before each response and separate responses are sought with respect to each request and subdivision thereof.

E.    <u>Privileged Documents and Communications</u>:  With respect to any document responsive to this request which you may decline to produce by reason of any claim of privilege or immunity, provide a statement setting forth as to each such document:

(1)    the name of the sender of the document;

(2)    the name of the author of the document;

4

(3)    the name of the person to whom all copies (both indicated and blind) of the document were sent or furnished or to whom, at any time, the document's contents have been disclosed;

(4)    the job title of every person named in a, b, and c above;

(5)    the date of the document;

(6)    the date on which the document was received or sent by you;

(7)    a brief description of the nature and subject matter of the document sufficient to permit the fullest evaluation of the claim of privilege pursuant to which it has been withheld, but without revealing privileged matter;

(8)    the number of pages in the document; and

(9)    the statute, rule or decision on which the claim of privilege or immunity is based.

F.    <u>Documents No Longer In Existence</u>:  If any document requested was at one time in existence but is no longer in existence, or has been lost, destroyed, discarded or otherwise disposed of within the twelve months preceding the date of this Request, any such document is to be identified as completely as possible by including a statement setting forth the following as to each such document:

(1)    the type of document:

(2)    the date upon which it ceased to exist;

(3)    the circumstances under which it ceased to exist including a true and complete copy of any policy with respect to the retention of disposal of documents claimed to be applicable thereto;

(4)    the identity of all persons having knowledge of the circumstances

under which it ceased to exist;

(5)    the identity of all persons having knowledge of the contents thereof.

### III. REQUESTS

**REQUEST NO. 1:**

All documents that support your allegation in paragraph 20 of the Complaint that "Iceland Express disclosed confidential, proprietary trade secret information regarding the Airkiosk System, including information obtained by the external script and by calls to Sutra customer support, to the creators of ticket.net."

**REQUEST NO. 2:**

All documents that constitute, relate or refer to any infringement action brought against Iceland Express and/or Tommy Wiberg by the company that produced the airline reservation system known as GoodJet.

**REQUEST NO. 3:**

All documents that constitute, relate or refer to communications by and between Peter Nimerius and Sutra, including but not limited to any and all documents or communications that comment on the supposed similarities between new portions of Ticket.net and the Airkiosk System.

**REQUEST NO. 4:**

All documents or communications that relate or refer to any and all alleged similarities between the features and functions of the Airkiosk System and ticket.net.

**REQUEST NO. 5:**

All documents that support or relate to your contention that Iceland Express allowed persons other than staff and agents to access the Control Agent module of the Airkiosk System in violation of the parties' agreement.

**REQUEST NO. 6:**

All documents that support or relate to your contention that Iceland Express disclosed confidential information and or trade secrets regarding the Airkiosk System to third parties, including Tommy Wiberg.

**REQUEST NO. 7:**

All documents or communications requested to be identified in Iceland Express's Second Set of Interrogatories to Sutra.

DEFENDANT ICELAND EXPRESS, EHF

By its attorneys,

Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts  02110-3113
(617) 951-1400

Dated:  May 31, 2006

---

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document(s) was served upon the attorney of record for each other party by hand-delivery - US Mail on _____May 31, 2006_____.

---

**EXHIBIT Q**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SUTRA, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 04-11360-DPW |
| ) | |
| v. ) | |
| ) | |
| ICELAND EXPRESS, EHF, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND
### SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff, Sutra, Inc. ("Sutra") hereby submits its objections and responses to Defendant's

Iceland Express, ehf's Second Set of Request for Production of Documents.

### GENERAL OBJECTIONS

1.    Plaintiff objects to providing information or producing documents which contain

trade secrets or other confidential information without an appropriate protective order.  Counsel

for Plaintiff provided a draft protective order to counsel for Defendant on October 31, 2005.

Despite assurances that comments would be provided, counsel for Defendant has not yet agreed

to nor commented on the draft protective order.

2.    Plaintiff objects to the requests to the extent that they seek information or

documents which is subject to attorney-client privilege, or the attorney work product doctrine.

Plaintiff will provide a privilege log with respect to any document or information withheld on

such basis.

3.    Plaintiff objects to the requests to the extent they seek to impose a greater burden

on defendant than is required by the Federal Rules of Civil Procedure.

4.    Plaintiff objects to the requests to the extent that they seek documents previously requested by defendant.

SPECIFIC OBJECTIONS AND RESPONSES

REQUEST NO. 1:

All documents that support your allegation in paragraph 20 of the Complaint that "Iceland Express disclosed confidential, proprietary trade secret information regarding the AirKiosk System, including information obtained by the external script and by calls to Sutra customer support, to the creators of ticket.net."

Response:    Subject to the general objections, Plaintiff will produce the requested documents once an acceptable Protective Order has been entered by the Court.

REQUEST NO. 2:

All documents that constitute, relate or refer to any infringement action brought against Iceland Express and/or Tommy Wiberg by the company that produced the airline reservation system known as GoodJet.

Response:    Subject to the general objections, Plaintiff will produce the requested documents once an acceptable Protective Order has been entered by the Court.

REQUEST NO. 3:

All documents that constitute, relate or refer to communications by and between Peter Nimerius and Sutra, including but not limited to any and all document or communications that comment on the supposed similarities between new portions of Ticket.net and the AirKiosk System.

Objection:  Plaintiff objects to this request as being overly broad, unduly burdensome, and unlikely to lead to admissible evidence to the extent that it seeks documents unrelated to Ticket.net and/or Iceland Express.

<u>Response</u>:        Subject to the foregoing objection and the general objections, Plaintiff will

produce the requested documents once an acceptable Protective Order has been entered by the

Court.

<u>REQUEST NO. 4</u>:

All documents and communications that relate or refer to any and all alleged similarities between the features and functions of the AirKiosk System and ticke.net.

<u>Response</u>:        Subject to the general objections, Plaintiff will produce the requested documents

once an acceptable Protective Order has been entered by the Court.

<u>REQUEST NO. 5</u>:
All documents that support or relate to your contention that Iceland Express allowed persons other than staff and agents to access the Control Agent module of the Airkiosk System in violation of the parties agreement.

<u>Response</u>:        Subject to the general objections, Plaintiff has produced the requested documents

and/or will produce the requested documents once an acceptable Protective Order has been

entered by the Court.

<u>REQUEST NO. 6</u>:

All documents that support or relate to your contention that Iceland Express disclosed confidential information and or trade secrets regarding the AirKiosk System to third parties, including Tommy Wiberg.

<u>Response</u>:        Subject to the general objections, Plaintiff has produced the requested documents

and/or will produce the requested documents once an acceptable Protective Order has been

entered by the Court.

3

REQUEST NO. 7:

All documents or communications requested to be identified in Iceland Express's Second Set of Interrogatories to Sutra.

Response:    Subject to the general objections, Plaintiff has produced the requested documents and/or will produce the requested documents once an acceptable Protective Order has been entered by the Court.

Respectfully submitted,

Brett N. Dorny,  BBO# 628977
Law Office of Brett N. Dorny
386 West Main Street, Suite 12A
Northborough, Massachusetts  01532
Tel.  508-709-0501
Fax.  508-519-9185
bndorny@dornylaw.com

Attorney for Plaintiff

Dated:  June 5, 2006

Certificate of Service

I hereby certify that the foregoing Plaintiff's Response to Defendant's Second Set of Requests for Documents was served upon counsel for Defendant by first class mail, postage prepaid, on June 5, 2006.

Brett N. Dorny

4