UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11360-DPW

| | |
|---|---|
| SUTRA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ICELAND EXPRESS, EHF, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT ICELAND EXPRESS, EHF'S OPPOSITION
TO PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY**

The Defendant Iceland Express, ehf hereby submits this Memorandum of Law in Support of its Opposition to Plaintiff's Third Motion to Compel Discovery.

## ARGUMENT

**SUTRA'S MOTION TO COMPEL DISCOVERY MUST BE DENIED BECAUSE SUTRA'S MOTION IS UNTIMELY AND SUTRA HAS FAILED TO SPECIFICALLY IDENTIFY THE ALLEGED TRADE SECRETS THAT SUTRA CLAIMS WERE MISAPPROPRIATED BY ICELAND EXPRESS**

Sutra's Motion to Compel Discovery must be denied because Sutra's motion is untimely and Sutra has failed to specifically identify the alleged trade secrets that Sutra claims were misappropriated by Iceland Express.

As Sutra is well aware, discovery in this matter closed on April 30, 2007. Specifically, the Court ordered as follows:

> Fact discovery completed by 4/30/07; Plaintiff expert disclosure by 5/25/07; defendant's expert disclosure by 6/22/07; expert depositions completed by 7/15/07; dispositive motions due 8/17/07 with responses due 9/17/07. Parties shall notify court by 8/17/07 if no

>dispositive motions are anticipated. No further extensions
>of discovery schedule will be entertained.

<u>See</u> Scheduling Order.

The depositions of Iceland Express's Rule 30(b)(6) designees, Gunnar Karl Nielsson, Matthias Imsland and Omar Olafsson, were conducted on April 10 and 11, 2007. <u>Zayotti Affidavit</u>, at ¶ 3.

Although counsel for Iceland Express had suggested to Sutra's counsel prior to the Court's Scheduling Order that the parties jointly request the Court to extend discovery through May 31, 2007, in part so that Iceland Express could try to arrange for Tommy Wiberg, the individually who created Ticket.net and allegedly incorporated therein the unspecified trade secrets of Sutra, to voluntarily appear for a deposition, Sutra's counsel insisted on the April 30, 2007 discovery deadline. <u>Id.</u> at ¶ 4.

On August 4, 2007, more than four (4) months after completing the depositions upon which Sutra relies in asserting that it is entitled to additional documents, more than three (3) months after the discovery deadline, more than two (2) months after the deadline for Sutra's expert disclosures, and nearly one (1) month after the deadline for completing expert witness depositions, Sutra belatedly filed its motion to compel.

In the meantime, as more fully described in Iceland Express's <u>Memorandum of Law in Support of its Motion for Summary Judgment</u>, at 9-19, Sutra has failed and refused to provide adequate responses to Iceland Express's extensive discovery requests, including but not limited to failing and refusing to grant Iceland Express access to the AirKiosk System pursuant to a request for inspection for the purpose of performing an expert comparison of the AirKiosk and Ticket.net systems.

In light of Sutra's failure to timely pursue its discovery requests and its failure and refusal to fulfill its own discovery obligations, Sutra's motion to compel must be denied. See <u>Modern Continental/Obayashi v. Occupational Safety and Health Review Com'n</u>, 196 F.3d 274, 281 (1st Cir. 1999) (lack of diligence both in pursuing own discovery requests and in responding to Secretary's provided more than adequate grounds for the judge's refusal to grant untimely motion to compel); <u>Ayala-Gerena v. Bristol Myers-Squibb Co.</u>, 95 F.3d 86, 92-94 (1st Cir.1996).

Perhaps more importantly, however, for the reasons stated at length in Iceland Express's <u>Memorandum of Law in Support of its Motion for Summary Judgment</u>, at 28-44, Sutra's motion to compel additional discovery must be denied because of Sutra's complete and utter failure and refusal to specify the alleged trade secrets that it contends were misappropriated by Iceland Express. <u>Microwave Research Corp. v. Sanders Associates, Inc.</u>, 110 F.R.D. 669, 674 (D.Mass.,1986) (denying discovery where plaintiff cannot specify the trade secrets and/or confidential information which it claims were misappropriated ); <u>Xerox Corp. v. International Business Machines Corp.</u>, 64 F.R.D. 367, 371 (S.D.N.Y., 1974) (to protected defendant from unwarranted discovery plaintiff must specify in detail the trade secrets and confidential information alleged to have been misappropriated and ". . . until this is done, neither the court nor the parties can know, with any degree of certainty, whether discovery is relevant or not. . . .").

Moreover, as discussed more fully in Iceland Express's Memorandum of Law in Support of its Motion for Summary Judgment, Sutra objected as follows to Iceland Express's request for the production of the AirKiosk System source code:

> Plaintiff objects to this request as being irrelevant, overly
> broad, unduly burdensome, and unlikely to lead to

> admissible evidence. Iceland Express only had access to
> the AirKiosk System from January to July 2003. The
> AirKiosk Systems for all other time periods, both before
> and after, including all changes and modifications, is
> irrelevant. Furthermore, Iceland Express never had access
> to the source code or documents relating to the source code.

Zayotti Affidavit, Exh. M. In light of Sutra's objection to producing the source code for the AirKiosk System, and its admission that Iceland Express never had access to the source code or documents relating to the source code of the AirKiosk System, the source code for Ticket.net is patently irrelevant and not discoverable and Sutra's motion to compel must be denied.

      Finally, the testimony upon which Sutra relies in moving to compel additional discovery does not unequivocally establish that there are any additional responsive documents. Indeed, Mr. Nielsson, upon whose testimony Sutra relies in arguing that Iceland Express has possession of the Ticket.net source code, was last employed by Iceland Express in or about May, 2005, nearly one year before Iceland Express responded to Sutra's document request. Zayotti Affidavit, Exh. A. By the same token, although Mr. Olafsson testified that he was never asked to look for documents, Mr. Olafsson also testified that Mr. Nielsson was asked to look himself for responsive documents after Mr. Nielsson left the company, that the former CEO of Iceland Express searched for responsive communications, and that Mr. Olafsson was uncertain whether other responsive communications even existed. Dorny Affidavit, Exh. B.

      Accordingly, since Sutra has failed to specifically identify any alleged trade secrets that it claims were misappropriated by Iceland Express, Sutra's motion to compel must be denied.

WHEREFORE, based on the foregoing points and authorities the Defendant respectfully requests that this Honorable Court deny the Plaintiff's Third Motion to Compel.

> DEFENDANT ICELAND EXPRESS, EHF
>
> By its attorneys,
>
> /s/ Matthew P. Zayotti
> Richard Kirby, BBO# 273600
> Matthew P. Zayotti, BBO# 638265
> Keegan Werlin LLP
> 265 Franklin Street
> Boston, Massachusetts 02110-3113
> (617) 951-1400

Dated: August 20, 2007

---

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on _August 20, 2007_.

_/s/ Matthew P. Zayotti_

---