# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUTRA, INC., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ICELAND EXPRESS, EHF, )<br>)<br>    Defendant. ) | CIVIL ACTION NO.  04-11360-DPW |

DECLARATION OF BRETT N. DORNY IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I, Brett N. Dorny, hereby declare as follows:

1. I am an attorney for Plaintiff, Sutra, Inc. ("Sutra") in this case. I submit this declaration is opposition to Defendant's Motion for Summary Judgment. All statements are made of my own knowledge.

2. Exhibit A hereto is a true and correct copy of excerpts of the Deposition of Stephanie Niketic, dated April 25, 2007.

3. Exhibit B hereto is a true and correct copy of excerpts of the Deposition of Novak Niketic, dated April 27, 2007.

4. Exhibit C hereto is a true and correct copy of the Application Service Provider Agreement between Iceland Express and Sutra.

5. Exhibit D hereto is a translation of a decision of Swedish court in a criminal case against Tommy Wiberg for breach of faith.

1

6. Exhibit E hereto is a true and correct copy of a letter from Sutra to Iceland Express dated July 10, 2003.

7. Exhibit F hereto is a true and correct copy of excerpts of the Deposition of Gunar Karl Nielsson, dated April 10, 2007.

8. Exhibit G hereto is a true and correct copy of excerpts of the Deposition of Omar Orn Olafsson, dated April 11, 2007.

9. On May 25, 2007, I served an expert report regarding damages on counsel for Iceland Express. I also provided a copy of the curriculum vitae of the technical expert, Peter Nimerius. In the cover letter for these documents, attached hereto as Exhibit H, I indicated that Mr. Nimerius required more time to complete the report. The additional time was necessary because Iceland Express had been deficient in providing information about the ticket.net system. In the letter, I further asked whether Iceland Express's counsel to let me know if the delay was unacceptable such that I would need to file a motion with the Court. I never had any communication from counsel for Iceland Express.

10. Well prior to May 25, 2007, I had informed counsel for Iceland Express that, based upon the deposition testimony of Iceland Express's representatives taken in April, the discovery responses of Iceland Express were deficient. In particular, the deponents testified to the existence of documents describing the operation of the ticket.net system, additional emails and other communications relating to creation, operation and use of the ticket.net, and the source code for ticket.net. Iceland Express had previously responded to requests by asserting that no such documents existed. Pursuant to Local Rule 37.1, I requested a discovery conference. The discovery conference was held by telephone on June 20, 2007. At that time, I further explained to counsel for Iceland Express that the report of the technical expert was being hindered by

Iceland Express's failure to properly produce documents.  Again, he did not object to the delay.  I have since filed a Third Motion to Compel seeking production of the requested documents.

11.  Despite the failure of Iceland Express to properly produce documents relating to operation of the ticket.net system, Mr. Nimerius produced a report of similarities between certain functions of the AirKiosk system and ticket.net.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  August 31, 2007            ___s/  Brett N. Dorny_____
                                         Brett N. Dorny