## ARTICLE 9 TRADE SECRETS, CONFIDENTIALITY

**9.1** ICELAND agrees and accepts that *AIRKIOSK* (including but not limited to programs, documentation, interfaces and specifications thereof) and the information contained therein or supplied therewith represent the sole property of SUTRA and that all applicable copyrights, patents, trademarks and all other rights are the sole property of SUTRA.

**9.2** ICELAND agrees to protect and keep confidential the trade secrets of SUTRA.

**9.3** ICELAND shall not, and shall prevent its employees to, use, transmit, modify or reproduce for the benefit of third parties any information which is stored in the documentation, programs or databases of AIRKIOISK, if such heretofore mentioned acts are not necessary in the use of *AIRKIOSK* as provided by this Agreement.

## ARTICLE 10 WARRANTY, LIABILITY

10.1    <u>Warranty</u>. SUTRA WARRANTS THAT AIRKIOSK SHALL PERFORM SUBSTANTIALLY IN CONFORMANCE TO ITS PUBLISHED SPECIFICATIONS. SUTRA DOES NOT WARRANT THAT AIRKIOSK WILL MEET THE REQUIREMENSTS OF ICELAND OR ITS CUSTOMERS OR THAT THE OPERATION OF AIRKIOSK WILL BE ERROR FREE.

10.2    <u>DISCLAIMER OF ALL OTHER WARRANTIES</u>. SUTRA DISCLAIMS ALL OTHER CONDITIONS AND WARRANTIES, EITHER EXPRESS OR IMPLIED.

10.3    <u>SOLE AND EXCLUSIVE REMEDY</u>. THE SOLE AND EXCLUSIVE REMEDY OF ICELAND FOR ANY LIABILITY OF SUTRA OF WHATEVER KIND INCLUDING (i) WARRANTY OR CONDITION, EXPRESS OR IMPLIED, WHETHER CONTAINED IN THE TERMS AND CONDITIONS HEREOF, ARISING PURSUANT TO A SUBSEQUENT AGREEMENT OF THE PARTIES HERETO OR BY OPERATION OF LAW, OR OTHERWISE, (ii) CONTRACT, (iii) NEGLIGENCE, OR (iv) OTHERWISE, SHALL BE THE PROVIDING BY SUTRA OF PROGRAMMING SERVICES TO CORRECT PROGRAM ERRORS OR, AT THE OPTION OF SUTRA, PROVIDING REPLACEMENT PROGRAMS.

10.4    <u>LIMITATION OF LIABILITY</u>. SUTRA SHALL NOT BE LIABLE FOR ANY SPECIAL, CONSEQUENTIAL OR INCIDENTAL DAMAGES OF ANY KIND WHATSOEVER, INCLUDING THOSE WHICH MAY ARISE OUT OF (i) WARRANTY OR CONDITION, EXPRESS OR IMPLIED, WHETHER CONTAINED IN THE TERMS AND CONDITIONS OF THIS AGREEMENT, ARISING PURSUANT TO A SUBSEQUENT AGREEMENT OF THE PARTIES HERETO OR BY OPERATION OF LAW, OR OTHERWISE, (ii) CONTRACT, (iii) NEGLIGENCE, OR (iv) OTHERWISE, INCLUDING BUT NOT BY WAY OF LIMITATION DAMAGES IN ANY WAY ARISING UNDER, PURSUANT TO, RELATED TO OR CONCERNED WITH ANY GOODS FURNISHED, SERVICES RENDERED OR THE FAILURE TO FURNISH GOODS OR RENDER SERVICES HEREUNDER.

SUTRA SHALL UNDER NO CIRCUMSTANCES BE LIABLE FOR FAILURE IN THE FIELD OF PERFORMANCE, NOR FOR THE OPERATIONAL PERFORMANCE OF THE ICELAND EQUIPMENT, NOR FOR ANY DELAY IN TRANSMISSION OR MUTILATION OF OUTPUT FROM AIRKIOSK DUE TO MALFUNCTION OF SERVICES PERFORMED BY THIRD PARTIES, AND ICELAND SHALL HOLD SUTRA FREE AND HARMLESS IN THIS RESPECT.

## ARTICLE 11 FORCE MAJEURE

Neither ICELAND nor SUTRA shall be liable or in default under this Agreement for any delay or failure to perform any of the obligations under this Agreement, other than failure to pay any amounts when due and owing hereunder, if such delay or failure is caused by force majeure, including but without limitation, acts of God, acts of public enemy, fire, explosion, acts of any government, unusually severe weather, civil strife, strikes, labour disputes whether or not involving either Party's employees, and because of delays of supplies due to any of the aforesaid causes. The Parties agree to resume full performance of this Agreement promptly upon removal of any force majeure cause or causes under this Article 11. In case a delay in the performance of services due to a cause mentioned above occurs, the duration of this Agreement shall be extended for the same period as the duration of such delay. This extension shall then be included in a separate Annex to this Agreement. If any such cause substantially delays ICELAND or SUTRA from performing its obligations hereunder for a period of one (1) month, the other Party hereto shall have the right to terminate this Agreement with immediate effect without default liability or need to judicial recourse and this shall be the sole remedy available; however, SUTRA shall be entitled to payment for services performed under this Agreement until the time of such termination. If by any force majeure cause or causes under this Article 11 SUTRA cannot render the services as agreed under this Agreement to ICELAND for a certain period, the obligation of ICELAND to pay charges to SUTRA shall be postponed for this same period.

## ARTICLE 12 SEPARATE ARRANGEMENTS

It is understood and agreed that the Parties hereto shall separately agree upon the terms and conditions applicable to:
a. Any special modification to the respective software or service of *AIRKIOSK* required by ICELAND, not covered under this Agreement.
b. Additional or special SUTRA assistance or services, requested by ICELAND and not covered under this Agreement.
c. Addition of service levels requested by ICELAND and not covered under this Agreement.

## ARTICLE 13 LEVEL OF SERVICES

**13.1**  THE SERVICE PROVISIONED TO ICELAND UNDER THIS AGREEMENT SUPPORTS IN NORMAL OPERATION UP TO 100 CONCURRENT USERS OF ICELAND DATA AND FUNCTIONS RESIDING ON THE SUTRA ASP SERVICE. INCREASED CONCURRENT USAGE MAY RESULT IN DEGRADATION OF SYSTEM PERFORMANCE, AND SUTRA MAY REQUIRE THAT ICELAND AGREE TO PROVISION FOR THE HIGHER USER UNDER SEPARATE ARRANGEMENT OR WRITTEN AMENDMENT TO THIS AGREEMENT, OR BE IN DEFAULT OF THIS AGREEMENT.

**13.2**  THE SERVICE PROVISIONED TO ICELAND UNDER THIS AGREEMENT SUPPORTS IN NORMAL OPERATION THE DATABASE AND PROCESSING REQUIREMENTS OF TRANSACTIONS CONSISTENT WITH THE NUMBER OF SEATS IN INVENTORY, AS DESCRIBED IN ARTICLE 2.3.C., AND WITH THE NUMBER OF "PEAK MONTH" REVENUE PASSENGERS BOARDED FOR THE SERVICE PERIOD IN EFFECT, AS DESCRIBED IN ARTICLE 5.2, PLUS 10%. SUTRA DOES NOT GUARANTEE THAT THE SERVICE WILL ADEQUATELY HANDLE HIGHER PROCESSING AND DATABASE REQUIREMENTS. IN THE EVENT OF USE BY ICELAND WHICH IS HIGHER THAN HEREIN PROVISIONED, SUTRA MAY REQUIRE THAT ICELAND AGREE TO PROVISION FOR THE HIGHER USE UNDER SEPARATE ARRANGEMENT OR WRITTEN AMENDMENT TO THIS AGREEMENT, OR BE IN DEFAULT OF THIS AGREEMENT.

**13.3**  EXCEPTING THE LIMITATIONS EXPRESSED ABOVE, SUTRA GUARANTEES THAT THE LEVEL OF SERVICES PROVIDED TO ICELAND AND THE PERFORMANCE OF AIRKIOSK SHALL BE OF THE SAME QUALITY AS GIVEN TO SUTRA'S OWN OFFICES. AIRKIOSK IS AVAILABLE 24 (TWENTY FOUR) HOURS PER DAY, 7 (SEVEN) DAYS PER WEEK, WITH THE EXCEPTION OF INTERRUPTIONS DUE TO EVENTS SUCH AS BUT NOT LIMITED TO MAINTENANCE AND ERROR RECOVERY.

## ARTICLE 14 CONTENTS OF THE AGREEMENT

**14.1**  This Agreement constitutes the entire Agreement between the Parties with respect to the subject covered hereunder and supersedes all previous proposals, oral or written, and all previous negotiations and other communications between the Parties with respect to the subject matter hereof.

**14.2**  This Agreement may be modified only by a written amendment to this Agreement, signed by duly authorised representatives of both Parties.
Both the Agreement and amendment then constitute the entire Agreement between the Parties.

## ARTICLE 15 ASSIGNMENT

ICELAND may not assign its rights and/or obligations hereunder to any company including any parent or subsidiary company of ICELAND, unless such assignment is agreed to beforehand in writing by SUTRA.

## ARTICLE 16 NOTICES

Any formal notice between the Parties with respect to this Agreement shall be deemed to be sufficiently given if sent by air mail, proper postage prepaid to the following addresses:

for ICELAND:
    Johannes Georgsson, Managing Director
    ICELAND EXPRESS ehf
    Sudurlandsbrant 24
    108 Reykjavik
    ICELAND

for SUTRA:  Novak Niketic, President
               SUTRA, INC.
               93 High Street
               Newburyport, MA 01950
               USA

Notices of termination shall be deemed delivered five days from the date of postage.

The Parties shall forthwith notify the other Party of any modification in the above addresses.

## ARTICLE 17 DISCLOSURE OF TERMS & CONDITIONS

The Parties both agree not to disclose, advertise or make known the terms and conditions of this Agreement without the other party's prior written consent, except to comply with accounting, financing or legal requirements.

## ARTICLE 18 WAIVER

No waiver of any breach of any provision of this Agreement shall constitute a waiver of any subsequent breach of the same or any other provisions hereof and no waiver shall be effective unless made in writing and signed by both Parties.

## ARTICLE 19 APPLICABLE LAW

19.1  This Agreement shall in all respects be construed, interpreted and be governed by the laws of the Commonwealth of Massachusetts and federal laws of the United States of America.

19.2  If any provision herein contained shall be found to be prohibited by any applicable law, such provision shall be ineffective to the extent of such prohibition without in any way affecting any other provision herein contained.

EXECUTED IN TWO ORIGINALS AND SIGNED

SUTRA, INC.                                         ICELAND EXPRESS ehf

_____                             _____
By Novak Niketic                                    By Johannes Georgsson
President                                           Managing Director

Date: _____                               Date: _____