# EXHIBIT E

July 10, 2003

Mr. Johannes Georgsson, Managing Director
ICELAND EXPRESS ehf
Sudurlandsbrant 24
108 Reykjavik
ICELAND

Subject: Iceland Express/AirKiosk System ASP Agreement

Dear Mr. Georgsson,

This letter concerns Iceland Express' breach of the subject Agreement with respect to its System Use, System Maintenance and Trade Secrets provisions. This letter constitutes notice of a performance default under Article 8.1 of the Agreement and is to be treated accordingly.

The breach involves an incident described in summary below. Because of the nature of the incident, and Iceland Express' responses during and after the incident, we are left to believe there may be other, similar incidents or breaches about which we are not yet aware.

Incident Summary

Iceland Express developed a software program to access the AirKiosk system (we call this the "intrusive program"). The intrusive program was developed by reverse engineering Sutra's Reservations Control (RC) interface provided for human RC agent use under specific terms and conditions accepted by the agent each time s/he signs in to this interface. The intrusive program accessed the AirKiosk system by mimicking a human agent, using AirKiosk system commands and one of Iceland Express' secure agent access codes. On June 26, 2003, Sutra's support staff detected the intrusive program. It was causing significant abnormalities in system activity and the wide-scale corruption of Iceland Express' PNR and inventory databases. Although Sutra support exchanges with Iceland Express detailed that a problem was being caused by an Iceland Express agent authorization, the owner of that authorization (also the author of the intrusive program), denied any knowledge of the intrusive program, even as he continued to request Sutra's assistance to repair the resulting corruption, and even after we disclosed that we knew the agent authorization was being used by a software program. Only when Sutra partially closed Iceland Express' access to the AirKiosk system, as a security measure, were we told by your manager Einar Valdimarsson that the intrusive program was developed and run at his instructions (which included that the entire operation be kept secret from Sutra) and that it was intended to download information from the AirKiosk system. While Iceland Express' board of directors asked Sutra to urgently repair the database damage, no other information or explanation about the intrusive program, even to the extent that it might assist Sutra in the repair, was offered by Iceland Express management.

Page 2 – Iceland Express chf, June 10, 2003

Sutra concentrated its efforts during the next days on repairing the database damage. Late last week, when this was completed, in email correspondence with Adalsteinn Magnusson, I said I would be writing a letter regarding our relationship (including this breach) and ways in which we could move forward positively. I then received an email from Mr. Magnusson on July 8 requesting the termination of your AirKiosk system service so that Iceland Express can move to an "alternative system."

Termination of your AirKiosk system service will be arranged, however this is not a cure for the breach which has occurred. Accordingly we request that Iceland Express:

- Send to us a list and description of all software programs Iceland Express has developed based on the AirKiosk system programs, or developed for access to the AirKiosk system programs, or both, including information as to the people or entities which have these programs.

- Send to us a list of any third parties which have been given AirKiosk system information, materials or access not authorized by our Agreement.

Once we have had an opportunity to review this information we will be better able to address what actions are necessary to cure the breach.

With regards,



Stephanie Niketic
Director

SUTRA, INC.
93 High Street
Newburyport, MA  01950
USA


cc:    Adalsteinn Magnusson
       Sigurður I. Halldórsson

# EXHIBIT F

1

Volume I
Pages 1 to 66
Exhibits: 1 - 6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - -x
                                :
SUTRA, INC.,                    :
            Plaintiff,          :
                                :
    vs.                         :   Civil Action No.
                                :   04-CV-11360 DPW
ICELAND EXPRESS EHF,            :
            Defendant.          :
                                :
- - - - - - - - - - - - - - - -x

    DEPOSITION OF GUNNAR KARL NIELSSON, a witness called on behalf of the Plaintiff, taken pursuant to Rule 30 of the Massachusetts Rules of Civil Procedure before Carol H. Kusinitz, Registered Professional Reporter and Notary Public in and for the Commonwealth of Massachusetts, at the Offices of Jonsson & Hall Law Firm, Sudurlandsbraut 4, 108 Reykjavik, Iceland, on Tuesday, April 10, 2007, commencing at 12:38 p.m.

PRESENT:

    Law Office of Brett N. Dorny (by Brett N. Dorny, Esq.) 386 West Main Street, Suite 12A, Northborough, MA 01532 for the Plaintiff.

    Keegan Werlin LLP (by Matthew P. Zayotti, Esq.) 265 Franklin Street, Boston, MA 02110-3113, for the Defendant.

* * * *

1   A.   Sorry.  When he or she opened up the
2   financial sort of -- the financial part of the
3   system or logged in as a financial person, he or she
4   could only see the created reports that were ready.
5   And there were just text saying, "Escrow report" or
6   "Escrow Rep.," or something like that, and just
7   hyperlinked for a string that created the report.
8   That was basically how it was done.  So there were
9   small reports that were already made.
10   Q.   So it would just appear on that screen for
11   the financial person who logged in?
12   A.   Yes.  Yes.  I also forgot, when I mentioned
13   this, when we started we had an airline fly for us
14   called Astraeus, and they had also access to the
15   system because of their insurance.  They needed to
16   know how many tickets we had sold.  So they had sort
17   of a financial access to the system to see how much
18   we had sold.  So they knew how many travels -- how
19   many tickets we had sold in advance and what they
20   needed to fulfill if something happened.
21   Q.   Now, at least with respect to the financial
22   reports, we talked about creating an escrow report.
23   Who created that escrow report and put it on that
24   interface for the financial person to see?

52

1   A.   We decided how it should look, what
2   information should be there, basically told Tommy
3   Wiberg how the parameters should look like, and he
4   created report.  Usually what we did when we worked
5   with Tommy was, we just drew what we wanted to see,
6   how the report should look like; and he sat in a
7   conference room for a day or two and, voila, it was
8   ready.
9   Q.   You say you drew it.  Where would you draw
10  it?
11  A.   On a back of a paper like this
12  (indicating).
13  Q.   And then did you keep those papers?
14  A.   No, we didn't.  So as you can hear, we were
15  doing it cowboy style.  We were aiming for going
16  towards a more professional way of working; we just
17  did this to sort of cover the basics that we needed.
18  Then we used this cowboy style of working.
19       But just in the months leading up to when I
20  was leaving, we started becoming more descriptive of
21  what we wanted, making the drawings, drawing
22  programs and describing more what functionality we
23  wanted to have.  We increased the testing phase and
24  so on.

# EXHIBIT G

1

Volume I
Pages 1 to 47
Exhibits: None

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - -x
                                :
SUTRA, INC.,                    :
        Plaintiff,              :
                                :
    vs.                         :  Civil Action No.
                                :  04-CV-11360 DPW
ICELAND EXPRESS EHF,            :
        Defendant.              :
                                :
- - - - - - - - - - - - - - - -x

    DEPOSITION OF OMAR ORN OLAFSSON, a witness called on behalf of the Plaintiff, taken pursuant to Rule 30 of the Massachusetts Rules of Civil Procedure before Carol H. Kusinitz, Registered Professional Reporter and Notary Public in and for the Commonwealth of Massachusetts, at the Offices of Jonsson & Hall Law Firm, Sudurlandsbraut 4, 108 Reykjavik, Iceland, on Wednesday, April 11, 2007, commencing at 10:13 a.m.

PRESENT:

    Law Office of Brett N. Dorny (by Brett N. Dorny, Esq.) 386 West Main Street, Suite 12A, Northborough, MA 01532 for the Plaintiff.

    Keegan Werlin LLP (by Matthew P. Zayotti, Esq.) 265 Franklin Street, Boston, MA 02110-3113, for the Defendant.

* * * *

DORIS O. WONG ASSOCIATES, INC.
(617) 426-2432 - Fax (617) 482-7813

1  and -- I mean, destinations and that kind of stuff.
2  Also finance, they have a look -- they take a look
3  at sales reports or -- yes.  Sales management too,
4  of course.
5      Q.  Now, you said there are several of the
6  functions that have the name of a lady who helped
7  create it.  Do you remember the name of that person?
8      A.  Bryndis.
9      Q.  Do you know who Bryndis was or is?
10     A.  If I remember correctly, it's Gunnar's
11 wife.  Gunnar was here yesterday.  She worked -- she
12 used to work in yield management.
13     Q.  And you said that some of those functions
14 have her name?
15     A.  Yes.
16     Q.  Are they functions that she created?
17     A.  I think this is something that came out of
18 her work, yes.  She created the ideas, yes, I think.
19 As a software, Thomas Wiberg did.
20     Q.  Now, are these reports or are these other
21 functions?
22     A.  Both, I think.  It has to do with managing
23 classes and prices for seats on the aircrafts.
24     Q.  And how does it help with managing classes

# EXHIBIT H



386 West Main Street, Suite 12A
Northborough, Massachusetts 01532
508-709-0501

*Brett N. Dorny*
*bndorny@dornylaw.com*

*508-709-0493 Direct*
*508-519-9185 Fax*

May 25, 2007

Matthew P. Zayotti, Esquire
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, Massachusetts 02110

  Re: Sutra, Inc. v. Iceland Express ehf
     Civil Action No. 04-11360-DPW

Dear Matt:

  Enclosed is the Opinion of Philip Green Regarding Damages. As I mentioned in my voicemail to you the other day, the technical experts needs two more weeks to complete his report. Since I did not hear back from you, I have assumed that is acceptable. If not, please let me know so that I can request the extension from the Court. Also, in accordance with the Protective Order, attached is the CV for the technical expert, Peter Nimerius of Simtuna Nybylund, 74083 Fjärdhundra, Sweden, who will receive confidential information.

            Very truly yours,

            Brett N. Dorny

Enclosures

*Specializing In Intellectual Property Law*