## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11360-DPW

|  |  |
|---|---|
| SUTRA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ICELAND EXPRESS, EHF, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT ICELAND EXPRESS, EHF'S
## [PROPOSED] REPLY TO SUTRA'S MEMORANDUM IN OPPOSITION TO
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Defendant Iceland Express, ehf hereby submits this Reply to Sutra's

Memorandum in Opposition to Defendant's Motion for Summary Judgment.

### BACKGROUND

In opposing the Defendant's Motion for Summary Judgment, Sutra argues that

"[a]ny delay in providing the expert report [of Peter Nimerius] was justified in view of

the delays caused by Iceland Express. Plaintiff's Memorandum, at 8. Additionally, Sutra

asserts that "[d]uring the depositions taken in April 2007, Iceland Express failed to

produce any representative familiar enough with the ticket.net system to testify as to its

content and operation." Id. Sutra complains that "[t]he witnesses further testified that at

[sic] emails existed which had not been produced." Id. Sutra also asserts that "[c]ontrary

to a response to a document request, the witnesses also admitted that Iceland Express had

possession of source code for the ticket.net system. Id. at 8-9. Accordingly, Sutra

contends, "Mr. Nimerius was hindered in preparing his report as the direct result of the

failure of Iceland Express to properly produce documents." Id. at 9. Finally, Sutra states that it advised Defendant that Mr. Nimerius's report "would be delayed due to Iceland Express's failure to produce documents" and "[c]ounsel for Iceland Express never express [sic] any objection to the delay." Id.

Additionally, Sutra asserts in its response to the Defendant's Statement of Undisputed Facts that "counsel for Sutra had discussed with counsel for Iceland Express the difficulties the technical expert was having with the report in view of the deficiencies of the responses of Iceland Express regarding operation of the ticket.net system." Id. at ¶ 59.

Finally, in its response to the Defendant's Statement of Undisputed Facts, Sutra asserts that "[w]hile the parties reached an agreement to migrate the data, the PNR data was migrated using a csv format which removed the formatting of the data present in the AirKiosk System." Sutra's Response to Defendant's Statement of Undisputed Facts, at ¶ 34.

## A.  ICELAND EXPRESS DID NOT HINDER NIMERIUS IN THE PREPARATION OF HIS REPORT AND SUTRA NEVER MADE ANY SUCH CLAIM UNTIL AFTER ICELAND EXPRESS FILED ITS MOTION FOR SUMMARY JUDGMENT

Iceland Express did not hinder Sutra's expert Peter Nimerius in the preparation of his report, and Sutra never made any such claim until after Iceland Express filed its Motion for Summary Judgment.

Sutra's disingenuously asserts that "Iceland Express failed to produce any representative familiar enough with the ticket.net system to testify as to its content and operation." This is simply untrue. Iceland Express produced its IT Manager, Mr. Omar Orn Olafsson for deposition who testified, in relevant part, that he is responsible for

"[e]verything that has to do with [Iceland Express's] computer system. . . . That goes for . . . both hardware and software, the office and everything that has to do with our customers, accessing our booking system and so on." Zayotti Affidavit, Exh. A, at 4. Further, Mr. Olafsson testified that he is "familiar" with and "know[s] very well about" the Ticket.net system used by Iceland Express and that it is "part of his daily job." Id. at 4-5, 40. Over the course of the deposition, there was not a single question regarding the functionality of the Ticket.net System that Mr. Olafsson was unable to answer. Id. at 1-45.

Moreover, any emails by and between Mr. Olafsson and Mr. Wiberg that Sutra complains were not produced could not possibly have assisted Nimerius in preparing his report concerning features of the AirKiosk System allegedly misappropriated by Iceland Express because Mr. Olafsson began his employment in February 2005, long after Iceland Express stopped using the AirKiosk System, and Mr. Olafsson has "never seen the system, this AirKiosk system. I don't know about it. I wouldn't know." Id. at 4, 40.

In addition, Iceland Express did not hinder Nimerius by failing to produce the Ticket.net source code as argued by Sutra. In that regard, Iceland Express correctly responded to a document request that it does not have possession, custody or control of the Ticket.net source code and, therefore, Iceland Express could not produce it. Although former Iceland Express employee Gunnar Karl Nielsson testified that the Ticket.net source code was on Iceland Express's servers at one time, Mr. Nielsson left his employment with Iceland Express well before Sutra made its request. At the time of Sutra's request, the Ticket.net source code was no longer on Iceland Express's server. As such, Sutra cannot be heard to complain, especially in light of its failure to join as a

defendant in this case Tommy Wiberg – the individual who developed the Ticket.net

System and who Sutra claims incorporated its alleged trade secrets into Ticket.net.

Moreover, as more fully argued in Iceland Express's Opposition to Sutra's

Motion to Compel, the Ticket.net source code is not relevant to Nimerius's analysis as

indicated by Sutra's objection to producing the source code for the AirKiosk System:

> Plaintiff objects to this request as being irrelevant, overly
> broad, unduly burdensome, and unlikely to lead to
> admissible evidence.  Iceland Express only had access to
> the AirKiosk System from January to July 2003.  The
> AirKiosk Systems for all other time periods, both before
> and after, including all changes and modifications, is
> irrelevant.  Furthermore, Iceland Express never had access
> to the source code or documents relating to the source code.

Finally, Sutra never indicated prior to Iceland Express's Motion for Summary

Judgment that the delay in completing the Nimerius report had anything to do with any

alleged failure on the part of Iceland Express to respond to discovery.  Indeed, in his

letter to counsel for Iceland Express dated May 25, 2007, Sutra's counsel stated that "the

technical expert needs two more weeks to complete his report.  Since I did not hear back

from you, I have assumed that this is acceptable.  If not, please let me know so that I can

request the extension from the Court.  Dorny Affidavit, Exh. H.  Notably, Dorny did not

state in his letter, nor did he ever state to counsel for Iceland Express during any

discussions, that the delay in completing the Nimerius report was due to any failure on

the part of Iceland Express.  Zayotti Affidavit, at ¶ 4.  Indeed, Sutra's counsel did not

even request a discovery conference until June 7, 2007, after the expiration of the

requested two-week extension, and yet he still did not suggest that the requested

discovery materials were needed for his expert to complete his report.  Id., Exh. B.

During a discovery conference between the parties on June 20, 2007, counsel for Iceland

Express specifically stated to Sutra's counsel that Sutra's failure to timely make expert

witness disclosures was a "major problem," or words to that effect, in light of the very

late stage of the litigation. Id. at ¶ 5. Nevertheless, counsel for Sutra never requested any

further extension. Id.

**B.      THE SUMMARY JUDGMENT RECORD DOES NOT SUPPORT
          SUTRA'S CONTENTION THAT THE PNR DATA WAS MIGRATED TO
          ICELAND EXPRESS IN "CSV FORMAT WHICH REMOVED THE
          FORMATTING OF THE DATA PRESENT IN THE AIRKIOSK SYSTEM
          AS ASSERTED BY SUTRA**

Finally, although Sutra asserts that "the PNR data was migrated using a csv

format which removed the formatting of the data present in the AirKiosk System,"

Sutra's Response to Defendant's Statement of Undisputed Facts, at ¶ 34, the deposition

testimony cited by Sutra simply does not support this assertion.

## CONCLUSION

WHEREFORE, based upon the foregoing additional points the Defendant Iceland

Express, ehf respectfully requests that this Honorable Court grant its Motion for

Summary Judgment.

ICELAND EXPRESS, EHF

By its attorneys,

Richard Kirby, BBO# 273600
Matthew P. Zayotti, BBO# 638265
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts  02110-3113
(617) 951-1400

Dated:  September 25, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on *September 25, 2007* .

*Matthew Lazzetti* .